UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL-<br>GOLDEN TRIANGLE, BAPTIST<br>MEMORIAL HOSPITAL-ST. JOSEPH<br>HOSPITAL, AND BAPTIST MEMORIAL<br>HOSPITAL-DESOTO HOSPITAL<br><br>           Plaintiffs,<br><br>      v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of Health and Human Services,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:06CV01413 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER**

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiffs Baptist Memorial Hospital-Golden Triangle, Baptist Memorial Hospital-St. Joseph, and Baptist Memorial Hospital-DeSoto Hospital (collectively "the hospitals")'s Amended Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Complaint") as follows:

FIRST DEFENSE

This Court lacks subject matter jurisdiction over the underlying merits in this case.

SECOND DEFENSE

Using the same numbered paragraphs as the Amended Complaint, Defendant answers as follows:

1. The first sentence of this paragraph contains Plaintiffs' characterization of this action, to which no response is required. The second sentence contains conclusions of law, not allegations of fact, to which no response is required.

2. This paragraph contains Plaintiffs' characterization of this action and of Title XVIII of the Social Security Act, as amended (42 U.S.C. § 1395 et. seq.), and conclusions of law, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

3. This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1395oo(f) and 28 U.S.C. §§ 1331, 1391(e), 2201-2201, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

4. Denies the first sentence of this paragraph, except to admit that during the period relevant to this action, Plaintiff Baptist Memorial Hospital-Golden Triangle ("BMH Golden Triangle") was one of a group of Medicare certified acute care hospitals that were owned by the Baptist Memorial Health Care Corporation, which was located in Memphis, Tennessee. Denies the second sentence, except to admit that BMH Golden Triangle participated in the Medicare program and accordingly was subject to the Provider Reimbursement Review Board ("PRRB")'s orders and instructions, as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions.

5. Denies the first sentence of this paragraph, except to admit that during the period relevant to this action, Plaintiff Baptist Memorial Hospital-St. Joseph Hospital ("BMH St. Joseph") was one of a group of Medicare certified acute care hospitals that were owned by the Baptist Memorial Health Care Corporation, which was located in Memphis, Tennessee. Denies the second sentence, except to admit that BMH St. Joseph participated in the Medicare program and accordingly was subject to the PRRB's orders and instructions, as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions.

6. Denies the first sentence of this paragraph, except to admit that during the period relevant to this action, Plaintiff Baptist Memorial Hospital-DeSoto ("BMH DeSoto") was one of a group of Medicare certified acute care hospitals that were owned by the Baptist Memorial Health Care Corporation, which was located in Memphis, Tennessee. Denies the sentence, except to admit that BMH DeSoto participated in the Medicare program and accordingly was subject to the PRRB's orders and instructions, as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions.

7. This paragraph contains Plaintiffs' description of their Complaint, not allegations of fact, to which no response is required.

8. Denies this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for the administration of the Medicare program, and that he has delegated considerable authority for administration of the Medicare program to the Administrator of the

Centers for Medicare and Medicaid Services ("CMS") (formerly the Health Care Financing Administration ("HCFA")).

    9. Admits the first sentence of this paragraph. Denies the second sentence, except to admit that, during the periods at issue in this case, a hospital with a Medicare provider agreement could be reimbursed for some of the costs it incurred in furnishing certain services to eligible Medicare beneficiaries, subject to conditions of participation and other requirements established by the Secretary.

    10. The first and second sentences of this paragraph contain Plaintiffs' characterization of 42 U.S.C. § 1395h, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Admits the third sentence.

    11. This paragraph contains Plaintiffs' characterization of 42 U.S.C. § 1395oo(a), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

    12. This paragraph contains Plaintiffs' characterization of 42 C.F.R. § 405.1867, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speak for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

    13. Admits.

14. Denies, except to admit that the PRRB's Instructions were not promulgated via notice and comment rulemaking procedures, and that the Instructions interpret various statutory and regulatory provisions and are intended to put the provider community on notice of, among other things, the jurisdiction, practice, and procedure of the PRRB.

15. This paragraph contains an excerpt from and Plaintiffs' characterization of 42 C.F.R. § 405.1841(a), not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

16. This paragraph contains an excerpt from and Plaintiffs' characterization of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

17. This paragraph contains conclusions of law and Plaintiffs' characterization of 42 U.S.C. § 1395oo(b) and 42 C.F.R. § 405.1837, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

18. This paragraph contains an excerpt from and Plaintiffs' characterization of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which

speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

19. Admits the first sentence of this paragraph. Denies the second and third sentences.

20-21. These paragraphs contain conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

22-23. These paragraphs contain conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1395ww(d), and 42 C.F.R. Part 412, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

24. The first, second, and fourth sentences of this paragraph contain an excerpt from and Plaintiffs' characterization of 51 Fed. Reg. 16,772 (1986), as codified at 42 C.F.R. § 412.106, not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the third sentence.

25. This paragraph contains Plaintiffs' characterization of decided cases regarding Medicare DSH payments, to which no response is required. The Secretary denies any characterization of these decisions, and respectfully refers the Court to the cited cases for a full and accurate statement of their contents.

