IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL-GOLDEN TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST. JOSEPH HOSPITAL, AND BAPTIST MEMORIAL HOSPITAL-DESOTO HOSPITAL 350 N. HUMPHREY'S BLVD. MEMPHIS, TN 38120 | CIVIL ACTION NO.1:06CV01413 Hon. Colleen Kollar-Kotelly |
| Plaintiffs, | |
| VS. | ORAL HEARING REQUESTED |
| MICHAEL O. LEAVITT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | |
| Defendant. | |

**MOTION TO AMEND SCHEDULING ORDER AND PERMIT DISCOVERY**

Plaintiffs Baptist Memorial Hospital – Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – Desoto Hospital (collectively, the "Hospitals"), by their attorneys Honigman Miller Schwartz and Cohn LLP, respectfully request that this Court modify its scheduling order pursuant to Local Rule 16.4, and permit the Hospitals to engage immediately in limited discovery, as explained in the attached Memorandum. In support of their Motion, the Hospitals rely on the facts and authorities in the attached Memorandum. In a telephone conversation on February 20, 2007, Counsel for the Plaintiffs discussed the filing of this Motion with Counsel for the Defendant, Jonathan Brumer, in a good faith effort to determine whether there was any opposition to the relief sought and to narrow any areas of disagreement.

The Defendant does not consent to the relief sought hereby, and the parties were not able to narrow the areas of disagreement.

**WHEREFORE**, the Hospitals respectfully request that this Court permit them to engage in limited discovery and revise the briefing schedule to permit sufficient time in which to complete said discovery. A proposed Order is attached as Exhibit 3 to Plaintiffs' Memorandum.

By: Kenneth R. Marcus
Kenneth R. Marcus (DC Bar No MI 0016)
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Phone: 313 465 7470
Fax: 313 465 7471
kmarcus@honigman.com

and

ALDERMAN & DEVORSETZ, PLLC

/s/ Leslie D. Alderman III
1025 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@a-dlaw.com

COUNSEL FOR PLAINTIFFS

Date: February 21, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL-GOLDEN
TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST.
JOSEPH HOSPITAL, AND BAPTIST MEMORIAL
HOSPITAL-DESOTO HOSPITAL
350 N. HUMPHREY'S BLVD.
MEMPHIS, TN 38120                            CIVIL ACTION NO. 1:06CV01413
                                             Hon. Colleen Kollar-Kotelly
       Plaintiffs,

VS.                                          ORAL HEARING REQUESTED

MICHAEL O. LEAVITT, IN HIS
OFFICIAL CAPACITY AS SECRETARY
OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

       Defendant.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND PERMIT DISCOVERY**

## I.   INTRODUCTION

The central issue before this Court is whether Plaintiffs Baptist Memorial Hospital – Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – DeSoto (collectively, the "Hospitals") should be allowed to add issues to their respective individual appeal pending before the Medicare Provider Reimbursement Review Board ("PRRB"), as expressly permitted by the Medicare regulations at 42 C.F.R. § 405.1841(a), and by the PRRB's Instructions, which purportedly contain the policies and practices of the PRRB in administering reimbursement appeals.  Although there is no published authority to the contrary, the PRRB has denied the Hospitals the right to add an issue to their respective individual appeals.

The Hospitals seek to engage in limited discovery in this administrative appeal from a final jurisdictional decision of the PRRB.  The PRRB did not conduct a hearing and did not provide an opportunity for a briefing regarding the jurisdictional issue.  Rather, the decision of the PRRB consists of two brief, conclusory letters.  Moreover, the decision of the PRRB violates the Medicare regulation at 42 C.F.R. § 405.1841(a) and the clear written policy and procedure of the PRRB as reflected in its own Instructions.  Against that background, a thorough and searching review of the PRRB's actions must include review of the PRRB's internal policies and procedures, including those the PRRB developed through its jurisdictional decisions that governed the PRRB's actions in this case.

