# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL-GOLDEN
TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST.
JOSEPH HOSPITAL, AND BAPTIST MEMORIAL
HOSPITAL-DESOTO HOSPITAL
350 N. HUMPHREY'S BLVD.
MEMPHIS, TN 38120

CIVIL ACTION NO. 1:06CV01413
Hon. Colleen Kollar-Kotelly

    Plaintiffs,

VS.

ORAL HEARING REQUESTED

MICHAEL O. LEAVITT, IN HIS
OFFICIAL CAPACITY AS SECRETARY
OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Defendant.

_____/

## PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs Baptist Memorial Hospital – Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – Desoto Hospital (collectively, the "Plaintiffs"), by their attorneys Honigman Miller Schwartz and Cohn LLP, and pursuant to Fed. R. Civ. P. 34, serve the following Request for Production of Documents on Defendant Michael O. Leavitt ("Secretary"), and requests that the Secretary answer the following Request for Production of Documents within thirty (30) days.

## I. **DEFINITIONS**

A. Whenever the term "communication" or "communications" is used herein, it shall include all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication, including, but not limited to, both oral and written communications.

B. The term "document" or "documents" shall mean the original and all non-identical copies, duplicates and reproductions on any medium from which the intelligence or information can be retrieved, regardless of original and present location or custody, including, but not limited to, written, typed, e-mailed, printed, recorded, transcribed, punched, taped, encoded, filmed or graphic matter, however produced or reproduced. The term shall include, without limitation, matter in the form of letters, books, reports, studies, spreadsheets, statements, speeches, notebooks, invoices, financial books and records, checks, telegraphs, recordings on computer disk or tape or other data processing storage devices, e-mails, computer files, back-up tapes, hard disks, litigation databases, telecopier transmittals, applications, agreements, appointment calendars, working papers, graphs, manuals, brochures, contracts, memoranda, notes, records, correspondence, diaries, bookkeeping entries, any published materials, and matter that concerns, reflects, embodies or relates to oral communications. The term shall include, without limitation, each and every copy, duplicate, reproduction, prior draft, note, summary or any other matter prepared from the foregoing which differs from the original due to corrections, alterations, notations, deletions, marginalia, confirmation, routing instructions or records, or otherwise.

C. Whenever the term "person" is used herein, it shall mean any natural person, governmental body, governmental agency, corporation, general or limited partnership, joint venture, or any other form of business organization.

D.  When the identification of any document is requested, provide: (1) its date; (2) the identity of the author or addresser; (3) the identity of the addressee; (4) the identity of the recipient of each copy; (5) its present location; (6) the identity of the person presently in custody, control or possession of it, and (7) whether you will produce it for inspection and copying without a court order.  In lieu of identifying the requested documents, you may furnish such document for inspection and copying at the time you file your answers to these discovery requests.

E.  Whenever the term "Complaint" is used herein, it shall mean the Complaint filed by Plaintiffs in the United States District Court for the District of Columbia, Civil Action No. 1:06CV01413.

F.  Whenever the term "Plaintiffs" is used herein, it shall mean Baptist Memorial Hospital – Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – Desoto Hospital, and their agents, officers, directors, members, employees, affiliates, related entities, attorneys, and representatives.

G.  Whenever the term "PRRB" is used herein, it shall mean Medicare Provider Reimbursement Review Board.

H.  Whenever the term "Defendant" is used herein, it shall mean Defendant Michael O. Leavitt, and it shall include the agents, officers, directors, members, employees, affiliates, related entities, attorneys, and representatives of the Department of Health and Human Services.

I.  Whenever the term "you" or "yours" is used herein, it shall mean Defendant.

J.  Whenever the term "Group Appeal" is used herein, it shall mean an appeal before the PRRB of two or more hospitals pursuant to 42 U.S.C. § 1395oo(b); 42 C.F.R. § 405.1837.

