# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCENIC GENERAL HOSPITAL,<br><br>          Plaintiff,<br><br>   v.<br><br>DONNA E. SHALALA, Secretary Department of Health and Human Services,<br><br>          Defendant. | CV F-94-5333 OWW DLB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

    This is an action for administrative review where Plaintiff maintains that the Secretary's Provider Reimbursement Review Board (PRRB) erred when it found that Plaintiff, Scenic General Hospital (Scenic), was not entitled to expedited judicial review of its claim that the Secretary's Routine Cost Limit (RCL) calculation method and formula is erroneous and arbitrary due to an error in the Covered Days of Care Formula published and applied by the Secretary. Scenic claims that it lost $300,000 in

1

**CALENDARED**

SENT BY:    12-21-94 ; 5:30PM ;    SEYFARTH SHAW LA→    1 310 551 1929;# 3/ 6

Medicare payments because of the error.

It is undisputed that the formula in question was first published in 1979 and that Scenic seeks additional reimbursement for the fiscal year ending 1983 and finally, that Scenic did not request adjustment based upon the alleged error until 1993. The PRRB ruled on February 9, 1994 that it lacked jurisdiction over Plaintiff's claim because it was not timely presented. The Secretary maintains that this court has jurisdiction only to review the PRRB's determination that it had no jurisdiction. Scenic maintains that the PRRB decision regarding jurisdiction was in error for several reasons. First, Scenic maintains that the limitations period should be equitably tolled because the Secretary, with full knowledge of the error in the formula, deliberately concealed the error from health care providers. Secondly, Scenic maintains that the issuance of a revised Notice of Program Reimbursement (NPR) opens the door for an effected provider to appeal items not directly effected by the revision. Plaintiff maintains that this is a result of a changed policy on the part of the Secretary and that the change in policy occurred after the present appeal of the routine cost limit issue was filed by Scenic. Finally, Plaintiff maintains that since the PRRB does not publish its jurisdictional decisions that it may be that the PRRB in its discretion considers the appeals filed beyond the 180 day limit and does not regard it as jurisdictional.

Plaintiff seeks discovery in the form of a request to produce documents directed to the Secretary seeking all documents, testimony, speeches, articles, research, etc., authorized by the Secretary or the Assistant Secretary of Planning and Education regarding the Covered Days of Care Formula. Plaintiff also seeks communications from providers and others outside the agency regarding the "claimed defect, distortion or inaccuracy in the covered days of care adjustment". And Plaintiff seeks prior jurisdictional decisions of the PRRB and, in particular, case files of four appeals dealing with the same or similar questions as this appeal.

In response to Plaintiff's discovery requests, Defendant sought a protective order barring discovery in this action maintaining that the Plaintiff had failed to show that this was an unusual case under the Administrative Practices Act (APA) which justified discovery. After hearing on the motion for protective order, the court found that discovery was appropriate at least on the jurisdictional issues to be raised by the Defendant in its motion for summary judgment and directed the parties to meet and confer in an attempt to narrow the discovery requests. At a subsequent hearing on October 14, 1994, the parties appeared and informed the court that they were unable to make progress in narrowing the discovery requests. Accordingly, the court issues the following order granting in part and denying in part the government's motion for a protective order.

3

Scenic's requests to produce documents no. 1, 2, 3, 4, 5, 6, 7, and 8 all relate to the merits of the underlying dispute whether there is an error in the formula and whether the statute of limitations should be extended based upon equitable estoppel.[1]

Requests to produce 9 and 10, however, appear calculated to lead to the discovery of admissible evidence on the issues raised by a defense motion for summary judgment and accordingly, the protective order with respect to request to produce 9 and 10 is denied. Defendant is ORDERED to provide responses to these requests within twenty (20) days of the date of this order.

Defendant's motion for protective order with respect to the depositions of the Custodian of Records and Ms. Melanie Marlof-Fetchik is granted.

Defendant's request for protective order with respect to request to produce documents set to request no. 11 is denied and Defendants shall produce the documents described in this request within twenty (20) days of the date of this order.

DATED: 12/14/94

DENNIS L. BECK
U.S. MAGISTRATE JUDGE

---

[1] It appears that the court may require Plaintiffs to pursue their claim of equitable estoppel administratively or that it may determine that the estoppel claim is barred for failure to timely seek administrative review. However, if the court determines that Plaintiff's estoppel claims should be addressed in this action, broader discovery than permitted by this order might be appropriate.

4

United States District Court
for the
Eastern District of California
December 19, 1994

gl

* * CERTIFICATE OF SERVICE * *

1:94-cv-05333

Scenic General

v.

HHS

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on December 19, 1994, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas J Weiss
Seyfarth Shaw Fairweather and Geraldson
2029 Century Park E
Suite 3300
Los Angeles, CA   90067

Linda Anderson
United States Attorney's Office
1130 O Street
Room 3654
Fresno, CA   93721

Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk