IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL – GOLDEN TRIANGLE, et al. | )<br>)<br>) |
| PLAINTIFFS | ) |
| | ) Case No. 1:06CV1413(CKK) |
| v. | )<br>) |
| MICHAEL O. LEAVITT<br>Secretary, Health and Human Services | )<br>)<br>) |
| DEFENDANT | )<br>) |

**PLAINTIFFS' UNOPPOSED MOTION TO STAY BRIEFING DEADLINES PENDING RESOLUTION OF MOTION TO AMEND SCHEDULING ORDER TO PERMIT DISCOVERY AND TO PERMIT THE PARTIES TO RESOLVE ISSUES RELATED TO SUPPLEMENTING THE ADMINISTRATIVE RECORD**

Plaintiffs Baptist Memorial Hospital – Golden Triangle, et al. (the "Hospitals"), by and through their undersigned counsel, hereby move to further modify the Court's January 26, 2007 *Minute* scheduling Order docketed on January 26, 2007.

The Hospitals consistently have asserted that discovery is relevant, reasonable and necessary in order properly brief the Court on the Provider Reimbursement Review Board's ("PRRB") decision to dismiss the appeals subject to this litigation. The Hospitals filed their Motion to Amend the Scheduling Order to Permit Discovery on February 21, 2007.

The Hospitals subsequently identified certain documents that they believe the Secretary of Health and Human Services (the "Secretary") should have, but failed to, include in the Administrative Record. The Hospitals submitted these excluded documents to counsel for the Secretary by email on February 26, 2007. The instant Motion is filed in order to establish a reasonable schedule enabling the Court to decide

the Hospitals' Motion to Permit Discovery and to permit the Parties to attempt to resolve any differences over the completeness of the Administrative Record before the Hospitals are required to file their opening pleadings in support of their Motion for Summary Judgment.

The Secretary's response to the Hospitals' Motion to Amend Scheduling Order to Permit Discovery is due on or about March 7, 2007 and the Hospitals' Reply is due on or about March 17, 2007. The current scheduling order, however, requires the Hospitals to file their Motion for Summary Judgment and supporting brief on March 19, 2007, only two days after the motion exchange for the Motion to Permit Discovery ends. As a result, it is not reasonably likely that the Court will have decided the pending motion prior to the time the Hospitals' Motion for Summary Judgment is due. Furthermore, if as it should the Court grants the Hospitals' Motion to Permit Discovery, then the briefing schedule would necessarily require modification in order to permit a reasonable time for the Hospitals to conduct discovery and, if necessary, for the Secretary to seek any limitations on discovery.

Additionally, whether or not the Hospitals have access to discovery will have significant implications for their intended brief in support of Motion for Summary Judgment. Although the Hospitals can commence drafting, and even file, their brief in support of Motion for Summary Judgment prior to receiving the Court's ruling on the Motion to Permit Discovery, that pleading will require extensive modification and supplementation in the event that the Court permits the Hospitals to conduct discovery.

Likewise, with regard to supplementing the Administrative Record, the Hospitals have requested that the Secretary voluntarily agree to supplement the Administrative

2

Record. If the Secretary agrees to supplement the Administrative Record, then that supplementation will also have implications for the Hospitals' Motion for Summary Judgment. Alternatively, if the Secretary refuses to supplement the Administrative Record, then the Hospitals will be required to move the Court to supplement the Administrative Record with the excluded documents. If the Court then grants that Motion, the Hospitals would – again – be required to supplement their Motion for Summary Judgment in order to include the new information added to the Administrative Record.

In light of the foregoing, the Hospitals respectfully submit that they have demonstrated good cause (for the purpose of Local Rule 16.4) for this Motion to Suspend the current scheduling Order. To wit, suspending the briefing schedule contained in the January 26, 2007 Minute Scheduling Order is necessary to: 1) ensure that the Hospitals receive the Court's determination on whether discovery will be permitted before even drafting their Motion for Summary Judgment; 2) ensure that the Administrative Record is complete; 3) reduce the parties' need to file supplements to Motion and Opposition briefs; and 4) preserve judicial economy.

On February 26, 2007 the Hospitals, by and through the undersigned, sought the Secretary 's consent to this motion. On February 28, 2007, Counsel for the Secretary responded that, while it does not consent to the present Motion to Suspend, it would not oppose the Motion.

3

Respectfully Submitted

/s/ Kenneth R. Marcus (DC Bar No MI 0016)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Phone:  313 465 7470
Fax:  313 465 7471
kmarcus@honigman.com

and

/s/ Leslie D. Alderman III  (D.C. Bar 477750)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@adhlawfirm.com


Counsel for the Plaintiffs