IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL-GOLDEN
TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST.
JOSEPH HOSPITAL, AND BAPTIST MEMORIAL
HOSPITAL-DESOTO HOSPITAL
350 N. HUMPHREY'S BLVD.
MEMPHIS, TN 38120

        Plaintiffs,

VS.

MICHAEL O. LEAVITT, IN HIS
OFFICIAL CAPACITY AS SECRETARY
OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

        Defendant.

CIVIL ACTION NO. 1:06CV01413
Hon. Colleen Kollar-Kotelly

---

### PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND PERMIT DISCOVERY

#### I. Introduction

Plaintiffs Baptist Memorial Hospital –Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – DeSoto (collectively, the "Hospitals") demonstrated to this Court that discovery is reasonable and necessary in their Memorandum of Points and Authorities In Support of Motion to Amend Scheduling Order and Permit Discovery ("Hospital's Opening Brief"). Here, the Hospitals reply to the substantive arguments set forth in the Defendant Secretary of Health and Human Services' (the "Secretary") Opposition to Plaintiffs' Motion to Amend Scheduling Order and Permit Discovery ("Secretary's Brief").

The sum and substance of the Secretary's argument is that discovery generally is not available when a full administrative record has been established before an administrative agency. The Hospitals agree with that principle, and they further agree that the entire record should be before the Court. As demonstrated below, however, the problem is that the full record is not before the Court. Accordingly, the Secretary's argument fails, and the Court should find that discovery is necessary and appropriate.

## II. Discussion

A. **The Authority On Which The Secretary Relies Is Inapposite Because It Assumes The Existence Of A Full Administrative Record Which In Fact Is Lacking In This Case**

　1. **The "Whole Record" Must Be Before This Court**

As this Court well knows, a court reviewing an administrative agency's action must have the "whole record" before it. *Walter O. Boswell Memorial Hospital v. Heckler*, 749 F.2d 788, 792 (D.C.Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision."). In *Walter O. Boswell Memorial Hospital*, the Court of Appeals strongly cautioned against under-inclusiveness in the record because it "might allow a party to withhold evidence unfavorable to its case":

> '[R]eview is to be based on the full administrative record that was before the Secretary at the time he made his decision.' *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); see also *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C.Cir.1981). *To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case*, and so the APA requires review of "the whole record." 5 U.S.C. § 706 (1982); see S.Rep. 752, 79th Cong., 1st Sess. 28 (1945) ("The requirement of review upon 'the whole record' means that courts may not look only to the case presented by one party, since other evidence may weaken or even indisputably destroy that case."); H.R.Rep. No. 9180, 79th Cong., 2nd Sess. 46 (1946) (same); see also *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951).

Id. at 793 (emphasis supplied). *See also IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision."); *Public Citizen v. Heckler*, 653 F.Supp. 1229 at 1236 (D.D.C. 1986)

In the very Medicare appeals context of the instant case, the Court of Appeals has made the following statement which is entirely applicable here:

> Therefore, all Defendant's contentions and citations to cases which directly address supplementing the record are irrelevant. While there are countless cases that instruct this Court not to build a new agency record out of the litigation process, there is also an equally strong policy and a similarly large number of cases instructing this Court not to allow HCFA[1] to pick and choose which information it includes in its administrative record."

*National Medical Care, Inc. v. Shalala*, No. 95-0860, 1998 U.S. Dist. LEXIS 6301, at *11 (D.C. Cir. 1998).

Of course, if the Secretary is permitted to cherry-pick the record, which would be the result if discovery is not permitted in this case, it undermines the record and greatly harms the Hospitals:

> This asymmetry in information undermines the reliability of a court's review upon those portions of the record cited by one party or the other. *Since there would be no check upon the failure of the agency to disclose information adverse to it, the normal pressures towards inclusion of all relevant material in the record before the court are absent.* Some of the documents of which the plaintiffs were apparently unaware are quite critical . . . [and, therefore,] the likelihood that the plaintiffs would have drawn the District Court's attention to such documents had they been aware of them seems great, and thus the harm to the plaintiffs is significant.

