EXHIBIT 2

DECLARATION OF JAMES C. RAVINDRAN

DATED FEBRUARY 9, 2007

## DECLARATION OF JAMES C. RAVINDRAN

I, James C. Ravindran, declare as follows:

1. I am a Certified Public Accountant and am principal of Quality Reimbursement Services, healthcare consultants in the business of assisting health care facilities in obtaining reimbursement from government entities for services rendered by such facilities. I have been performing my services as a healthcare reimbursement consultant for more than twenty (20) years.

2. I am the authorized representative for BMHCC 98 Medicare DSH Medicaid Proxy Group, PRRB Case No.04-0554G. The adverse jurisdictional decision by the PRRB in this case is the subject of the instant litigation in the U.S. District Court, District of Columbia case in Baptist Memorial Hospital – Golden Triangle et al v. Leavitt, Case No.1:06-cv-1413.

3. On February 16, 2007, I was present at a PRRB unrecorded proceeding relating to a separate group appeal. Those present at the hearing were the Chairperson, Ms. Suzanne Cochran, Esq., Board Members, Ms. Elaine Crews-Powell, Dr. Gary Blodgett and Ms. Yvette C. Hayes. During the proceedings, PRRB Case No.04-0554G and issues addressed in the case at bar were discussed.

4. At the proceedings on February 16, 2007 Chairperson, Ms. Suzanne Cochran and Board Member, Ms. Elaine Crews-Powell stated that the Board's policy was that general assistance was a separate issue and should not be included in the group appeal for Medicaid Eligible days. This was contrary to the Board's rulings on March 14, 2006, June 14, 2006 and September 5, 2006 which took the position that all issues relating to the Medicaid fraction used to compute Medicare Disproportionate Share payment constituted a single issue.

5. The instant matter involves, in part, the Board's decision to dismiss certain group appeals of Plaintiffs that were before the PRRB. As an experienced healthcare reimbursement consultant, I am keenly familiar with the statutory and regulatory provisions which state in pertinent part that the criteria for group appeals are that "the matters at issue involve a common question of fact or an interpretation of law, regulation or CMS ruling." Moreover, the published PRRB Instructions ("Instructions") on such appeals state that "a group appeal consists of *one issue only*, which involves a question of fact or an interpretation of law, regulation or CMS ruling." The CMS instructions, however, do not provide a definition nor an explanation of what

constitutes *one issue only,* and in my professional opinion, enables and even encourages the Board to issue arbitrary and capricious rulings as to what does, or does not qualify as a "single issue" appropriate to give rise to a group appeal designation. As set forth in the administrative record before this Court, it is quite apparent that the lack of certainty and clarity as to the precise definition of "group appeal" as relating to the requirement of *one issue only* has resulted in disarray and confusion, which in turn could have significant financial repercussions to the Plaintiffs in this case.

6. At the meeting on February 16, 2007 at the PRRB, the question of what issues can remain in the *individual* appeal after a common question of fact or an interpretation of law, regulation or CMS ruling were transferred to a Medicaid Eligible day group appeal was discussed. Chairperson, Ms. Suzanne Cochran and Board Member, Ms. Elaine Crews-Powell agreed that the entire appeal for the Medicaid proxy component need not be dismissed and other issues could be pursued through an individual appeal which is Provider specific and not the subject of the issues transferred to the group.

7. Conversely, in the Board's decision of September 5, 2006, the Board denied the Provider the right to pursue Provider specific issues on the Medicaid proxy and the SSI proxy which involves the reconciliation of the Provider's record with that of the intermediary and the agency. This is contrary to the interpretation of the Instructions of the Board as stated on February 16, 2007.

8. Since these rules are very general in nature and do not address specific issues such as the reconciliation of Provider's records on Medicaid days and SSI days with the intermediary and agency data, I deem it essential to allow Plaintiffs to conduct limited, focused discovery which is necessary to clarify the Board's position on these issues on whether they should be in an individual appeal or group appeal, and resolve this obvious disparity of opinion between the PRRB chairperson and board member present at the February 16, 2007 meeting on the one hand, and the Board's jurisdictional decision of September 5, 2006 on the other.

9. Over the past twenty years, during which time I have represented several providers on PRRB appeals filed with the Board, I am personally familiar with several appeals which have been dismissed by the Board for not filing a timely preliminary or final position paper, and where reinstatement requests were denied. On the other hand, I am also aware of other several

other matters and requests for reinstatement following similarly reasoned dismissals where the Board has reinstated such dismissed appeals based on explanations furnished by the providers. The Board has no published policy for what constitutes an adequate reason for reinstatement of such dismissed appeals. There are no such written guidelines set forth within the PRRB's published Instructions. Therefore, it is my professional opinion that in the absence of permitting the providers specific, focused discovery as to the Board's criteria and standards used for reinstatement following dismissal, one can only conclude that such determinations are wholly arbitrary, leading to uneven and contrary results.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March ___9th___, 2007 at Los Angeles, California.

_____
JAMES C. RAVINDRAN