# EX.16

# QUALITY REIMBURSEMENT SERVICES
## *Healthcare Consultants*

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**



April 18, 2002

Mr. Irwin W. Kues
Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Blvd., Suite L
Baltimore, MD 21244-2670

Re:  Provider Name      : BMH – St. Joseph Hospital
     Provider Name      : 44-0071
     PRRB Case Number : 01-3359
     Fiscal Year Ended  : December 10, 1998
     Final Position Paper

Dear Mr. Kues:

Enclosed herewith is a copy of the Provider's Final Position Paper for the above referenced appeal.

If you have any questions, please feel free to contact me at (626) 445-5092.

Sincerely,

J. C. Ravindran
President

cc:  Mr. Mike Shaver, Appeals Coordinator, Riverbend Government Benefits Administrators, 730 Chestnut Street, Third Floor, Chattanooga, TN 37402-1790

   Mr. Fred Staats, Reimbursement Manager, Baptist Memorial Healthcare Corporation, 899 Madison Avenue, Memphis, TN 38146

Encl.

ACM:DR

---

*150 N. Santa Anita Avenue, Ste. 570A, Arcadia, CA 91006 • Tel. (626) 445-5092 • Fax (626) 821-4488*
*Offices in : Spokane, Chicago, Colorado Springs, Detroit & Birmingham*

# **FINAL POSITION PAPER**

For Submission to

## PROVIDER REIMBURSEMENT REVIEW BOARD
## BALTIMORE, MARYLAND

| | |
|---|---|
| PROVIDER ) | |
| ) | |
| BMH - St. Joseph Hospital ) | |
| Provider No: 44-0071 ) | |
| FYE:  12/10/98 ) | |
|           vs. ) | PRRB Case No. 01-3359 |
| ) | |
| INTERMEDIARY ) | |
| ) | |
| Riverbend Government Benefits Administrators ) | |
| Provider Reimbursement Division ) | |

Submitted By

BMH – ST. JOSEPH HOSPITAL
6019 WALNUT GROVE ROAD
MEMPHIS, TN  38119
(901) 226-5000

# CONTENTS

|  | Page No. |
|---|---|
| Statement of Facts | 1 |
| Introduction | 2 |
| Medicare Disproportionate Share Payment: | |
|     Statement of Issue | 3 |
|     Law, Regulations of Program Policy | 4 |
|     Provider's Position | 5 |
|     Conclusion | 7 |
| Index to Exhibits | 8 |

## STATEMENT OF FACTS

| | | |
|---|---|---|
| Provider Name | : | BMH - St. Joseph Hospital |
| Provider Number | : | 44-0071 |
| Intermediary | : | Riverbend Government Benefits Admin. |
| Cost Reporting Period | : | 12/10/98 |
| PRRB Case Number | : | 01-3359 |
| Date of NPR | : | 07/26/01 |
| Date of Appeal | : | 08/16/01 |
| Type of Control | : | Nonprofit |
| Type of Provider | : | General Short Term Hospital |
| Method of Reimbursement | : | Prospective Payment System |

Intermediary Adjustment(s) Appealed:

| Adjustment Name | Est. Medicare Reimb. Effect |
|---|---|
| Disproportionate Share | $ 75,000 |
| SSI Proxy | $ 50,000 |

1

## INTRODUCTION

BMH - St. Joseph Hospital (Provider) is a Medicare certified, acute care hospital located in Memphis, Tennessee. The Provider filed a timely appeal with the Provider Reimbursement Review Board and was assigned case number 01-3359. The Intermediary excluded approximately $125,000 in settling its cost reports.

The adjustment amount $125,000 is largely attributable to the Intermediary's exclusion of Medicaid eligible days and understatement of the SSI percentage.

2

## STATEMENT OF ISSUE

Whether the Intermediary determined Medicare Reimbursement for Disproportionate Share Payments in accordance with the Medicare statute 42 U.S.C. Section 1395ww(d) (5) (C) (I). The amount in controversy is $125,000.

The Federal Appellate Courts for the Fourth, Sixth, Eighth and Ninth Circuits held that in determining the Medicaid proxy used to calculate Medicare DSH payment, the Secretary was required to count all patient days attributable to patients who were eligible for medical assistance under a state Medicaid plan regardless of whether the days were actually paid by the state plan. To ensure national uniformity in the calculation of the DSH adjustment, HCFA issued Ruling No.97-2 accepting the decisions of the Federal Appellate Courts.

