# EX.22

## *QUALITY REIMBURSEMENT SERVICES*
### *Healthcare Consultants*

<u>Via United Parcel Service</u>



February 6, 2007

Ms. Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement & Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

Re: Request for Expedited Judicial Review
BMHCC 98 Medicare DSH Medicaid Proxy Group
PRRB Case No. 04-0554G
Provider: BMH – Union City (# 44-0130)
Fiscal Intermediary: Riverbend Government Benefits Administrator

Dear Ms. Cochran:

Quality Reimbursement Services is the group representative for the above referenced group appeal. By this letter, we hereby close this group. The documentation enclosed with this letter includes all necessary documentation for closure in accordance with the Group Appeal instructions issued by the Provider Reimbursement Review Board (the "Board").

In addition, pursuant to Section 1878 (f)(1) of the Social Security Act (the "Act"), the group participant providers ("Hospitals" or "Providers") hereby request expedited judicial review ("EJR"). As discussed in Section II below, EJR should be granted because the group participants challenge the legality of a regulation, 42 C.F.R. § 412.106(b)(4)(ii), by which the Secretary of Health and Human Services (the "Secretary") excludes Section 1115 expanded waiver days from the Medicaid days portion of the Disproportionate Share ("DSH") calculation for discharges prior to January 20, 2000. Such exclusion violates the Medicare DSH statute, 42 U.S.C. § 1395ww(d), and hence, EJR should be granted.

I. <u>JURISDICTIONAL DOCUMENTS</u>

The above referenced Provider, BMH–Union City is included in the group appeal, PRRB Case No.04-0554G. The jurisdictional documents were submitted with the Provider's preliminary position paper on March 25, 2005. The Intermediary did not raise any jurisdictional objections.

We are enclosing copies of the jurisdictional documents that were furnished previously to the Intermediary.

*150 N. Santa Anita Avenue, Ste 570A, Arcadia, CA 91006 • Tel. (626) 445-5092 • Fax (626) 821-4488*
*Offices in: Spokane, Chicago, Colorado Springs, Detroit & Birmingham*

Suzanne Cochran, Esq.
February 6, 2007
Page 2 of 5

We are also including a copy of the Intermediary's position paper for Group Appeal Case No. 04-0554G that addresses the issue relating to the inclusion of Section 1115 Expanded Waiver Days in the Medicaid Proxy.

## II. REQUEST FOR EJR

The Providers hereby request EJR, which is appropriate and required in this case. One of the issues in the group appeal challenges as violative of the Medicare disproportionate share ("DSH") statute, the Secretary's regulation at 42 C.F.R. § 412.106(b)(4)(ii), which reflects numerous policy statements and by which the Secretary excluded from the DSH Medicaid-eligible day count prior to January 20, 2000 all expanded Section 1115 waiver days. The Board lacks authority to invalidate the Secretary's regulation and the intermediary action mandated by the regulation and the Secretary's announced instructions. The nature of the issue and the appropriateness of EJR are discussed below.

### A. The Disproportionate Share Adjustment

Pursuant to the Comprehensive Omnibus Reconciliation Act of 1985 ("COBRA"), Congress created an adjustment to Prospective Payment ("PPS") rates for hospitals serving a "significantly disproportionate number of low income patients." 42 U.S.C. § 1395ww(d)(5)(F). This DSH adjustment requires the Secretary to adjust PPS payments for hospitals that provide in-patient services to a disproportionate share of low-income patients. The statute, 42 U.S.C. § 1395ww(d)(5)(F), provides for two proxies as measures of the volume of low-income patients served by a hospital: (1) the percentage of total Medicare inpatient days provided to low-income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act) ("Medicare fraction"); and (2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a state Plan approved under [the Medicaid program]" ("Medicaid fraction"). The sum of these two fractions constitutes the individual hospital's disproportionate patient percentage.

This appeal concerns the Secretary's interpretation of the Medicaid fraction. Subsequent to the passage of 42 U.S.C. § 1395ww(d)(5)(F)(vi) in 1986, the Secretary established a policy through formal issuances and binding policy statements, and ultimately promulgated a regulation, interpreting the Medicaid fraction as not including inpatient days attributed to section 1115 expanded waiver days, for discharges prior to January 20, 2000. 42 C.F.R. §412.106(b)(4). The Provider group's appeal challenges the validity of the regulation and the Secretary's statutory interpretation on which it is based. As mandated by the Medicare statute and congressional intent, the Medicaid fraction must include these expanded waiver days prior to January 20, 2000.

