# Exhibit 1



Bennett Bigelow & Leedom, P.S.

Law Offices

Sanford E. Pitler
Attorney
pitler@bbllaw.com

May 3, 2007

**VIA FEDERAL EXPRESS**

Suzanne Cochran
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

> Re:    Baptist Memorial Hospital-St. Joseph
>        Provider No. 44-0071
>        FPE: 12/10/1998
>        PRRB Case No. 01-3359
>        **Request To Add Issues**

Dear Chairperson Cochran:

Bennett Bigelow & Leedom, P.S., serves as the Provider Representative for the above-referenced appeal for Baptist Memorial Hospital – St. Joseph (the "Provider"). With the hearing in the above-referenced appeal scheduled for May 31, 2007, the Provider retains the right to add one or more issues to the appeal prior to the hearing under 42 C.F.R. § 405.1841(a) and Board Instruction II.C.VI (page 10). The Provider hereby requests to add to its appeal two issues (described in more detail below) regarding the Intermediary's computation of the Medicare disproportionate share hospital ("DSH") adjustment. The Provider advises the Board that issues inherent in the Intermediary's computation of the Medicare DSH adjustment have been the subject of previous correspondence with the Board in the context of a request to transfer certain DSH issues to group appeals, such requests the Board denied by letter dated September 5, 2006. Although we acknowledge the Board's admonition in that letter to "stop wasting the Board's time," the Provider makes its requests herein to clarify the record for the purposes of the upcoming hearing and/or for the purpose of protecting the Provider's right to judicial review of the entire situation.

Suzanne Cochran, Chairperson
May 3, 2007
Page 2

## **Background**

By letter dated September 5, 2006, the Board previously denied the request of the Provider to transfer the Medicaid Proxy issue from the above-referenced appeal to Group Appeal Case No. 04-0554G and the Medicare Proxy to Group Appeal Case No. 04-0553G. The Board reasoned that the Provider waived the right to transfer these issues because these issues had been included in two earlier group appeals which had been dismissed.[1] The Board characterized the issues being transferred as the same as previously dismissed, and found that the Provider could not appeal these "identical issues" by seeking to transfer them into a different set of group appeals (Group Appeal Case No. 04-0554G and Group Appeal Case No. 04-0553G). With the Board characterizing its September 5, 2006 letter as its "**final decision** regarding these issues for this Provider for this fiscal year end" (emphasis in original), and noting that the Provider's only recourse was to appeal, the Provider commenced an action in the United States District Court for the District of Columbia entitled: *Baptist Memorial Hospital-Golden Triangle, Baptist Memorial Hospital-DeSoto and Baptist Memorial Hospital-St. Joseph v. Michael O. Leavitt, Secretary of Health and Human Services* (Case No. 06-1413).

The Provider notes, however, under the Board's Instructions, a Provider has the right to appeal a "final" Board decision **"that disposes of an entire appeal for a particular cost year."** Instructions, II.B.1.b. (page 4) (emphasis added). The Board's September 5, 2006 letter, however, only addressed the transfer issue and the above-referenced case continues to exist with a hearing set for May 31, 2007. Thus, the Board's September 5, 2006, letter may not be viewed as a final decision for the purpose of an appeal because it did not constitute a final decision that "disposes of an entire appeal for a particular cost year." This letter clarifies that the Provider believes it has the right to *add* the DSH adjustment issues to the captioned appeal, and the purpose of this letter is to present that request to the PRRB. We make this request knowing that the Board's prior statements in the context of the group appeal proceedings strongly suggest that the Board will deny the Provider's request to add the DSH adjustment issues to the captioned appeal. Nevertheless, it is important for the administrative record to clearly and unambiguously reflect that the Provider has made a request to add the DSH adjustment issues and that the Board considered and issued a final decision regarding that request.

---

[1]   BMHCC 98 Medicare DSH SSI Proxy Group Appeal, Case No. 02-1736G and BMHCC 98 Medicaid Eligible Days Group, Case No. 02-1735G.

Suzanne Cochran, Chairperson
May 3, 2007
Page 3

## Request To Add Issues

The Provider requests addition of the following DSH adjustment components to this appeal:

1. ### Medicaid Proxy Percentage: Expanded Section 115 Waiver Days

   Audit Adjustment #24
   Reimbursement Amount: $749,356

   Whether the regulation at 42 C.F.R. § 412.106(b)(4)(ii) promulgated by the Secretary of Health and Human Services violates the Medicare Disproportionate Share ("DSH") statute, 42 U.S.C. § 1395ww(d), in that the challenged regulation required the Intermediary to exclude the Provider's 2,353 Section 1115 expanded waiver days from the Medicaid days portion of the DSH calculation for the Provider's FPE 12/10/98 Medicare cost report.