26-29. These paragraphs contain conclusions of law and excerpts from and Plaintiffs' characterization of HCFA Ruling 97-2, not allegations of fact, to which no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

30. The first sentence of this paragraph contains an excerpt from HCFA Ruling 97-2, not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. The second, third, fourth, and fifth sentences contain Plaintiffs' characterization of 42 C.F.R. § 405.1885(b) and the decision in Monmouth Medical Center v. Thompson, 257 F. 3d 807 (D.C. Cir. 2001), to which no response is required. The Secretary denies any characterization and respectfully refers the Court to these authorities for a full and accurate statement of their contents.

31. This paragraph contains an excerpt from and Plaintiffs' characterizations of the decision in Leavitt v. Baystate Health Systems, 414 F. 3d 7 (D.C. Cir. 2005). The Secretary denies that the excerpt is accurate, denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the decision for a complete and accurate statement of its contents.

32. This paragraph contains an excerpt from and Plaintiffs' characterization of 42 U.S.C. § 1395ww(d)(5)(D)(vi)(I), not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited

provision, which speaks for itself, and respectfully refers the Court to the provision for a complete and accurate statement of its contents.

33.   Denies, except to admit that the Secretary uses inpatient hospital stay records and supplemental security income ("SSI") entitlement data to determine the SSI fraction, that this information is communicated to providers and the Medicare fiscal intermediary, and that Medicare fiscal intermediaries use this and other information to determine the final amount of Medicare DSH payment to which providers are entitled.

34.   This paragraph contains Plaintiffs' characterization of the decision in <u>Baystate Hospital v. Mutual of Omaha Ins. Co.</u>, PRRB Case No. 2006-D-20 (PRRB Dec. Mar. 17, 2006), *modified* (CMS Admr. Dec. May 11, 2006), to which no response is required.  The Secretary denies any characterization of the decision, and respectfully refers the Court to the decision for a complete and accurate statement of its contents.

35.   This paragraph contains an excerpt from and Plaintiffs' characterization of the PRRB's Instructions, not allegations of fact, to which no response is required.  The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

36.   Denies the first sentence of this paragraph.  The second sentence contains Plaintiffs' characterization of the decision in <u>St. Joseph's Hosp. v. Leavitt</u>, 425 F.Supp.2d 94 (D.D.C. 2006), to which no response is required.  The Secretary denies any characterization of the decision, and respectfully refers the Court to the decision for a complete and accurate statement of its contents. The third sentence contains Plaintiffs' characterizations of various PRRB decisions, to which no

response is required.  The Secretary denies any characterization of the decisions, and respectfully refers the Court to the decisions for a complete and accurate statement of their contents.

37.  Denies the allegations of this paragraph and the accompanying footnote.

38.  This paragraph contains Plaintiffs' characterization of the PRRB's July 30, 2003 decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the decision, for a full and accurate statement of its contents.  (See Certified Administrative Record ("A.R.") 419).

39.  Denies the allegations contained in the text of this paragraph.  Responding to the allegations contained in the footnote to this paragraph, the Secretary avers that that footnote contains an except from and Plaintiffs' characterization of CMS Program Memorandum A-99-62, to which no response is required.  The Secretary admits that the excerpt is accurate, but denies any characterization of the Program Memorandum and respectfully refers the Court to the Program Memorandum for a full and accurate statement of its contents.

40.  Denies.

41.  This paragraph contains Plaintiffs' characterization of the PRRB's March 14, 2006 decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the decision, for a full and accurate statement of its contents.  (See A.R. 13-16, 167-170).

42.  This paragraph contains Plaintiffs' characterization of the PRRB's June 14, 2006 decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the

text of the decision, for a full and accurate statement of its contents. (See A.R. 89-91).

43. This paragraph contains Plaintiffs' characterization of the BMH St. Joseph's July 18, 2006 letter to the PRRB, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of the letter, for a full and accurate statement of its contents. (See A.R. 48-49).

44. This paragraph contains excerpts from and Plaintiffs' characterization of the PRRB's September 5, 2006 decision, not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents (See A.R. 5-7, 51-53).

45. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 44 of the Amended Complaint, as if each answer were set forth in full.

46-47. These paragraphs contain conclusions of law, not allegations of fact, to which no response is required.

48. This paragraph contains Plaintiffs' characterization of a section of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

49. Denies.

50. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 49 of the Amended Complaint, as if each answer were set forth in full.

51-52. These paragraphs contains conclusions of law, not allegations of fact, to which no

response is required.

53. This paragraph contains conclusions of law and Plaintiffs' characterization of <u>Bowen v. Michigan Academy of Family Physicians</u>, 476 U.S. 667, 670 (1986), not allegations of fact, to which no response is required. The Secretary respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.

54. Denies.

The remaining portions of the Amended Complaint contain Plaintiffs' prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Amended Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiffs' Amended Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing Plaintiffs' Amended Complaint, with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary will file shortly hereafter a certified copy of the record of the administrative proceedings in this case.

Respectfully submitted,

_____/ s /_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/ s /_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5344
Washington, D.C. 20201
(202) 205-8703/FAX: (202) 401-1405

Counsel for the Secretary