The Defendant Secretary of Health and Human Services (the "Secretary") must acknowledge that the PRRB as a routine practice does not publish internal polices or its jurisdictional decisions applying its own policies.  The Hospitals, therefore, cannot obtain this relevant information for use in this case without court-ordered discovery, and are at a distinct

disadvantage in satisfying the applicable standard of judicial review that the decision of the PRRB was arbitrary and capricious, an abuse of discretion, or not in accordance with the law. The Hospitals are further disadvantaged because the Secretary has access to and is likely to rely on the very information the Hospitals seek through discovery. Further, legal counsel for the Secretary has an unfettered ability to proffer to the Court post hoc rationalizations for the decision of the PRRB. Likewise, discovery is also appropriate here because the administrative record assembled in this case does not allow for adequate judicial review. Accordingly, this Court should allow the Hospitals to engage in limited discovery and should modify its scheduling order accordingly.

The concept of secret law is epitomized by the Roman Emperor Caligula, who posted laws high atop building columns to prevent ordinary citizens from reading them. The Hospitals respectfully submit that to deny the limited discovery the Hospitals reasonably seek would be to authorize the PRRB to engage in such secret law, which is antithetical to fundamental notions of due process.

## II.  PERTINENT FACTS

The Hospitals' Amended Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Hospitals' Amended Complaint") provides the full background of facts upon which this Motion is based. The following facts provide the factual context pertinent to the relief requested in this Motion.

### A.  THE PARTIES (AND OTHER RELEVANT ENTITIES)

Plaintiffs Baptist Memorial Hospital-Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – Desoto, are acute care inpatient hospitals located in Columbia, Mississippi, Memphis Tennessee, and South Haven, Mississippi,

respectively. The Hospitals are each organized as nonprofit corporations exempt from federal income taxation as charitable organizations. The Hospitals, during the relevant period, were each certified as a "provider of services" participating in the Medicare program within the meaning of 42 U.S.C. § 1395x(u).

Defendant, Michael O. Leavitt, is the current Secretary of the Department of Health and Human Services (hereinafter referred to as the "Secretary"). The Secretary, or his predecessors in office, is the federal officer responsible for the administration of the Medicare Program pursuant to the Medicare Act. The Secretary has delegated administration of the Medicare Program to the Centers for Medicare and Medicaid Services ("CMS").

CMS, through fiscal intermediaries, pays providers participating in the Medicare Program for covered services rendered to Medicare beneficiaries. 42 U.S.C. § 1395h. The amount of payment owing to a provider for services furnished to Medicare beneficiaries is determined by the fiscal intermediary acting as an agent of the Defendant Secretary. 42 U.S.C. § 1395h. The fiscal intermediary that acted on behalf of the Secretary with respect to the Hospitals was Blue Cross Blue Shield Association and its subcontractor, Riverbend Government Benefits Administrator, collectively referred to herein as the "Intermediary."

**B.    PROCEDURAL BACKGROUND**

A provider may appeal the Secretary's final determination of total program reimbursement to the PRRB pursuant to 42 U.S.C. § 1395oo(a)(1)(A)(2) if the provider "is dissatisfied with a final determination of the Secretary as to the amount of the payment under subsection (b) or (d) of section 1886" of the Medicare Act. The PRRB has jurisdiction over appeals from the Secretary's determinations if the provider is dissatisfied with the Secretary's final determination, the amount in controversy is equal to $10,000 or more, and the provider requests a hearing within 180 days after notice of the Secretary's determination. 42 U.S.C.

4

§1395oo(a). Two or more hospitals have the right to pursue a group appeal if the amount in controversy is $50,000 or more. *Id*. §1395oo(b).

The appeals at issue in this case relate to the disproportionate share hospital ("DSH") Adjustment. The DSH Adjustment is available to qualifying hospitals paid under the Medicare Prospective Payment system that serve a disproportionate share of low-income patients. *See* 42 U.S.C. § 1395WW(D)(5)(F).

The DSH Adjustment consists of a number of components. One such component is whether the Intermediary included all Medicaid eligible days in computing the DSH adjustment. On February 27, 1997, CMS issued CMS Ruling 97-2, which required the Intermediary to include all Medicaid eligible days in the DSH computation, whether or not Medicaid payment in fact had been made for all such days. Dissatisfied with their DSH Adjustment for the fiscal year ending December 10, 1998, the Hospitals transferred their respective DSH adjustment appeal from their respective pending individual appeals to a group appeal (Case No. 02-1735G). The group appeal included only the DSH component issue of whether the Intermediary included all Medicaid eligible days in computing the DSH Adjustment, as required by CMS Ruling 97-2.