K.  Whenever the term "Individual Appeal" is used herein, it shall mean an appeal before the PRRB of a single hospital pursuant to 42 U.S.C. § 1395oo(a).

3

## II. INSTRUCTIONS

A. For each document requested herein which is sought to be withheld under a claim of privilege, provide the following information:

(1) the place, approximate date, and manner of recording or otherwise preparing the document;

(2) the name and title of the sender and the name and title of the recipient of the document;

(3) the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

(4) the name and corporate position, if any, of each person to whom the contents of the documents has heretofore been communicated by copy, exhibition, reading, or substantial summarization;

(5) a statement of the basis on which privilege is claimed, the subject matter of the document, and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice;

(6) the identity and corporate position, if any, of the person or persons supplying the attorney with the information requested in subsections 1 through 5 above.

B. All documents produced should be segregated and identified by the request to which they are primarily responsive, and all documents shall be produced at the offices of the undersigned.

4

C.  This request for production of documents is continuing. If any documents or materials come to your attention or come into your possession, custody, or control after the filing of your responses hereto, which documents or materials are within the scope of any request for production herein, said additional documents or materials shall be furnished to the undersigned promptly.

D.  The documents produced for inspection shall be produced as they are kept in the usual course of business.

### III.  REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce each of the following documents that are within your possession, custody or control:

1.  Any and all documents that set forth the criteria relied upon by the PRRB in determining whether a provider(s) should be included in a group appeal.

2.  Any and all documents that set forth the criteria relied upon by the PRRB in determining what issues would limit a provider to an individual appeal (as opposed to a group appeal).

3.  Any and all documents reflecting any PRRB standards, policies and procedures applicable to a provider's right to add new issues to a pending appeal, including, but not limited to issues that were included in a group appeal that was dismissed.

4.  Any and all documents reflecting any PRRB standards, policies and procedures applicable to a provider's right to add new issues to a group appeal, including, but not limited to issues that were included in a previously dismissed group appeal.

5.  Any and all documents that reflect the criteria used by the PRRB in deciding whether to grant reinstatement of a provider's appeal whose matter was dismissed for the failure to file a position paper in a timely manner.

6. Any and all documents which refer or relate to requests by providers *other than plaintiffs* for reinstatement of appeal whose matters were dismissed for failure to file a position paper in a timely manner and the disposition of such requests.

7. Any and all documents which refer or relate to the granting of reinstatement by the PRRB in response to a request by a provider(s) whose matters were dismissed for failure to file a position paper in a timely manner.

8. Any and all documents which refer or relate to whether the PRRB followed its own standards, policies and procedures in denying Plaintiffs' request for reinstatement.

9. Any and all documents evidencing or describing any PRRB standards, policies or procedures applicable to evaluating good cause and good cause exceptions for claimants seeking reinstatement of claims dismissed for failure to file a position paper in a timely manner.

10. All other documents and communications that relate in any way to Plaintiffs or and any of the issues in dispute in this matter.

By: <u>Kenneth R. Marcus</u>
Kenneth R. Marcus (DC Bar No MI 0016)
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Phone: 313 465 7470
Fax: 313 465 7471
kmarcus@honigman.com

and

ALDERMAN & DEVORSETZ, PLLC

/s/ Leslie D. Alderman III
1025 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@a-dlaw.com

COUNSEL FOR PLAINTIFFS

Date: February 21, 2007

DETROIT.2507461.1

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL – )
GOLDEN TRIANGLE et al. )
)
               PLAINTIFFS )
) Case No. 1:06CV1413(CKK)
               v. )
)
MICHAEL O. LEAVITT )
Secretary, Health and Human Services )
)
             DEFENDANT )
)

**NOTICE OF DEPOSITIONS DUCES TECUM
FOR CHAIRPERSON SUZANNE POWELL**

Please take notice that Plaintiffs will take the deposition of Suzanne Cochran, in her capacity as Chairperson of the Defendant's Provider Reimbursement Review Board ("PRRB" or "the Board") on March 7, 2007 beginning at 10:00 am and continuing from day to day until complete.