*Walter O. Boswell Memorial Hospital*, 749 F.2d at 793 (emphasis supplied). *See also Envtl. Defense Fund v. Blum*, 458 F.Supp. 650, 661 (D.D.C. 1978) (agencies may not skew the record by excluding information that has "great pertinence" to the proceedings).

---

[1] The prior name of the Centers for Medicare and Medicaid Services was Health Care Financing Administration, "HCFA."

3

2.  The "Whole Record" Is Not Before This Court

In *Walter O. Boswell Memorial Hospital*, the Court of Appeals held that there were "gaps in the facts and opinions before the agency, and thus [the] material . . . did not constitute the 'whole record' before the agency at the time of its decision." 749 F.2d at 792. The same is true here. Thus, the Court need not linger in considering the Secretary's argument because it ignores that in the instant case there is not a full administrative record. As demonstrated below, the record is incomplete because there has not been a full administrative proceeding and because it fails to disclose the extent to which the PRRB considered and applied unpublished PRRB jurisdiction decisions or other unpublished documents.

a.  There Has Not Been A Full Administrative Proceeding

There has not been a full administrative proceeding. On the contrary, the PRRB conducted what can only be characterized as an abbreviated administrative proceeding. Specifically, the Hospitals made a request and the PRRB summarily denied their request, without the benefit of briefing or a hearing.

Thus, the authority on which the Secretary relies, and perhaps the authority on which the Court based its January 26, 2007 minute order, would be applicable to a discovery request made for the first time in federal court appealing a PRRB decision on the merits. As review of the PRRB Instructions indicates, a PRRB decision on the merits is issued only after substantial proceedings are conducted and during which the parties have had the opportunity to (i) conduct discovery, (ii) file position papers, (iii) participate in a hearing during which evidence and testimony is presented and (iv) file post hearing briefs.[2] See also, 42 C.F.R. § 405.1801 et seq.

---

[2] See http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_March_03.pdf

4

The PRRB always publishes decisions on the merits. *See* the PRRB website.[3] Review of those decisions reveals that they set forth in full the facts, the positions of the parties, the references to applicable law, and an exposition of the PRRB's decision making process. If a provider remains dissatisfied with a PRRB decision issued as a result of such a process, the district court is then able to appropriately review the Secretary's final determination with the benefit of a fully developed record under the standard established by the Administrative Procedure Act. 5. U.S.C. § 706.

The PRRB left the Hospitals no choice but to commence this case. As an alternative to requesting the right to conduct discovery to supplement the flawed administrative record, the Hospitals would stipulate to a remand of the instant case to the PRRB with an order that the PRRB conduct sufficient proceedings to establish a proper basis for this Court's review.

Otherwise, the Court should recognize that the PRRB's jurisdiction decision in the instant case was issued without any of the proceedings that are conducted before the PRRB issues a decision on the merits. The issue presented for judicial review is the validity of the decision of the PRRB to deny the right of the Hospitals to add certain issues to an otherwise jurisdictionally proper Medicare appeal as authorized by 42 C.F.R. § 405.1841(a) and the PRRB's Instructions. The PRRB did not order the parties to submit briefs or conduct a hearing on the issue. Rather, the PRRB summarily dismissed the Hospitals' appeal and instructed the Hospitals to appeal to federal court if they remained dissatisfied. Thus, the administrative proceedings in this case did not establish the type of administrative record on this issue that is contemplated by the authority on which the Secretary relies.

---

[3] http://www.cms.hhs.gov/PRRBReview/PRRBD/list.asp#TopOfPage

The administrative record, voluminous as it may appear, is devoid of the PRRB's identification of legal authority or rationale for overlooking 42 C.F.R. § 405.1841(a) and the PRRB's Instructions. Although the PRRB informed the Hospitals in no uncertain terms that its September 15, 2006 letter was its final decision which is subject to this Court's review (Amended Complaint, Exhibit 1), the Secretary asserts that the decision of the PRRB consists of that letter and three earlier letters. (Secretary's Brief at 7-9.) In any event, the four letters, whether individually or jointly, do not reflect other than perfunctory administrative proceedings. Most significantly, none of the letters explains the failure of the PRRB to comply with 42 C.F.R. § 405.1841(a) and the PRRB's Instructions.