The Intermediary has not complied with the above mentioned Circuit Court of Appeals decisions and HCFAR 97-2.

The Provider further contends that the SSI ratio used to determine Medicare Disproportionate Share payments is not in accordance with the Provider's underlying records.

3

## LAW, REGULATIONS AND PROGRAM POLICY

Law            :                Social Security Act

                                Section 1886(d)(5)(F)

Regulations    :                42 C.F.R., Part 412, Subpart H

                                Section 412.106

Program Policy :                Federal Register

                                Vol. 51, No. 87/Tuesday, May 6, 1986

                                Vol. 51, No. 170/Wednesday, September 3, 1986

4

## PROVIDER'S POSITION

The Provider contends that the Intermediary's determination for Medicare Reimbursement for Disproportionate Share Payments was not in accordance with the Medicare statute 42 U.S.C. 1395ww(d) (5) (C) (i). The amount at issue is $125,000.

### Calculation of Medicaid Days

The Federal Appellate Court for the United States Eastern District of Missouri (in <u>Deaconess Medical Center vs. Donna E. Shalala, Secretary of Health & Human Services</u>) affirmed the Provider position that all Medicaid eligible days should be included in the calculation of the Medicare Disproportionate Share Adjustment. Similar decisions were rendered by the Federal Sixth Circuit Court of Appeals (in <u>Jewish Hospital vs. Shalala</u>) and in the Federal Ninth Circuit Court of Appeals (in <u>Legacy Emanuel Hospital v. Shalala</u>).

In a recent communication regarding the decision of the Ninth Circuit Court of Appeals in <u>Legacy Emanuel Hospital & Health Center v. Secretary of Health & Human Services</u> (October 9, 1996), HCFA provided instructions to regional offices on counting Medicaid days for purposes of the DSH payment:

The decision in the Sixth Circuit Court of appeals in <u>Jewish Hospital vs. Shalala</u> was consistent with the decision in Legacy Emanuel Hospital & Health Center case with regard to the interpre-

5

tation of the Medicare Statute on the inclusion of Medicaid eligible days in the Medicaid proxy. The Provider then concludes that all Medicaid eligible days should be included in the Medicaid proxy as per HCFA's instruction pursuant to the Legacy Emanuel Hospital & Health Center case.

**SSI PROXY**

The Intermediary's Disproportionate Share Payment was based on the Supplemental Security Income (SSI) ratio published by HCFA and other statistics determined by the Intermediary.

The Provider contends that the SSI ratio published by HCFA was incorrectly computed. The Provider serves a significantly disproportionate number of low income, elderly and disabled patients. The SSI ratio computed by HCFA for BMH - St. Joseph Hospital did not include all of these eligible SSI recipients.

The Provider has requested the Division of Hospital Payment Policy at HCFA to identify the patients in the computation of the SSI percentage portion of the Disproportionate Share factor by their Medicare Numbers.

On receipt of the data from CMS, the Provider will furnish a reconciliation of the SSI data that should be used in settling the cost report based on the Provider's underlying records.

## CONCLUSION

The Provider requests the Board to adjust the SSI data in accordance with the Provider's underlying records.

The Provider requests the Board to compel the Intermediary to compute the Medicaid ratio using patient days applicable to all Medicaid eligible patients to comply with the decisions of the four Circuit Courts of Appeal and HCFAR 97-2.

# EXHIBITS

Exhibit 1 : Eighth Circuit Court of Appeals Decision Case No. 95-4126EM, dated May 22nd, 1996 - Deaconess Health Services v. Shalala.

Exhibit 2 : U.S. District Court, Eastern District of Missouri, Eastern Division Decision, No. 4:93 CV 1594 DDN, dated October 16, 1995 - Deaconess Health Services Corp. v. Shalala.

Exhibit 3 : Letter dated October 19, 2000 from Marcus H. Christ Jr., Office of the General Counsel on release of SSI data.

Exhibit 4 : Graph reflecting SSI statistics from 1985 through 1999.

Exhibit 5 : Disproportionate Share Calculation for FYE December 10, 1998.

8