### B. Section Expansion Waivers 1115

Some states provide medical assistance (Medicaid) under a demonstration project referred to as a section 1115 waiver. *See* Social Security Act ("SSA") § 1115. Under such

waiver, the federal government waives certain Medicaid requirements in SSA § 1902 (such as freedom of choice, comparability, and statewide applicability) in order to implement certain experimental or demonstration projects under the state plan. *Id.*

In enacting the Section 1115 waiver provision, Congress mandated that Section 1115 programs be regarded as programs approved under State plans. The statute provides that, the costs of such project which would not otherwise be included as expenditures under section 3, 455, 1003, 1403, 1603, or 1903 as the case may be, and which are not included as part of the costs of projects under Section 1115, shall, to the extent and for the period prescribed by the Secretary, be regarded as expenditures under the State plan or plans approved under such title. SSA § 1115(a)(2)(A).

In some cases, Section 1115 waivers cover patients that otherwise could have been made eligible for Medicaid under the State plan. In other cases, the Section 1115 waiver may provide for medical assistance to expanded eligibility populations of low income-individuals who could not otherwise be made eligible for Medicaid (these populations are known as "low income expansion populations" and the inpatient days attributed to their care are known as "expanded waiver days"). CMS has acknowledged that one purpose of the Section 1115 waiver is to extend Title XIX matching payments to services furnished to populations that otherwise could not have been made eligible for Medicaid. *See* Interim Final Rule, 65 FR 3136, Jan. 20, 2000 (the "Interim Final Rule"). CMS has also stated that the statute allows for the expansion populations to be treated as Medicaid beneficiaries. *Id.* The Provider group contends that the Medicare statute and congressional intent require that these days be included in the Medicaid fraction portion of the DSH calculation.

C.  <u>CMS' Unlawful Preclusion of Section 1115 Expanded Waiver Days in the DSH Medicaid Fraction</u>

The Secretary has interpreted the Medicare statute as precluding inclusion of the expanded waiver days in the Medicaid fraction of the DSH calculation, and in fact has issued numerous binding policy statements and memoranda prohibiting providers from claiming, and intermediaries from counting, expanded waiver days in the DSH calculation. For example, the Secretary issued an Interim Final Rule 65 FR 3136 on Jan. 20, 2000 (Attached) to specifically address its long-standing and binding policy to preclude inclusion of Section 1115 expanded waiver days in the DSH calculation. The Secretary clearly stated through his agent CMS as follows:

> Under current policy, hospitals were to include in the Medicare DSH calculation only those days for populations under the Section 1115 waiver who were or could have been made eligible under a State plan. Patient days of the expanded eligibility groups, however, were not to be included in the Medicare DSH calculation.

*Id.*, at Section I.B.

Suzanne Cochran, Esq.
February 6, 2007
Page 4 of 5

Moreover, with that Interim Final Rule, and with Final Rule 65 FR 47054 (Aug. 1, 2000) (attached), CMS promulgated a regulation that permitted inclusion of expanded waiver days in the Medicaid fraction for discharges on or after January 20, 2000, but expressly prohibited their inclusion for discharges **prior** to January 20, 2000. The regulatory provision, 42 C.F.R. § 412.106(b)(4)(ii) (attached) provides,

> Effective with discharges occurring on or after January 20, 2000, for purposes of counting days under paragraph (b)(4)(i) of this section, hospitals may include all days attributable to populations eligible for Title XIX matching payments through a waiver approved under Section 1115 of the Social Security Act.

Even before the promulgation of the above limiting regulation, CMS issued policy statements to prohibit the inclusion of waiver days in the Medicaid Fraction. For example, CMS issued Transmittal No. A-99-62, December 1999 (attached), to reiterate its interpretation of days to be included in the Medicaid fraction of the DSH calculation, and to hold certain providers harmless for the erroneous inclusion of unallowable days under certain circumstances. In the transmittal, CMS identified "ineligible waiver or demonstration population days" as days that are not includable in the DSH calculation.

The Secretary's interpretation of the Medicare DSH statute as evidenced in the promulgation of 42 C.F.R. § 412.106(b)(4)(ii) and numerous policy statements, violates the Medicare statute and congressional intent and is therefore invalid.