   Please note, if the Board authorizes the addition of this issue, the Provider has enclosed a Request for Expedited Judicial Review.

2. ### Medicaid Proxy Percentage: Medicaid eligible paid and unpaid days

   Audit Adjustment #24
   Reimbursement Amount: $380,840

Whether the finalized cost report accurately reflected the Provider's Medicaid paid and unpaid but eligible days, when the information obtained from the respective state agencies did not reconcile with the Provider's underlying records, the finalized Medicaid day total did not include paid and eligible days adjudicated and processed after the cut-off date used by the Fiscal Intermediary, and did not include all out-of-state paid and eligible days. The result being that the finalized Medicaid day total should be increased by 1,196 Medicaid eligible paid and unpaid days.

3. ### SSI Proxy

   Audit Adjustment #24
   Reimbursement Amount: $50,800

Whether the SSI percentage (proxy) used to compute Medicare Disproportionate Share (DSH) payments has been determined in accordance with the Medicare statutes, 42 U.S.C. Section 1395(d)(5)(F)(vi)(I). Specifically, the Intermediary has not reflected the

Suzanne Cochran, Chairperson
May 3, 2007
Page 4

recalculated SSI percentage for the Provider's fiscal period ending December 10, 1998, in accordance with 42 CFR §412.106(b)(3). The Provider's reconciliation of the MEDPAR data obtained from CMS reflects Medicare SSI days of 8,011 and covered Medicare days of 27,966, resulting in a revised SSI percentage of .286455 for the fiscal period 12/01/97 to 12/10/98. The Intermediary has not reflected the adjustment requested by the Provider in its letter dated 1/13/05 to Mr. Don Romano, Office of General Counsel, Department of Health & Human Services, which included a detailed reconciliation.

### Points For The Board's Consideration

The Provider requests that the Board consider this request as soon as possible given that the hearing has been scheduled for May 31, 2007. As the Board considers this request, the Provider offers the following points for the Board to weigh.

A.    The Board Instructions recognize that the DSH adjustment consists of several components, and expressly notes that "if you are appealing an aspect of the disproportionate share (DSH) adjustment factor or calculation, do not define the issue as "DSH." You must precisely identify the component of the DSH issue that is in dispute." Instructions, II.a. (page 6). The Board Instructions also expressly state that "[a] **group appeal consists of one issue only,** which involves a question of fact or an interpretation of law, regulation, or CMS ruling, which is common to all providers in the appeal." Instructions, A.II.B.1.d. (page 5) (emphasis added). Where factual differences exist among the providers, "the issue is not a valid group appeal issue." *Id.*

B.    The Medicaid Section 1115 waiver day issue (Issue No. 1), as described above relates to the Provider's 2,353 expanded waiver days attributable to this Provider, and is an issue for which we have requested expedited judicial review (EJR), as we have successfully done in the past for a number of different hospitals. Should you decide to grant our request to add the waiver day issue to this appeal, we have enclosed an EJR request that we would request you grant as soon as possible.

C.    The Medicaid eligible paid and unpaid day issue (Issue No. 2) and the SSI percentage calculation issue (Issue No. 3) explained above, clearly set forth facts that would make the specific issues unqualified for treatment in a group appeal according to the Board's own instructions. For example, Issue No. 2, Medicaid eligible paid and unpaid days, relates to facts that concern this Provider and this Provider only. Likewise, the SSI issue, set forth above as Issue No. 3, concerns individualized facts related solely to this Provider as demonstrated by correspondence dated January 13, 2005 to Mr. Donald Romano, Office of General Counsel of

Suzanne Cochran, Chairperson
May 3, 2007
Page 5

the Department of Health and Human Services, in which the Provider submitted the accurate SSI% data.

D.     Although the Provider contests the Board's September 5, 2006, ruling on the transfer issues, the Provider has not and did not waive its right to *add* issues to a jurisdictionally proper individual appeal under 42 CFR § 405.1841(a).  The Board's own instructions recognize the Provider's right to add issues prior to the hearing.  Instructions, II.C.VI (page 10).

E.     Although the hearing on the above-referenced appeal has been scheduled for May 31, 2007, the Provider and the Fiscal Intermediary expect to resolve all issues currently in the appeal.  Should the Board deny this request, resolution of all other issues will lead the Board to close the case, thereby making the Board's decision on our attempt to the DSH issues to this individual appeal a "final" Board decision "that disposes of an entire appeal for a particular cost year."  A jurisdictionally proper appeal could then be pursued.  Should the Board grant this request, we believe it likely that the Provider can settle all added issues in an Administrative Resolution with the Intermediary, which would make the Board hearing unnecessary.