Another DSH Adjustment component is whether the proper Social Security Income Percentage ("SSI%") was used. Baptist Memorial Hospital – St. Joseph Hospital also transferred to group appeal Case No. 02-1735G from its individual appeal the issue of whether the SSI% used to compute its DSH Adjustment was accurate. All of the Hospitals' respective individual appeals remained pending before the PRRB.[1]

---

[1] In fact, the transfer of the individual appeal to the group appeal for Baptist Memorial Hospital-DeSoto was never perfected and the PRRB clearly continues to have jurisdiction over that individual appeal.

5

On July 30, 2003, the PRRB dismissed group appeal Case No. 02-1735G because the providers had not complied with the PRRB's due dates. Accordingly, in January 2005, the Hospitals, along with several other providers with whom the Hospitals were under common ownership and control, added to their pending individual appeals the issue of whether the Intermediary had properly computed the DSH Adjustment to include the various required components. This action was authorized by the Medicare regulations, which, in pertinent part, provide:

> Prior to the commencement of the hearing proceedings, the provider may identify in writing additional aspects of the intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support thereof. 42 C.F.R. § 405.1841(a).

The Hospitals' action was also authorized by the PRRB's Instructions, which provide:

> **In an individual appeal, you may add issues to the appeal prior to the commencement of the hearing.** You must identify the issues in writing and simultaneously furnish any supporting documentary evidence. (See Part I, B., II., a. Hearing Request for Individual Appeals.) The issues must be from the final determination(s) that is (are) the subject of your hearing request. (See Section C.VI. "Adding of Issues to Individual Appeals and/or Transfer of Issue to Group.")

On January 23, 2004, the Hospitals, along with several other providers with whom the Hospitals were under common ownership and control, established a group appeal entitled "BMHCC 98 Medicare DSH Medicaid Proxy," Case No. 04-0554G, to appeal a number of components of their DSH Adjustment for the fiscal year ending December 10, 1998, including Medicaid eligible days, "waiver" days, "Medi-Medi" days, "general assistance" days and the application of the "hold harmless" provision of CMS Program Memorandum A-99-62. By letter dated March 14, 2006, the PRRB issued a decision declining to assert jurisdiction over the Hospitals' appeal solely because the PRRB previously had dismissed Case No. 02-1735G. By

6

letter dated June 14, 2006, the PRRB declined to reconsider its jurisdiction decision. *See* Exhibit 1 to the Amended Complaint.

By letter dated July 18, 2006, Baptist Memorial Hospital – St. Joseph Hospital, requested that its appeal relating to the Medicaid Low Income Proxy be transferred to its individual appeal, Case No. 03-3359. By letter dated September 5, 2006, the PRRB notified Baptist Memorial Hospital – St. Joseph Hospital that the PRRB declined to assert jurisdiction over the appeal relating to the Medicaid Low Income Proxy. Exhibit 2 to the Amended Complaint. As indicated by the PRRB's somewhat ill-tempered statement, the PRRB stated that its decision was final and subject to appeal:

> The Provider is directed to stop wasting the Board's time with its multiple requests to add or transfer these issues to any appeal for this fiscal year end. This is the Board's **final decision** regarding these issues for this Provider for this fiscal year end. No further requests will be considered. If any such requests are filed in the future, they will be summarily dismissed. If the Provider is dissatisfied with the decision, its recourse is appeal.

**(Emphasis in the Original)**

**Thus, the PRRB denied the Hospitals the right to add to their respective pending individual appeals several of the DSH Adjustment components that had never been included in any of the group appeals, as well as the DSH Adjustment component that had been included in the terminated group appeal.**

On August 9, 2006, the Hospitals filed a Complaint for judicial review of the PRRB's decision disallowing the Hospitals to add the DSH Adjustment issue to their respective individual appeals (and thereafter transfer the issue to a group appeal). On October 10, 2006, the Hospitals filed the Amended Complaint.