The Deposition will take place at:

Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036

The Deposition will be recorded by stenographic and/or videographic means, and may be used for any purpose made permissible by the Federal and Local Rules of Civil Procedure.

The Deponent must bring with her to the deposition the following items:

1. Any and all documents or other materials issued or created between January 1, 2000 and the present that include, refer or relate to any formal or informal guidelines, standards, policies, positions concerning the Board's acceptance or

denial of jurisdiction over issues sought to be added to individual or group appeals.

2. Any and all documents or other materials including, referring or relating to <u>the Board's authority to limit</u> the issues (in the case of an individual appeal) or hospital(s) (in the case of a group appeal) that may be added to pending individual or group appeals.

3. Any and all documents or other materials including, referring or relating to any <u>efforts the Board has taken to limit</u> any provider's ability to add any issue (in the case of an individual appeal) or hospital (in the case of a group appeal) to a pending individual or group appeal.

4. Any and all documents or other materials including, referring or relating to any authority for determining what constitutes a "single issue" for the purpose of a group appeal.

5. Any and all documents or other materials including, referring or relating to the Board's authority to, or practice of, dismissing individual or group appeals after some, but not all, elements have been transferred to other appeals.

          Respectfully Submitted
          ALDERMAN & DEVORSETZ, PLLC

          /s/ Leslie D. Alderman III  (D.C. Bar 477750)
          1025 Connecticut Ave., NW
          Suite 1000
          Washington, D.C. 20036
          Tel. 202-969-8220
          Fax 202-969-8224
          lalderman@a-dlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL – GOLDEN TRIANGLE et al. )<br>)<br>PLAINTIFFS )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT )<br>Secretary, Health and Human Services )<br>)<br>DEFENDANT )<br>) | Case No. 1:06CV1413(CKK) |

### NOTICE OF DEPOSITIONS DUCES TECUM
### OF BOARDMEMBER ELAINE POWELL

Please take notice that Plaintiffs will take the deposition of Elaine Powell, in her capacity as Member of the Defendant's Provider Reimbursement Review Board ("PRRB" or "the Board") on March 6, 2007 beginning at 10:00 am and continuing from day to day until complete.

The Deposition will take place at:

Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036

The Deposition will be recorded by stenographic and/or videographic means, and may be used for any purpose made permissible by the Federal and Local Rules of Civil Procedure.

The Deponent must bring with her to the deposition the following items:

1. Any and all documents or other materials issued or created between January 1, 2000 and the present that include, refer or relate to any formal or informal guidelines, standards, policies, positions concerning the Board's acceptance or

      denial of jurisdiction over issues sought to be added to individual or group appeals.

2. Any and all documents or other materials including, referring or relating to <u>the Board's authority to limit</u> the issues (in the case of an individual appeal) or hospital(s) (in the case of a group appeal) that may be added to pending individual or group appeals.

3. Any and all documents or other materials including, referring or relating to any <u>efforts the Board has taken to limit</u> any provider's ability to add any issue (in the case of an individual appeal) or hospital (in the case of a group appeal) to a pending individual or group appeal.

4. Any and all documents or other materials including, referring or relating to any authority for determining what constitutes a "single issue" for the purpose of a group appeal.

5. Any and all documents or other materials including, referring or relating to the Board's authority to, or practice of, dismissing individual or group appeals after some, but not all, elements have been transferred to other appeals.

      Respectfully Submitted

      ALDERMAN & DEVORSETZ, PLLC

      /s/ Leslie D. Alderman III  (D.C. Bar 477750)
      1025 Connecticut Ave., NW
      Suite 1000
      Washington, D.C. 20036
      Tel. 202-969-8220
      Fax 202-969-8224
      lalderman@a-dlaw.com