The Secretary further asserts that the Administrative Record is 810 pages. (Secretary's Brief at 9.) Still, the Secretary identifies nothing in those 810 pages that explains the basis of the rationale of the decision of the PRRB to ignore 42 C.F.R. § 405.1841(a) and the PRRB's Instructions. Moreover, as the Hospitals have already briefed this Court, the administrative record does not explain why the PRRB refused to permit the Hospitals to add issues to their individual appeals that had never been transferred to a group appeal or which the PRRB would not have permitted to be transferred to a group appeal (Hospital's Opening Brief at 7.)

Thus, the Secretary overlooks, and would have this Court overlook, that the very reason discovery is necessary is because the PRRB failed to conduct appropriate administrative proceedings, and thereby failed to establish a proper record for judicial review. Alternatively, a remand to the PRRB with a proper order to conduct appropriate proceedings would cure the flawed administrative record. . *See Florida Power & Light Company v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the

6

challenged agency action on the basis of the record before it, the proper course . . . is to remand to the agency for additional investigation or explanation."); *Occidental Petroleum Corporation v. S.E.C.*, 873 F.2d 325, 338 (D.C. Cir. 1989) (same). *See also Camp v. Pitts*, 411 U.S. 138, 143 (1973) ("If [the] finding is not sustainable on the administrative record made, then the [] decision must be vacated and the matter remanded [] for further consideration.").

    b.    <u>The Record Fails To Disclose Unpublished PRRB Decisions and Other Documents</u>

The Secretary urges this Court "to resolve the question of whether the PRRB's decision was reasonable and consistent with the Medicare statute, the implementing regulations and the PRRB's Instructions in the absence of any discovery." (Secretary's Brief at 10.) In effect, the Secretary would have this Court ignore potentially relevant but unpublished PRRB decisions and other unpublished documents which the PRRB likely considered. Presumably the Secretary would have this Court divine the reasoning of the PRRB and make a determination, in a complete vacuum, whether the decision was reasonable. [4]

    (1)    <u>It Is Beyond Dispute That Most PRRB Jurisdiction Decisions Are Unpublished</u>

The Court should recognize that the Secretary cannot and does not deny that the PRRB almost never publishes its jurisdictional decisions. Although the Secretary asserts that there are "numerous PRRB decisions," he cites no more than a single published PRRB jurisdiction decision in support of his proposition. (Secretary's Brief at 11.) The PRRB was established in

---

[4] The unreasonableness of the Secretary's position perhaps is best revealed by the Secretary's suggestion that, while the Secretary opposes any discovery or disclosure, this Court should base its decision on a proposed regulation regarding PRRB procedure issued on June 25, 2004 which has not been promulgated as a final regulation and which has no legal significance. (Secretary's Brief at 10, n.1.)

7

1972. 42 U.S.C. § 1395oo. That the Secretary identifies no more than a single published jurisdictional decision issued during a thirty-five year period verifies that publication of a PRRB jurisdictional decision is the rare exception to the rule. In fact, of the 473 PRRB decisions reported on the PRRB website dating back to 1998, only ten are identified as resolving a jurisdiction issue.

  (2)  <u>The PRRB Must Disclose Unpublished Jurisdiction Decisions And Other Unpublished Documents Relevant To Its Decision</u>

 The Court should further recognize that, whether these unpublished PRRB jurisdictional decisions are considered "evidence" or "applicable law," they constitute either "facts [or] opinions before the agency." *Id.* Indeed, the "administrative record includes *all* materials 'compiled' by the agency . . . that were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal quotation marks and citations omitted) (emphasis supplied). *See also Ad Hoc Metals Coalition v. Whitman*, 227 F.Supp.2d 134, 139-40 (D.D.C. 2002) ("if something was "referred to, considered by, or used by EPA before it issued its final rule must be included in the administrative record, particularly given the adverse nature of its contents.").