D.  **EJR is Appropriate Because the Board Has No Authority To Decide Issues of Governing Law, Regulation, or CMS Policy Statements**

Under § 1878(f)(1) of the Social Security Act (42 U.S.C. § 1395oo(f)(1)), the Board must grant EJR if it lacks the authority to decide a question of "law, regulation, or CMS Ruling" raised by a provider. *See also*, 42 C.F.R. § 405.1842; PRM-I § 2920.3; and Board Instructions Part I.E.

Here, the Hospitals challenge the validity of 42 C.F.R. § 412.106(b)(4)(ii) and the Secretary's interpretation of the Medicare DSH statute, 42 U.S.C. § 1395ww(d)(5), to exclude Section 1115 expanded Waiver days in the DSH calculation. The Hospitals seek to invalidate the Secretary's regulation and mandatory policy issuances that exclude such days for discharges prior to January 20, 2000. The issue in this group appeal, as stated in the group representative's August 11, 2005 letter establishing this appeal, reflects the Provider group's challenge to a CMS law, regulation, or binding policy statement:

> Whether the Intermediary's determination of DSH eligibility and/or the DSH adjustment, as required by the Health Care Financing Administration's ("HCFA") [now CMS] unlawful interpretation of the DSH statute 42 U.S.C. § 1395ww(d)(5)(f), to exclude [expand] Section 1115 waiver days in the Medicaid days portion of the DSH calculation for discharges prior to January 20, 2000

[promulgated as regulation 42 C.F.R. § 412.106(b)(4)(ii)], violates the DSH statute.

Because the legal issue presented in this appeal concerns the validity under the Medicare DSH statute of a regulation and its underlying policy, the Board has no authority to provide the ruling and relief sought. Therefore, the Board must grant the Provider group's request for EJR.

E.  Factual Issues

This appeal involves a legal issue — the validity of a CMS regulation (and policy). There are no pertinent factual issues in dispute.

III.  **CONCLUSION**

Based on the foregoing discussion and referenced documentation, the group representative hereby requests that the Board grant, within the thirty-day period mandated by the Medicare statute, the Hospitals' petition for EJR.

Please notify the undersigned if the Board has any questions or requires any further documentation regarding this request.

Sincerely,

J. C. Ravindran
President

cc:   Mr. Mike Shaver, Appeals Coordinator, Riverbend Government Benefits Administrator, 730 Chestnut Street, Chattanooga, TN 37402

   Mr. Paul Trower, System Director of Reimbursement, Baptist Memorial Healthcare Corporation, 350 N. Humphreys, Memphis, TN 38120-2177

Enclosures

JCR:DR



# Shipment Receipt

(Keep this for your records.)

Transaction Date 06 Feb 2007

## Address Information

**Ship To:**
Provider Reimbursement Review Board
Suzanne Cochran, Esq., Chairperson
(410) 786-5591
2520 Lord Baltimore Dr., Suite L
BALTIMORE MD 21244-2670

**Shipper:**
Quality Reimbursement Services
J.C. Ravindran
(626) 455-5092
150 N Santa Anita Ave
RM. 570A, FL. 5
Arcadia CA 91006

**Ship From:**
Quality Reimbursement Services
J.C. Ravindran
(626) 455-5092
150 N Santa Anita Ave
RM. 570A, FL. 5
Arcadia CA 91006

## Shipment Information

| | | |
|---|---|---|
| Service: | UPS Next Day Air Saver | |
| *Guaranteed By: | 3:00 PM, Wed. 7 Feb. 2007 | |
| Quantum View Notify SM 1: Ship; Delivery | corporate@qualityreimbursement.com | |
| E-mail Failure Notification: | corporate@qualityreimbursement.com | No Charge |
| Quantum View Notify SM | Total: | No Charge |
| Shipping: | | **20.55 |

## Package Information

**Package 1 of 1**
Tracking Number: 1ZF902551399891229
Package Type: UPS Letter
Actual Weight: Letter
Billable Weight: Letter
Reference#1: Ltr Req EJR on BMHCC 98 MCD Group

## Billing Information

Bill Shipping Charges to: Shipper's Account F90255

Total: All Shipping Charges in USD    **20.55

Note: Your invoice may vary from the displayed reference rates.

* For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for International services.