## Conclusion

For the reasons described above, the Provider requests that the Board add to the Provider's individual appeal, PRRB Case No. 01-3359, the DSH Adjustment issues expressly articulated above.  In light of the hearing scheduled for May 31, 2007, the Provider requests that the Board please notify the Provider of the Board's decision regarding this request as soon as possible before the hearing date.

Please feel free to contact us should the Board have any questions regarding this letter or require any further information or documentation.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Sanford E. Pitler
Linda M. Coleman

SEP:jkl
Enclosures

Suzanne Cochran, Chairperson
May 3, 2007
Page 6


cc (w/encls.):

      Mr. Jeff Miller (via facsimile)
      Provider Reimbursement Review Board

      Mr. Michael Shaver
      Riverbend Government Benefits Administrator

      Mr. Wilson Leong
      Blue Cross Blue Shield Association

      Mr. Paul Trower
      Memorial Health Care Corporation


w:\wdclient\1789\00037\mm710717.doc

Suzanne Cochran, Chairperson
May 3, 2007
Page 7


bcc:    Ken Marcus, Esq.
        Honigman Miller Schwartz and Cohn, LLP

        Mr. Jim Ravindran
        Quality Reimbursement Services


w:\wdclient\1789\00037\mm710740.doc

**BAPTIST MEMORIAL HEALTH CARE CORPORATION**
**BMH-MEMPHIS DBA ST JOSEPH**
**PROVIDER # 44-0071**
**FYE 12/10/98**
**AMENDED CALCULATION OF DSH AMOUNT DUE - INCLUDES 2,353 WAIVER DAYS**

| | 12/1/97 - 9/30/98 | 10/1/98 - 12/10/98 |
|---|---|---|
| SSI RATIO | 28.2900% | 28.2900% |
| MEDICAID RATIO (9,092 original days plus 2,353 Waiver days) | | |
|     MEDICAID DAYS    11445 | | |
|     TOTAL DAYS    43903 | | |
| | 26.0688% | 26.0688% |
| DSH PATIENT PERCENTAGE | 54.3588% | 54.3588% |
| LESS: THRESHOLD | 20.2000% | 20.2000% |
| NET OF THRESHOLD | 34.1588% | 34.1588% |
| MULTIPLY BY: | 82.5000% | 82.5000% |
| SUBTOTAL | 28.1810% | 28.1810% |
| ADD: ADJUSTMENT PERCENTAGE | 5.8800% | 5.8800% |
| DSH ADJUSTMENT FACTOR | 34.0610% | 34.0610% |
| FEDERAL PAYMENTS | $14,857,351 | $2,286,729 |
| GROSS DISPROPORTIONATE SHARE PAYMENT | $5,060,568 | $778,884 |
| BBA REDUCTION | $50,606 | $15,578 |
| DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $5,009,962 | $763,306 |
| TOTAL DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $5,773,268 | |
| DISPROPORTIONATE SHARE AMOUNT PREVIOUSLY SETTLED | $5,023,912 | |
| TOTAL DSH AMOUNT DUE PROVIDER | $749,356 | |

**BAPTIST MEMORIAL HEALTH CARE CORPORATION**
**BMH-MEMPHIS DBA ST JOSEPH**
**PROVIDER # 44-0071**
**FYE 12/10/98**
**AMENDED CALCULATION OF DSH AMOUNT DUE - EXCLUDES WAIVER DAYS**

| | 12/1/97 - 9/30/98 | 10/1/98 - 12/10/98 |
|---|---|---|
| SSI RATIO | 28.2900% | 28.2900% |
| MEDICAID RATIO (9,092 original days plus 1,196 added non-Waiver days) | | |
|     MEDICAID DAYS    10288 | | |
|     TOTAL DAYS    43903 | | |
| | 23.4335% | 23.4335% |
| DSH PATIENT PERCENTAGE | 51.7235% | 51.7235% |
| LESS: THRESHOLD | 20.2000% | 20.2000% |
| NET OF THRESHOLD | 31.5235% | 31.5235% |
| MULTIPLY BY: | 82.5000% | 82.5000% |
| SUBTOTAL | 26.0069% | 26.0069% |
| ADD: ADJUSTMENT PERCENTAGE | 5.8800% | 5.8800% |
| DSH ADJUSTMENT FACTOR | 31.8869% | 31.8869% |
| FEDERAL PAYMENTS | $14,857,351 | $2,286,729 |
| GROSS DISPROPORTIONATE SHARE PAYMENT | $4,737,544 | $729,166 |
| BBA REDUCTION | $47,375 | $14,583 |
| DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $4,690,169 | $714,583 |
| TOTAL DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $5,404,752 | |
| DISPROPORTIONATE SHARE AMOUNT PREVIOUSLY SETTLED | $5,023,912 | |
| TOTAL DSH AMOUNT DUE PROVIDER | $380,840 | |