On January 2, 2007, the Court ordered the parties to complete a "proposed schedule indicating how the case should proceed." (Docket No. 12.) As part of their proposed schedule, the Hospitals allotted time in which to conduct discovery. Given the ministerial task of completing a proposed schedule and the early stage in the proceedings, the Hospitals had not served a discovery request on the Secretary or requested that this Court grant the Hospitals the right to conduct discovery. Moreover, it was inappropriate in that document to include any discussion regarding the type of discovery that the Hospitals sought to conduct and the basis for such request.

The Secretary's proposed schedule requested that no discovery be allowed.

On January 26, without the benefit of any briefing or argument regarding the propriety of discovery in this case, this Court issued a Minute Order, stating:

> The Court shall DENY Plaintiff's request for discovery in this action, which is governed by the Administrative Procedure Act ("APA"), as review under the APA is limited to the administrative record, except when there has been a strong showing of bad faith or improper behavior or where the record is so bare that it prevents effective judicial review. Plaintiff has not demonstrated that either of the exceptions would apply in this case. *See* Minute Order (internal citations and quotation marks omitted).

Because discovery is crucial to complete review of the propriety of PRRB's decision, the Hospitals file this Motion requesting that this Court amend its scheduling order to permit discovery. The Hospitals seek only to conduct limited discovery, by way of Depositions *Duces Tecum*, and Requests for Production of Documents, to a few highly relevant topics. Specifically, the Hospitals seek discovery related to obtaining documents and information related to the policies and practices of the PRRB in: (1) determining which issues should/must be included in a group appeal versus those that should/must be included in an individual appeal; (2) reinstating or failing to reinstate claims that were dismissed for failure to file a position paper in a timely

8

matter; and (3) allowing or refusing to allow issues to be added to individual appeals, including where an issue was dismissed from a group appeal for failing to file a position paper in a timely manner.  A copy of the discovery requests the Hospitals anticipate serving on the Secretary is attached as Exhibit 1.  As this information is undeniably relevant to the issues involved in this case and is not subject to the general bar against discovery in an administrative appeal, this Court should modify its scheduling order to permit the Hospitals to conduct such limited discovery.

### III.   DISCUSSION

**A.   DISCOVERY IS APPROPRIATE BECAUSE THE PRRB FAILED TO ADEQUATELY EXPLAIN ITS DECISION**

Judicial review of agency actions under the Social Security Act, 42 U.S.C. §§ 1395 et seq., is governed by the Administrative Procedures Act.  As this Court stated in its Minute Order, review of an agency's decision is generally confined to the administrative record to determine whether the agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2); *see* Minute Order (citing *Envtl. Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981); *Comm. Drapery Contractors, Inc. v. United States*, 133 F.3d 1 (D.C. Cir. 1998)).  As the cases cited by this Court recognize, however, the general rule against conducting discovery in an administrative appeal is far from absolute.  Indeed, *Environmental Defense Fund* and *Commercial Drapery* recognize that supplementation of the administrative record is appropriate where there "was such a failure to explain [the] administrative action as to frustrate effective judicial review" or where there has been "a strong showing of bad faith or improper behavior. . . ."  *See id.*  Moreover, in stark contrast to the party seeking discovery in *Commercial Drapery*, the Hospitals in the instant case were denied discovery before requesting it and being given the opportunity to demonstrate the validity of their request.

9

Here, the administrative record as it exists prevents this Court from adequately reviewing the PRRB's decision.  Nowhere in the record does the PRRB explain adequately the basis for not allowing the Hospitals to add the DSH Adjustment issue to their respective individual appeal or, for that matter, reconcile its decision with the Medicare regulations or the clear guidance of the PRRB's Instructions authorizing this very behavior.  *See* 42 C.F.R. § 405.1841(a); Instructions (available at http://www.cms.hhs.gov/PRRBReview/02_Instructions.asp#aspTopOfPage, at Part I(C)(VI), p.10) ("In an individual appeal, you may add issues to the appeal prior to the commencement of the hearing.").