 In *Public Citizen v. Heckler*, 653 F.Supp. 1229, 1236 (D.D.C. 1986), this Court held that the requested documents should have been part of the administrative record because they "related to the decision made, and are adverse to the agency's position":

> The documents HHS wishes to exclude from the administrative record were known to HHS at the time of their decision making, are directly related to the decision made, and are adverse to the agency's position. These documents are indicative of a lack of rationality on the part of HHS in the decision making process.

653 F.Supp. at 1237.

As with the documents in *Public Citizen*, the PRRB's unpublished jurisdictional decisions were known to the PRRB "at the time of their decision making, are directly related to the decision made, and are adverse to the agency's position." They are, therefore, a part of the administrative record and their conspicuous absence renders the record incomplete and under-inclusive.

Thus, the Secretary's attempt to skew the record through the exclusion of the unpublished PRRB jurisdictional decisions violates fundamental principles of judicial review of administrative decisions. This action is compounded by the Secretary's attempt to foreclose discovery of the unpublished PRRB jurisdictional decisions. If the Secretary succeeds, then "there would be no check upon the failure of the agency to disclose information adverse to it, the normal pressures towards inclusion of all relevant material in the record before the court are absent." *Walter O. Boswell Memorial Hospital*, 749 F.2d at 793.

B.. <u>Limited, Reasonable Discovery Is Appropriate To Supplement The Incomplete Record Before This Court</u>

The failure of the PRRB to establish a full record has deprived the Hospitals of their right to have the Court review the whole record. Because the whole record is not before the Court, the Secretary is subject to discovery under long-standing case law. At the very least, it is incumbent upon the PRRB to supplement the record with the unpublished PRRB jurisdictional decisions because the PRRB considered those decisions.

1.   <u>Discovery Is Appropriate To Supplement The Incomplete Record</u>

While the Secretary relies on the general rule disfavoring discovery, *see* Secretary's Brief at 5, this Court should find that the record is incomplete and should apply the well-established exception from *Natural Resources Defense Council, Inc. v. Train*, 519 F.2d 287, 291-92 (D.C. Cir. 1975), that applies to this case.  Under this exception, where "an administrative record is incomplete[, plaintiffs] 'are entitled to an opportunity to determine, by limited discovery, whether any other documents which are properly part of the administrative record have been withheld.' *Id.*[5] *See also Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981) (internal citations omitted) (there are "several rules and exceptions governing the scope of informal agency action have emerged from subsequent decisions.  The most noted exception to the general rule occurs where 'there was such a failure to explain administrative action as to frustrate effective judicial review.'").

In *Environmental Defense Fund, Inc.*, the Court of Appeals held that where, as here, "the record is inadequate, a court may 'obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary.'" 657 F.2d at 285.  *See also Community for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997 (D.C. Cir. 1990) ("examination of decision makers may be required when such examination provides the only possibility for effective judicial review and when there have been no contemporary findings").

Likewise, in *Citizens to Preserve Overton Park*, the Court held:

---

[5] *Ad Hoc Metals Coalition v. Whitman*, 227 F.Supp.2d 134, 137 n 1 (D.D.C. 2002) (a court may permit discovery: " (1) when there is a "strong showing of bad faith or improper behavior," or (2) when discovery provides "the only possibility for effective judicial review and when there have been no contemporaneous administrative findings.").

10

> [S]ince the bare record may not disclose the factors that were considered or the [decision maker's] construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the [decision maker] acted within the scope of his authority and if the [decision maker's] action was justifiable under the applicable standard. The court may require the administrative officials who participated in the decision to give testimony explaining their action.