** Rate includes a fuel surcharge.

**Responsibility for Loss or Damage**
Unless a greater value is recorded in the declared value field as appropriate for the UPS shipping system used, the shipper agrees that the released value of each package covered by this receipt is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation. If additional protection is desired, a shipper may increase UPS's limit of liability by declaring a higher value and paying an additional charge. UPS does not accept for transportation and shipper's requesting service through the Internet are prohibited from shipping packages with a value of more than $50,000. The maximum liability per package assumed by UPS shall not exceed $50,000, regardless of value in excess of the maximum. Claims not made within nine months after delivery of the package (sixty days for international shipments), or in the case of failure to make delivery, nine months after a reasonable time for delivery has lapsed (sixty days for international shipments), shall be deemed waived. The entry of a C.O.D. amount is not a declaration of value for carriage purposes. All checks or other negotiable instruments tendered in payment of C.O.D. will be accepted by UPS at shipper's risk. UPS shall not be liable for any special, incidental, or consequential damages. All shipments are subject to the terms and conditions contained in the UPS Tariff and the UPS Terms and Conditions of Service, which can be found at www.ups.com.

https://www.ups.com/uis/create?ActionOriginPair=print...    PrinterPage&PORTD_LEVEL=1&Printer...    2/6/2007



☒ Close Window

## Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z F90 255 13 9989 122 9 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered on: | 02/07/2007  10:16 A.M. |
| Signed by: | LANGSTON |
| Location: | MAIL ROOM |
| Delivered to: | WINDSOR MILL, MD, US |
| Shipped or Billed on: | 02/06/2007 |
| Service Type: | NEXT DAY AIR SAVER |

**Package Progress**

| Location | Date | Local Time | Description |
|---|---|---|---|
| BALTIMORE, MD, US | 02/07/2007 | 10:16 A.M. | DELIVERY |
| | 02/07/2007 | 9:33 A.M. | OUT FOR DELIVERY |
| | 02/07/2007 | 6:52 A.M. | ARRIVAL SCAN |
| LINTHICUM, MD, US | 02/07/2007 | 6:22 A.M. | DEPARTURE SCAN |
| | 02/07/2007 | 5:42 A.M. | ARRIVAL SCAN |
| LOUISVILLE, KY, US | 02/07/2007 | 4:28 A.M. | DEPARTURE SCAN |
| | 02/07/2007 | 2:23 A.M. | ARRIVAL SCAN |
| ONTARIO, CA, US | 02/06/2007 | 7:41 P.M. | DEPARTURE SCAN |
| | 02/06/2007 | 6:44 P.M. | ARRIVAL SCAN |
| BALDWIN PARK, CA, US | 02/06/2007 | 6:12 P.M. | DEPARTURE SCAN |
| | 02/06/2007 | 6:03 P.M. | ORIGIN SCAN |
| | 02/06/2007 | 5:10 P.M. | PICKUP SCAN |
| | 02/06/2007 | 4:53 P.M. | PICKUP SCAN |
| US | 02/06/2007 | 4:56 P.M. | BILLING INFORMATION RECEIVED |

Tracking results provided by UPS: 02/17/2007  5:25 P.M. EST (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.



## Shipment Receipt

(Keep this for your records.)

Transaction Date 06 Feb 2007

**Address Information**

| Ship To: | Shipper: | Ship From: |
|---|---|---|
| Riverbend GBA | Quality Reimbursement Services | Quality Reimbursement Services |
| Mr.Mike Shaver, Appeals Coordinator | J.C. Ravindran | J.C. Ravindran |
|  | (626) 455-5092 | (626) 455-5092 |
| (723) 755-5906 | 150 N Santa Anita Ave | 150 N Santa Anita Ave |
| 730 Chestnut Street, 3rd Floor | RM. 570A, FL. 5 | RM. 570A, FL. 5 |
| CHATTANOOGA TN 37402-1729 | Arcadia CA 91006 | Arcadia CA 91006 |

**Shipment Information**

| | |
|---|---|
| Service: | UPS Next Day Air Saver |
| *Guaranteed By: | 3:00 PM, Wed. 7 Feb. 2007 |
| Quantum View Notify SM 1: Ship; Delivery | corporate@qualityreimbursement.com |
| Quantum View Notify SM 2: Ship; Delivery | Mike_Shaver@bcbst.com |
| E-mail Failure Notification: | corporate@qualityreimbursement.com . . . . . . . . . . . . . . . . . No Charge |
| Quantum View Notify SM | Total: . . . . . . . . . . . . . . . . . No Charge |

Shipping: . . . . . . . . . . . . . . . . . **20.55

**Package Information**

Package 1 of 1
Tracking Number: 1ZF902551395217830
Package Type: UPS Letter
Actual Weight: Letter
Billable Weight: Letter
Reference#1: Ltr Req EJR on BMHCC 98 MCD Group

**Billing Information**

Bill Shipping Charges to:    Shipper's Account F90255

Total:    All Shipping Charges in USD    **20.55

Note: Your invoice may vary from the displayed reference rates.