An issue appealed as part of a group appeal may be an issue that was included among the issues the provider originally appealed in its individual appeal or it may be added to a pending appeal and then transferred to a group appeal.  **Notably, the PRRB has cited to no published authority for the proposition that the transfer of an issue to a group appeal deprives the provider of the right to add other issues to the individual appeal.**  Also, even assuming that an issue dismissed from a group appeal cannot be added to an individual appeal, a proposition for which the PRRB cited no authority, the Hospitals also sought to add to their individual appeals certain DSH component issues, which arguably were not included as part of the group appeal the PRRB dismissed.  *See* Amended Complaint, at ¶ 39.  The PRRB, however, without citation of authority justifying its position, summarily declined to exercise jurisdiction over the DSH Adjustment issues in the Hospitals' individual appeals.  In fact, nowhere in the administrative record is an adequate, reasoned explanation afforded for the PRRB's decision.  Accordingly, extrinsic discovery is necessary to "ascertain[] whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds for its decision."  *Envtl. Defense Fund, Inc.*, 657 F.2d at 285.

**B.    DISCOVERY IS NECESSARY TO ACCESS THE PRECEDENTS AND/OR POLICIES AND PRACTICES UPON WHICH THE PRRB'S DECISION WAS BASED**

Additionally, discovery related to the PRRB's jurisdictional decisions in similar matters and/or internal policies and practices, is particularly important here, where these materials are not otherwise publicly available.  Consequently, without court-ordered discovery, the Hospitals will be deprived of the ability to challenge adequately the decision of the PRRB.  Nothing contained in the United States Code, the Code of Federal Regulations, the PRRB's Instructions or the PRRB's published jurisdictional decisions prohibit the Hospitals from doing what they attempted to accomplish here, i.e., add an issue to a pending individual appeal that was previously dismissed in a group appeal for failure to file a position paper.  Against that background, the Hospitals are left to assume that either the PRRB has adopted some internal policy regarding how situations like this one should be handled or such a policy or practice has developed through the PRRB's jurisdictional decisions.  Either way, the Hospitals should be afforded the opportunity to explore these internal policies and review any related information and documents to determine whether such a policy is a valid interpretation and whether the PRRB's is consistently applying its interpretation to the appeals it administers.

Because the PRRB does not publish its jurisdictional decisions or internal policies, however, the Hospitals are deprived of the opportunity to determine whether the PRRB acted consistent or inconsistent with past precedent or its own polices in this case.  Indeed, the Hospitals have located one court decision that has allowed discovery of the PRRB's unpublished jurisdictional decisions.  *See Scenic Gen. Hosp. v. Shalala*, No. CV F-94-5333, (D. Cal. Dec. 14, 1994), attached as Exhibit 2 (order denying, in part, defendant's motion for protective order, and allowing discovery regarding the jurisdictional issues).

Of course, to the extent that the PRRB has not consistently applied its own relevant precedent or policy, it has acted arbitrarily and capriciously. *See Nat'l Fed. of Fed. Employees v. FLRA*, 412 F.3d 119 (D.C. Cir. 2005) (agency acts arbitrarily and capriciously in ignoring its own relevant precedent); *Schucker v. FDIC*, 401 F.3d 1347, 1354 ((Fed. Cir. 2005); (sum); *New York Cross Harbor Railroad v. Surface Transportation Board¸* 374 F.3d 1177, 1183 (D.C. Cir. 2004) (failure of agency to explain its reasoning for ignoring factors it previously considered controlling was arbitrary and capricious).

The Hospitals are in possession of anecdotal evidence of certain unpublished PRRB jurisdictional decisions relevant to the issues presented by the instant case exists. This evidence suggests that there are other unpublished PRRB decisions to which the Hospitals should have access through discovery.

For example, on June 10, 2005 the PRRB reinstated an appeal that previously had been dismissed due to the failure of the provider to file its final position paper. *Providence Hospital*, PRRB Case. No. 04-2168. (Exhibit 3). The PRRB issued a similar decision on July 26, 2006. *Upstate Carolina Medical Center*, PRRB Case No. 06-0559. (Exhibit 4). The Providers in the instant case were granted no such relief. That the PRRB took different action in two cases presenting identical facts underscores the legitimacy of the Hospitals' need to conduct discovery.