401 U.S. at 420 (1971).

Further, supplementation of the administrative record has been found to be appropriate when "the agency failed to consider factors which are relevant to its final decision" or when "an agency considered evidence which it failed to include in the record." Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). See also Deukmejian v. Nuclear Regulatory Com'n, 751 F.2d 1287, 1326-29 (D.C. Cir. 1984) (supplementation is necessary when there is "such failure to explain administrative action as to frustrate effective judicial review."); Ad Hoc Metals Coalition v. Whitman, 227 F.Supp.2d 134, 137 (D.D.C. 2002) ("a court may permit supplementation of the administrative record when such supplementation is necessary to provide a fuller explanation of the agency's decision.") (citing James Madison Ltd., 82 F.3d at 1095; Beach Communications, Inc. v. FCC, 959 F.2d 975, 987 (D.C. Cir. 1992); Esch, 876 F.2d at 991; Walter O. Boswell Memorial Hospital, 749 F.2d at 792).[6]

Here, the Secretary has refused to include in the record any of the unpublished PRRB jurisdictional decisions. The Secretary, however, would have this Court review the decision of the PRRB solely "in light of the governing statute and other standards." (Secretary's Brief at 10.) The problem is that the Court is unable to do so. The published governing authority is 42

---

[6] In *Ad Hoc Metals Coalition*, the court held "that supplementation of the administrative record is appropriate . . . to remedy those few instances where EPA considered evidence but failed to include it in the record." 227 F.Supp.2d at 144. Moreover, "a showing of bad faith or improper behavior is not required for a court to supplement the record." Id. at 144 n 5.

C.F.R. § 405.1841(a) and the PRRB's Instructions. Absent these crucial decisions, "additional explanations of the reasons for the agency decision [are] necessary." *Environmental Defense Fund, Inc.*, 657 F.2d at 285. Thus, Secretary's refusal to complete the record has left the Hospitals with no recourse other than discovery.[7]

Absent discovery, this Court's application of the unambiguous formal legal authority which the Secretary insists applies would seem to dictate a decision in favor of the Hospitals. Unclear, therefore, is the Secretary's opposition to discovery. Moreover, the Secretary's reference to "other standards" is entirely unclear. If the Secretary's Brief is a prelude to his pleadings on the merits, presumably the Secretary's legal counsel will articulate for the first time in these proceedings such "other standards." The Hospitals would expect, however, that the Court would be reluctant to render a decision in a vacuum that does not enable the Court to discern why the PRRB issued a decision that is contrary to the governing authority. The reasonable, limited discovery requested by the Hospitals would enable the Court to make such a principled determination.

2. <u>The Hospitals' Discovery Request Satisfies Both Of The Exceptions Acknowledged By The Secretary</u>

The Secretary acknowledges that even under the authority on which he relies discovery is appropriate "(1) where there has been a 'strong showing of bad faith or improper behavior;' or (2) where 'discovery provides the only possibility for effective judicial review and where there

---

[7] The Secretary's "blanket objection" to the inclusion of documents in the administrative record is insufficient as a matter of law. See *Public Citizen v. Heckler*, 653 F.Supp. 1229, 1237 (D.D.C. 1986) ("HHS makes a blanket objection to all of plaintiffs' exhibits on the basis that they are not part of the "administrative record" and therefore should not be considered. It is unclear, however, precisely which of the various exhibits HHS objects to, or on what grounds it objects."). See also *Occidental Petroleum Corporation v. S.E.C.*, 873 F.2d 325, 338 (D.C. Cir. 1989) (holding that district court properly found that failure to give document-by-document explanation for determination to release documents made remand necessary.).

has been no contemporaneous administrative findings." (Secretary's Brief at 6.) In fact, the Hospitals' discovery request satisfies each of these exceptions.

    a.    <u>"Bad Faith Or Improper Behavior"</u>

As to the requirement for "a strong showing of bad faith or improper behavior," the Hospitals have a legitimate reason to believe that the PRRB has acted with antipathy toward the Hospitals. Indeed, the Court need look no further than the PRRB's September 5, 2006 ill-tempered letter, attached as Exhibit 2 to the Amended Complaint, for compelling evidence of such antipathy toward the Hospitals:

> The Provider is directed to stop wasting the Board's time with its multiple requests to add or transfer these issues to any appeal for this fiscal year end. This is the Board's **final decision** regarding these issues for this Provider for this fiscal year end. No further requests will be considered. If any such requests are filed in the future, they will be summarily dismissed. If the Provider is dissatisfied with the decision, its recourse is appeal.