* For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for international services.

** Rate includes a fuel surcharge.

**Responsibility for Loss or Damage**
Unless a greater value is recorded in the declared value field as appropriate for the UPS shipping system used, the shipper agrees that the released value of each package covered by this receipt is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation. If additional protection is desired, a shipper may increase UPS's limit of liability by declaring a higher value and paying an additional charge. UPS does not accept for transportation and shipper's requesting service through the Internet are prohibited from shipping packages with a value of more than $50,000. The maximum liability per package assumed by UPS shall not exceed $50,000, regardless value in excess of the maximum. Claims not made within nine months after delivery of the package (sixty days for international shipments), or in the case of failure to make delivery, nine months after a reasonable time for delivery has elapsed (sixty days for international shipments), shall be deemed waived. The entry of a C.O.D. amount is not a declaration of value for carriage purposes. All checks or other negotiable instruments tendered in payment of C.O.D. will be accepted by UPS at shipper's risk. UPS shall not be liable for any special, incidental, or consequential damages. All shipments are subject to the terms and conditions contained in the UPS Tariff and the UPS Terms and Conditions of



**X Close Window**

# Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z F90 255 13 9521 783 0 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered on: | 02/07/2007 12:23 P.M. |
| Signed by: | WOMACK |
| Location: | DOCK |
| Delivered to: | CHATTANOOGA, TN, US |
| Shipped or Billed on: | 02/06/2007 |
| Service Type: | NEXT DAY AIR SAVER |

**Package Progress**

| Location | Date | Local Time | Description |
|---|---|---|---|
| CHATTANOOGA, TN, US | 02/07/2007 | 12:23 P.M. | DELIVERY |
| | 02/07/2007 | 8:46 A.M. | OUT FOR DELIVERY |
| | 02/07/2007 | 7:56 A.M. | ARRIVAL SCAN |
| KNOXVILLE, TN, US | 02/07/2007 | 6:00 A.M. | DEPARTURE SCAN |
| | 02/07/2007 | 5:37 A.M. | ARRIVAL SCAN |
| LOUISVILLE, KY, US | 02/07/2007 | 4:48 A.M. | DEPARTURE SCAN |
| | 02/07/2007 | 2:23 A.M. | ARRIVAL SCAN |
| ONTARIO, CA, US | 02/06/2007 | 7:41 P.M. | DEPARTURE SCAN |
| | 02/06/2007 | 6:44 P.M. | ARRIVAL SCAN |
| BALDWIN PARK, CA, US | 02/06/2007 | 6:12 P.M. | DEPARTURE SCAN |
| | 02/06/2007 | 6:01 P.M. | ORIGIN SCAN |
| | 02/06/2007 | 5:10 P.M. | PICKUP SCAN |
| | 02/06/2007 | 4:53 P.M. | PICKUP SCAN |
| US | 02/06/2007 | 4:57 P.M. | BILLING INFORMATION RECEIVED |

Tracking results provided by UPS: 02/17/2007 5:45 P.M. EST (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.

**X Close Window**

Copyright © 1994-2007 United Parcel Service of America, Inc. All rights reserved.





## Shipment Receipt

(Keep this for your records.)