On February 14, 2003, the PRRB issued a decision denying a hospital's request to transfer its appeal of the DSH Adjustment SSI% component to a group appeal, stating in pertinent part as follows:

> The underlying data in determining Medicare SSI% varies from provider to provider and is unique to a specific provider based on their data, thus, this issue is not suitable for a group appeal.

*Harborview Medical Center,* PRRB Case No. 97-0945.    (Exhibit 5).   In the instant case, therefore, it is not clear whether the PRRB granted, or indeed should have granted, the request of

12

Baptist Memorial Hospital – St. Joseph Hospital to transfer its appeal of the DSH Adjustment SSI% component to a group appeal.

Similarly, on February 16, 2007, in an unrecorded proceeding in a separate Group Appeal involving the Plaintiffs' reimbursement consultant, the Board – through Chairperson Suzanne Cochran and Boardmember Elaine Powell – discussed the case at bar and articulated a position inconsistent with the position it has taken in the case at bar. Namely, the Board indicated that the issue of "General Assistance Days" is distinct and must be heard separately from the issue of Medicaid eligible days. This despite the fact that General Assistance Days are listed as merely one of many sub-elements of "Allowable Medicaid Days" in Program Memorandum A-01-13 (January 25, 2001), for DSH payment calculations.

The Hospitals respectfully submit that the anecdotal evidence of which they are aware may be the mere tip of the iceberg. For the Hospitals to effectively present their case to this Court, and for the Court to properly decide this case, it is mandatory that all relevant PRRB decisions, authorities, and internal operating agreements be disclosed to the Hospitals and to the Court.

Should discovery produce internal polices or precedent that are inconsistent with the decision of the PRRB in this case or invalid interpretations of the governing law, no rule of judicial review prevents the Hospitals from relying on those materials to support their position that the PRRB's decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. Indeed, this is no different than in a typical appeal from a district court decision, where the appellant cites precedents not relied upon by the district court to support its position that the district court's decision should be reversed.

C.   **REQUIREMENT THAT JUDICIAL REVIEW BE BASED UPON THE "WHOLE" ADMINISTRATIVE RECORD REQUIRES DISCOVERY IN THIS CASE**

Finally, judicial review of an agency decision is to be made after review of the *whole* administrative record. 5 U.S.C. § 706. The whole administrative record includes "all documents that the agency directly or indirectly considered." *Fund for Animals v. Williams*, 391 F.Supp. 2d 191, 196 (D.D.C. 2005) (internal quotation marks omitted). To the extent that the PRRB considered, even indirectly, any internal policy or past precedent, in rendering its decision, said materials should have been included in the administrative record. *See id.*; *Arizona Rehabilitation Hosp., Inc. v. Shalala*, 185 F.R.D. 263, 266 (D. Ariz. 1998) (requiring production of documents over defendant's motion for a protective order); *Methodist Hosp. of Memphis v. Sullivan*, 799 F.Supp. 1210, 1220 (D.D.C. 1992) (granting motion to compel production of PRRB member's dissenting opinion). Further, to the extent the PRRB ignored its own polices and precedents in rendering the decision here, that in and of itself likely constitutes an abuse of discretion.

IV.   **CONCLUSION**

The Hospitals respectfully request that this Court modify its scheduling order to allow for limited discovery and revise the briefing schedule to permit sufficient time in which to complete said discovery before briefing is due. A proposed Order is attached as Exhibit 6.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP


By: <u>Kenneth R. Marcus</u>
     Kenneth R. Marcus (DC Bar No MI 0016)
     660 Woodward Avenue
     2290 First National Building
     Detroit, Michigan 48226
     Phone:  313 465 7470
     Fax:  313 465 7471
     kmarcus@honigman.com


and

ALDERMAN & DEVORSETZ, PLLC


/s/ Leslie D. Alderman III
1025 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@a-dlaw.com

COUNSEL FOR PLAINTIFFS

Date:  February 21, 2007

DETROIT.2515170.1

15