**(<u>Emphasis in the Original</u>)**

The Hospitals respectfully submit that when an administrative tribunal displays ill temper and resorts to the use of such vernacular as "stop wasting the Board's time" in a formal decision, there is a strong suggestion of "improper behavior."

Moreover, upon understanding and belief, on February 16, 2007

1.    The PRRB cancelled a hearing in another case represented by the Hospitals' reimbursement consultant Mr. James C. Ravindran only after the reimbursement consultant had embarked on a five-hour plane flight from Los Angeles to Baltimore.

2. Upon arriving at the PRRB, the PRRB informed the consultant that the PRRB had cancelled the hearing and had decided, instead, to use the time allocated for the hearing to conduct an highly unusual off the record session concerning the case at bar and the propriety of transferring issues from individual to group appeals. (See Declaration of James.C. Ravindran, Exhibit 1.) As briefed below, in that discussion the PRRB made statements inconsistent with the decision of the PRRB in the instant case.

Accordingly, if as the Secretary asserts there must "a strong showing of bad faith or improper behavior," the Court should find that this requirement is satisfied.

b. "Effective Judicial Review Where There Have Been No Contemporaneous Administrative Findings"

The Hospitals discovery request also satisfies that requirement that "discovery provides the only possibility for effective judicial review and where there has been no contemporaneous administrative findings."

As briefed *supra*, in Section A.2.a., the PRRB did not conduct a full administrative proceeding in this case. Consequently, the PRRB did not make the appropriate administrative findings. Moreover, the abbreviated administrative proceeding that was in fact conducted did not address critical issues relating to the rights of the Hospitals to add issues to their individual appeals. To understand this point, it is very important for the Court to understand that, as discussed in the Hospitals' Opening Brief, the disproportionate share hospital ("DSH") adjustment consists of a number of components. (Hospitals' Opening Brief at 5 -6.) That the DSH consists of a number of components is of vital significance to the Hospitals' request to add issues to their individual appeal, because certain of the DSH components that the Hospitals sought to add to their individual appeals *were either not previously transferred to a group*

14

*appeal, or would not have been appropriate for transfer to a group appeal.* The PRRB jurisdiction decision is silent regarding these very important factors.

Thus, it is entirely unclear whether the PRRB denied the Hospitals' request to add these components to the Hospitals' individual appeals because the PRRB considers an appeal of the DSH as an "all or nothing" or whether the PRRB recognizes that each DSH component may be separately appealed. To exacerbate this confusion, as set forth in the Declaration of James C. Ravindran, the PRRB has taken inconsistent positions regarding the appropriate procedure for appeal of the several DSH components.

This Declaration states in pertinent part as follows:

3. On February 16, 2007, I was present at a PRRB unrecorded proceeding relating to a separate group appeal. Those present at the hearing were the Chairperson, Ms. Suzanne Cochran, Esq., Board Members, Ms. Elaine Crews-Powell, Dr. Gary Blodgett and Ms. Yvette C. Hayes. During the proceedings, PRRB Case No.04-0554G and issues addressed in the case at bar were discussed.

4. At the proceedings on February 16, 2007 Chairperson, Ms. Suzanne Cochran and Board Member, Ms. Elaine Crews-Powell stated that the Board's policy was that general assistance was a separate issue and should not be included in the group appeal for Medicaid Eligible days. This was contrary to the Board's ruling on March 14, 2006, May 5, 2006 and September 5, 2006 which took the position that all issues relating to the Medicaid fraction used to compute Medicare Disproportionate Share payment constituted a single issue.