**Transaction Date** 06 Feb 2007

**Address Information**

| **Ship To:** | **Shipper:** | **Ship From:** |
|---|---|---|
| Baptist Memorial Healthcare Corp. | Quality Reimbursement Services | Quality Reimbursement Services |
| Mr. Paul W. Trower, Dir. of Reimb. | J.C. Ravindran | J.C. Ravindran |
| (901) 227-7754 | (626) 455-5092 | (626) 455-5092 |
| 350 N. Humphreys | 150 N Santa Anita Ave | 150 N Santa Anita Ave |
| 3rd Floor | RM. 570A, FL. 5 | RM. 570A, FL. 5 |
| MEMPHIS TN 38120-2177 | Arcadia CA 91006 | Arcadia CA 91006 |

**Shipment Information**

| | | |
|---|---|---|
| **Service:** | UPS Next Day Air Saver | |
| *Guaranteed By: | 3:00 PM, Wed. 7 Feb. 2007 | |
| **Quantum View Notify SM 1:** Ship; Delivery | corporate@qualityreimbursement.com | |
| **Quantum View Notify SM 2:** Ship; Delivery | paul.trower@bmhcc.org | |
| **E-mail Failure Notification:** | corporate@qualityreimbursement.com.................. | No Charge |
| **Quantum View Notify SM** | Total: .................. | No Charge |

**Shipping:** .................. **19.67

**Package Information**

**Package 1 of 1**

| | |
|---|---|
| Tracking Number: | 1ZF902551390820142 |
| Package Type: | UPS Letter |
| Actual Weight: | Letter |
| Billable Weight: | Letter |
| Reference#1: | Ltr Req EJR on BMHCC 98 MCD Group |

**Billing Information**

**Bill Shipping Charges to:** Shipper's Account F90255

**Total:** **All Shipping Charges in USD** ****19.67**

**Note:** Your invoice may vary from the displayed reference rates.

* For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for international services.

** Rate includes a fuel surcharge.

**Responsibility for Loss or Damage**
Unless a greater value is recorded in the declared value field as appropriate for the UPS shipping system used, the shipper agrees that the released value of each package covered by this receipt is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation. If additional protection is desired, a shipper may increase UPS's limit of liability by declaring a higher value and paying an additional charge. UPS does not accept for transportation and shipper's requesting service through the Internet are prohibited from shipping packages with a value of more than $50,000. The maximum liability per package assumed by UPS shall not exceed $50,000, regardless value in excess of the maximum. Claims not made within nine months after delivery of the package (sixty days for international shipments), or in the case of failure to make delivery, nine months after a reasonable time for delivery has elapsed (sixty days for international shipments), shall be deemed waived. The entry of a C.O.D. amount is not a declaration of value for carriage purposes. All checks or other negotiable instruments tendered in payment of C.O.D. will be accepted by UPS at shipper's risk. UPS shall not be liable for any special, incidental, or consequential damages. All shipments are subject to the terms and conditions contained in the UPS Tariff and the UPS Terms and Conditions of

✖ Close Window

# Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z F90 255 13 9082 014 2 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered on: | 02/07/2007 10:23 A.M. |
| Signed by: | SCOTT |
| Location: | RECEIVER |
| Delivered to: | MEMPHIS, TN, US |
| Shipped or Billed on: | 02/06/2007 |
| Service Type: | NEXT DAY AIR SAVER |

**Package Progress**

| Location | Date | Local Time | Description |
|---|---|---|---|
| MEMPHIS, TN, US | 02/07/2007 | 10:23 A.M. | DELIVERY |
| | 02/07/2007 | 7:10 A.M. | OUT FOR DELIVERY |
| | 02/07/2007 | 6:10 A.M. | ARRIVAL SCAN |
| | 02/07/2007 | 5:45 A.M. | DEPARTURE SCAN |
| | 02/07/2007 | 4:54 A.M. | ARRIVAL SCAN |
| LOUISVILLE, KY, US | 02/07/2007 | 4:36 A.M. | DEPARTURE SCAN |
| | 02/07/2007 | 2:23 A.M. | ARRIVAL SCAN |
| ONTARIO, CA, US | 02/06/2007 | 7:41 P.M. | DEPARTURE SCAN |
| | 02/06/2007 | 6:44 P.M. | ARRIVAL SCAN |
| BALDWIN PARK, CA, US | 02/06/2007 | 6:12 P.M. | DEPARTURE SCAN |
| | 02/06/2007 | 6:04 P.M. | ORIGIN SCAN |
| | 02/06/2007 | 5:10 P.M. | PICKUP SCAN |
| | 02/06/2007 | 4:53 P.M. | PICKUP SCAN |
| US | 02/06/2007 | 7:14 P.M. | BILLING INFORMATION RECEIVED |

Tracking results provided by UPS: 02/17/2007 5:46 P.M. EST (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.

✖ Close Window

Copyright © 1994-2007 United Parcel Service of America, Inc. All rights reserved.