5. The instant matter involves, in part, the Board's decision to dismiss certain group appeals of Plaintiffs that were before the PRRB. As an experienced healthcare reimbursement consultant, I am keenly familiar with the statutory and regulatory provisions which state in pertinent part that the criteria for group appeals are that "the matters at issue involve a common question of fact or an interpretation of law, regulation or CMS ruling." Moreover, the published PRRB Instructions ("Instructions") on such appeals state that "a group appeal consists of *one issue only*, which involves a question of fact or an interpretation of law, regulation or CMS ruling." The CMS instructions, however, do not provide a definition nor an explanation of what constitutes *one issue only,* and in my professional opinion, enables and even encourages the

Board to issue arbitrary and capricious rulings as to what does, or does not qualify as a "single issue" appropriate to give rise to a group appeal designation. As set forth in the administrative record before this Court, it is quite apparent that the lack of certainty and clarity as to the precise definition of "group appeal" as relating to the requirement of *one issue only* has resulted in disarray and confusion, which in turn could have significant financial repercussions to the Plaintiffs in this case.

6. At the meeting on February 16, 2007 at the PRRB, the question of what issues can remain in the *individual* appeal after a common question of fact or an interpretation of law, regulation or CMS ruling were transferred to a Medicaid Eligible day group appeal was discussed. Chairperson, Ms. Suzanne Cochran and Board Member, Ms. Elaine Crews-Powell agreed that the entire appeal for the Medicaid proxy component need not be dismissed and other issues could be pursued through an individual appeal which are Provider specific and not the subject of the issues transferred to the group.

7. Conversely, in the Board's decision of September 5, 2006, the Board denied the Provider the right to pursue Provider specific issues on the Medicaid proxy and the SSI proxy which involves the reconciliation of the Provider's record with that of the intermediary and the agency. This is contrary to the interpretation of the Instructions of the Board as stated on February 16, 2007.

8. Since these rules are very general in nature and do not address specific issues such as the reconciliation of Provider's records on Medicaid days and SSI days with the intermediary and agency data, I deem it essential to allow Plaintiffs to conduct limited, focused discovery which is necessary to clarify the Board's position on these issues on whether they should be in an individual appeal or group appeal, and resolve this obvious disparity of opinion between the PRRB chairperson and board member present at the February 16, 2007 meeting on the one hand, and the Board's jurisdictional decision of September 5, 2006 on the other.

Clearly, there have been "no contemporaneous administrative findings" on the question of whether the PRRB considers the DSH Adjustment to constitute a single issue or whether the PRRB recognizes that each of the several DSH Adjustment components represents a separate issue. This flawed administrative record may be cured either by discovery or by a remand to the PRRB with a proper order to conduct appropriate proceedings .

    C.    <u>The Court's Decision On The Hospitals' Discovery Request In The Instant Case Is Not Governed By The Decision in *Rhode Island Hosp.*</u>

The Secretary urges the Court to reach the same conclusion as in *Rhode Island Hosp. v. Leavitt,* 2007 WL 294026 (D.R.I. 2007). (Secretary's Brief at 14-15.) The Court should reject this contention.

Preliminarily, the Hospitals respectfully observe that *Rhode Island Hosp.* is not precedent in the United States District Court for the District of Columbia. Of course, because the Court is venue for every hospital Medicare appeal, the Court is the leading jurisdiction for jurisprudence in that area of the law. 42 U.S.C. § 1395oo(f). As cited above, the United States Court of Appeals for the District of Columbia has recognized a "strong policy and a similarly large number of cases instructing this Court not to allow HCFA to pick and choose which information it includes in its administrative record." *National Medical Care, Inc. v. Shalala,* supra.

The instant case presents a significantly different procedural posture than *Rhode Island Hosp.* In that case, the Secretary sought a protective order pursuant to Fed. R. Civ. P. 26(c) (1). Thus, the hospital had the opportunity to serve its discovery request, regarding which the Secretary objected and sought a protective order. In the instant case, the Secretary objected to the Hospitals' mere statement of intent to conduct discovery and the Court denied the Hospitals' discovery request before it was requested or served upon the Secretary.

Thus, in *Rhode Island Hosp.* the court found that the Secretary showed good cause for obtaining the requested protective order. In the instant case, the Secretary has side stepped that obligation by thwarting the Hospitals' ability to request discovery in the first instance. Thus, although the Hospitals have proffered a reasonable, limited discovery request, the Secretary has

17

not been required to make a showing of good cause. Instead, the Secretary has objected on sweeping grounds based in general legal principles not applicable to the facts of this case.

Further, the court in *Rhode Island Hosp.* apparently determined that the PRRB jurisdiction decisions being challenged sufficiently explained the bases for the decisions. As stated by the court: "Both decisions contain the PRRB's position as to the relevant background and a brief narrative as to the basis for its decision and its reliance on certain sections of the PRRB Instructions issued under the authority of 42 U.S.C. § 1395§ 1395oo(e)." 2007 WL 294026 at.2. In the instant case, however, and as brief *supra*, the PRRB failed to reconcile its decision with the governing regulation and the PRRB Instructions. Moreover, the PRRB failed to explain why it prohibited the Hospitals from adding the DSH components that had not been included in a group appeal. Thus, faced with the administrative proceedings in the instant case, the *Rhode Island Hosp.* court may well have reached a different conclusion. Certainly this Court should do so.

The Court should recognize that *Rhode Island Hosp.* stands for the proposition that unpublished PRRB decisions are "evidence in the record" that is discoverable where there is any evidence of "inconsistent decisions." That is precisely the case here. Indeed, in *Rhode Island Hosp* the court emphasized the need to examine the evidence in the record and the applicable law:

> The Court must ultimately determine if the PRRB's decision is supported by substantial evidence in the record and the applicable law. The applicable law is contained in the U.S. Code, Code of Federal Regulations, the PRRB Instructions and any applicable case law. Prior [published] decisions are apparently available to the public[.]

Id. at *2. Unpublished PRRB decisions as those at issue here are, however, excluded from the "applicable law" because they are not "available to the public."[8] And if unpublished PRRB decisions are not part of the "applicable law," and they are considered by the PRRB, then these decision constitute "evidence in the record." Id. As such, they are plainly subject to discovery. *Natural Resources Defense Council, Inc*, 519 F.2d at 291-92. See also Fed. R. Civ. P. 26(b)(1).

Moreover, in *Rhode Island Hosp.*, the Court's declined the requested discovery only because the plaintiff offered "absolutely no factual support for the existence of inconsistent decisions[.]" Id. at * 2. In contrast, the Hospitals have proffered substantial evidence in the form of several inconsistent unpublished PRRB jurisdictional decisions. *See* Plaintiff's Memorandum at 11-12 (Exs 3, 4 and 5).

Plainly, *Rhode Island Hosp.* does not alter the long-standing principle that, because the whole record is not before the Court, the Secretary is subject to discovery.

---

[8] Even if the unpublished PRRB jurisdictional decisions were considered public documents, they must still be produced by Defendant. *See Occidental Petroleum Corporation v. S.E.C.*, 873 F.2d 325, 338 (D.C. Cir. 1989) (holding that SEC had burden to produce public sources).

III. Conclusion

For the reasons set forth in this brief and in their Opening Brief, the Hospitals request that this Court modify its scheduling order to allow for limited discovery and revise the briefing schedule to permit sufficient time in which to complete said discovery before briefing is due.

                Respectfully submitted,

                HONIGMAN MILLER SCHWARTZ AND COHN LLP

By:   Kenneth R. Marcus
       Kenneth R. Marcus (DC Bar No MI 0016)
       660 Woodward Avenue
       2290 First National Building
       Detroit, Michigan 48226
       Phone: 313 465 7470
       Fax: 313 465 7471
       kmarcus@honigman.com

and

ALDERMAN & DEVORSETZ, PLLC
/s/ Leslie D. Alderman III (DC Bar No 477750)
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@a-dlaw.com
COUNSEL FOR PLAINTIFFS

Date: March 12, 2007

DETROIT.2543142.1

20