IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL-GOLDEN
TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST.
JOSEPH HOSPITAL, AND BAPTIST MEMORIAL
HOSPITAL-DESOTO HOSPITAL
350 N. HUMPHREY'S BLVD.
MEMPHIS, TN 38120                              CIVIL ACTION NO. 1:06CV01413
                                               Hon. Colleen Kollar-Kotelly
      Plaintiffs,

VS.

MICHAEL O. LEAVITT, IN HIS
OFFICIAL CAPACITY AS SECRETARY
OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      Defendant.

---

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiffs Baptist Memorial Hospital –Golden Triangle, Baptist Memorial Hospital – St. Joseph Hospital and Baptist Memorial Hospital – DeSoto (collectively, the "Hospitals") moved this Court to amend the Court's March 14, 2007 Minute order docketed on March 14, 2007 to permit the Hospitals to file a supplemental memorandum of points and authorities in support of their motion for summary judgment, and to provide for additional time in which the Defendant Secretary of Health and Human Services (the "Secretary") may file its opening brief. (Docket No. 24.) The Secretary filed a Notice in which the Secretary stated to the Court that while the Secretary did not concur with the Hospitals' motion, the Secretary did not plan to file an opposition motion, and left to "the Court's sound discretion" whether to grant the Hospitals'

motion. (Docket No. 25.) By minute order dated and docketed on May 31, 2007, the Court granted the Hospitals' motion. (Docket No. 26.)

## II. DISCUSSION

### A. The PRRB Has Issued A Final Decision Denying The Request of Plaintiff Baptist Memorial Hospital-St. Joseph To *Add* Disproportionate Share Hospital Adjustment Issues To Its Individual Appeal

In its September 5, 2006 correspondence, the Provider Reimbursement Review Board ("PRRB") notified Baptist Memorial Hospital-St. Joseph's ("BMH-St. Joseph") that the PRRB declined to assert jurisdiction over the disproportionate share hospital adjustment ("DSH Adjustment") issue in BMH-St. Joseph's individual appeal, Case No. 01-3359. The PRRB emphatically asserted that its decision was final. (Statement of Material Facts, Paragraph 70 (Docket No. 21); .Administrative Record, 51-53). Although BMH-St. Joseph's individual case remained pending before the PRRB regarding other issues, in light of the strong statement of the PRRB that its decision regarding the DSH Adjustment was final, and to avoid any challenge that BMH-St. Joseph failed to timely file its appeal from a final decision of the PRRB, the Hospitals amended the Complaint to appeal what the PRRB characterized as its final decision. (Docket No. 5.)

Proceedings before the PRRB, described immediately below, have continued, and have now been concluded. In light of the proceedings before the PRRB, BMH-St. Joseph now has clearly exhausted administrative remedies and the Court clearly has jurisdiction over its appeal.

Moreover, the further proceedings before the PRRB are subject to this Court's review. Specifically, the Court should review the refusal of the PRRB to permit BMH-St. Joseph to add the DSH Adjustment issues to its pending appeal, contrary to 42 C.F.R. § 405.1841(a). See

Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 14-16, 26-29.

### 1. The Request of Baptist Memorial Hospital-St. Joseph To *Add* DSH Adjustment Issues To Its Individual Appeal For FYE `12/10/1998

By letter to the PRRB dated July 18, 2006, BMH-St. Joseph requested that the DSH Adjustment Medicaid eligible days component be transferred from BMHCC 98 Medicare DSH SSI Proxy Group Appeal, PRRB Case No. 04-0554G to BMH-St. Joseph's individual appeal, Case No. 01-3359. (Statement of Material Facts Paragraph 63 (Docket No. 21) (AR 36 & 37). By letter to the PRRB dated July 18, 2006, BMH-St. Joseph requested that the DSH Adjustment SSI% component be transferred from BMHCC 98 Medicare DSH SSI Proxy Group Appeal, Case No. 04-0553G to BMH-St. Joseph's individual appeal, Case No. 01-3359. (Statement of Materials Facts Paragraph 63 (Docket No. 21) (AR 38 & 39). By letter dated September 5, 2006, the PRRB issued a decision declining to assert jurisdiction over the Medicaid eligible days component and the SSI% component in BMH-St. Joseph's individual appeal, Case No. 01-3359. (Statement of Material Facts Paragraph 70 (Docket No. 21) (AR 51-53).

Although the PRRB denied the request of BMH-St. Joseph to *transfer* the DSH Adjustment issues from two group appeals to its individual appeal, the PRRB had failed to address whether the PRRB would permit BMH-St. Joseph desired to *add* the DSH Adjustment issues to its individual appeal. As briefed in the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 14-17 (Docket No. 21), a hospital has the right to add an issue to a pending appeal prior to the date of hearing. 42 C.F.R. § 405.1841(a).

Thus, BMH-St. Joseph filed a letter with the PRRB dated May 3, 2007 requesting to add to BMH-St. Joseph's individual PRRB appeal, Case No.01-3359, certain disproportionate share hospital adjustment ("DSH Adjustment") component issues.[1] A copy of that correspondence, as prepared by legal counsel of BMH-St. Joseph in its appeal before the PRRB, is attached as Exhibit 1.

The May 3, 2007 correspondence acknowledged that the PRRB previously had denied the request of BMH-St. Joseph to transfer the DSH Adjustment issues to the individual appeal, but explained to the PRRB that in light of the Instructions of the PRRB it was necessary for the PRRB to dispose of the entire appeal in order for BMH-St. Joseph to exhaust administrative remedies:

> The Provider notes, however, under the Board's Instructions, a Provider has the right to appeal a 'final' Board decision '**that disposes of an entire appeal for a particular cost year.**' Instructions II.B.I.b (page 4.) (emphasis added). The Board's September 5, 2006 letter, however, only addressed the transfer issue and the above-referenced case continues to exist with a hearing set for May 31, 2007. Thus, the Board's September 5, 2006, letter may not be viewed as a final decision for the purpose of an appeal because it did not constitute a final decision that 'disposes of an entire appeal for a particular cost year.' This letter clarifies that the Provider believes it has the right to *add* the DSH adjustment issues to the captioned appeal, and the purpose of this letter is to present that request to the PRRB. We make this request knowing that the Board's prior statements in the context of the group appeal proceedings strongly suggests that the Board will deny the Provider's request to add the DSH adjustment issues to the captioned appeal. Nevertheless, it is important for the administrative record to clearly and unambiguously reflect that the Provider has made a request to add the DSH adjustment issues and that the Board considered and issued a final decision regarding that request. (Exhibit 1, P.4.)

Thus, BMH-St. Joseph requested to add several of the DSH Adjustment components to its individual appeal pending before the PRRB. (Exhibit 1, pp. 2-3).

---

[1] The various DSH Adjustment components are explained in Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 5-11.

BMH-St. Joseph explained to the PRRB that for one of the DSH Adjustment components, Section 1115 waiver days, the appropriate procedure was for the PRRB to grant expedited judicial review, as the PRRB had done for other providers that are part of the Baptist Memorial Health System. (Exhibit 1, p.4.)

BMH-St. Joseph further explained to the PRRB that the Medicaid eligible but unpaid day issue and the SSI% issue were not qualified to be included in group appeals according to the Board's Instructions, because each of these issues presented facts specific to BMH-St. Joseph. (Exhibit 1, pp. 4-5.)

Finally, BMH St. Joseph stated to the PRRB that although it "contests the Board's September 5, 2006, ruling on the transfer issues, the Provider has not and did not waive the right to *add* issues to a jurisdictionally proper individual appeal under 42 C.F.R. § 405.1841(a). The Board's own Instructions recognize the Provider's right to add issues prior to the hearing. Instructions, II.C.VI (page 10)." (Exhibit 1, p.5.)

2. **The PRRB Denied The Request of Baptist Memorial Hospital-St. Joseph To Add DSH Adjustment Issues To Its Individual Appeal For FYE ` 12/10/1998**

By letter dated May 16, 2007, the PRRB denied the request of BMH-St. Joseph to add certain of the DSH Adjustment component issues to its individual appeal. (Exhibit 2.)

The PRRB, referring to its prior correspondence, denied the request to add the Medicaid eligible days component and the SSI% component. The PRRB stated as follows:

> In both letters, the Board advised the Provider that they [sic] could not have a second opportunity to appeal those issues and the request to add the issues was dismissed. In addition, the Provider was asked to cease requesting to add these issues to the appeal. The Board's decision on this matter remains unchanged. (Exhibit 2, p.1.)

5

The PRRB denied the request to add the Section 1115 waiver days because the PRRB opined that BMH-St. Joseph should have participated in another group appeal regarding this issue brought by other hospitals the Baptist Memorial Hospital system. (Exhibit 2, pp. 2-3.) In reliance on 42 C.F.R. § 405.1841(b), the PRRB reasoned that providers under common ownership or control are required to pursue an issue as part of a group, and that failure to do so divests the provider of its appeal rights. First, the undersigned is aware of no published authority for the proposition that this regulation divests a provider of its statutory appeal rights. Second, upon information and belief BMH-St. Joseph was acquired by the Baptist Memorial Hospital system during fiscal year 1998 and may not have been eligible to participate in the group appeal referenced by the PRRB. Third, the PRRB has raised this point for the first time, without furnishing BMH-St. Joseph the opportunity to respond. Finally, the Court should not overlook that in this instance the PRRB cites 42 C.F.R. § 405.1841(b), but ignores 42 C.F.R. § 405.1841(a).

3. **The PRRB Has Closed The BMH-St. Joseph Individual Case No. 01-3359**

By letter dated May 24, 2007, BMH-St. Joseph notified the PRRB that it had achieved an Administrative Resolution regarding a number of other issues not related to the DSH Adjustment. (Exhibit 3.) BMH-St. Joseph requested that the PRRB close the case, but it reserved the right to appeal the PRRB's denial of its request to add the DSH Adjustment issues: "[T]his case should be considered finally decided by the Board for the purposes of the Provider seeking judicial review under 42 C.F.R. 405.1877 regarding the Board's decision to deny the request to add issues and any other jurisdictional decisions issued by the Board regarding this appeal." (Exhibit 3, P.1.)

By letter dated June 1, 2007, the PRRB issued a letter stating that the individual appeal for BMH-St. Joseph was closed. (Exhibit 4.)

### 4. The PRRB's Action Was Unlawful

As set forth in the correspondence to the PRRB dated May 3, 2007, BMH-St. Joseph exercised its right under 42 C.F.R. § 405.1841(a) to add to its pending individual appeal the DSH Adjustment issues. As with its prior decisions in that case, the decision of the PRRB dated May 16, 2007 ignored 42 C.F.R. § 405.1841(a). For the reasons set forth in Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 14-16, 26-29, the Court should find that the PRRB's action was unlawful.

### B. The *Rhode Island Hospital* Remand Order

### 1. Proceedings In *Rhode Island Hospital*

In *Rhode Island Hospital v. Michael O. Leavitt, Secretary of Health and Human Services*, United States District Court for the District of Rhode Island, Case No. 06-260ML, the hospital transferred from its individual appeal to two group appeals the DSH Adjustment components of Medicaid eligible days and the SSI percentage. The group appeals were subsequently dismissed when the hospital did not comply with a filing deadline. The hospital requested that the PRRB add to its individual appeal the DSH Adjustment issues that had been transferred to the group appeals. As in the instant case, the PRRB denied the hospital's request to add the DSH Adjustment issues to the hospital's individual appeal. 2007 WL 294026. (Exhibit 5.)

In *Rhode Island*, the Secretary filed an Unopposed Motion for Remand in which the Secretary has stated the Secretary "has determined that [the hospital] should be afforded an administrative hearing under 42 U.S.C. § 1395oo(a) on the merits of the affected claims." (See

Unopposed Motion to Remand, Exhibit 6, at 1.) The Court in *Rhode Island* entered an order dated May 7, granting the Secretary's remand motion. (Exhibit 7.) As review of the order reveals, the Court ordered that the PRRB had jurisdiction of the hospital's DSH Adjustment claims regarding Medicaid eligible days and regarding the SSI percentage. Moreover, the Court ordered that "the Plaintiff be afforded a full administrative hearing before the PRRB on these issues."

Thus, as a result of the Secretary's remand motion, the plaintiff in *Rhode Island Hospital* received the very relief that hospital requested in that case, and the very relief that the Hospitals request in the instant case.

2.   **The Hospitals In The Instant Case Should Receive The Relief Granted In *Rhode Island Hospital***

The Secretary has asserted to this Court that *Rhode Island Hospital* presented "factual and legal circumstances that are completely virtually identical to those presented here." Secretary's Opposition to Plaintiff's Motion to Amend Scheduling Order and to Permit Discovery at 14, n.3 (Docket No. 18). Indeed, as in *Rhode Island Hospital*, the Hospitals in the instant case requested to add to their respective individual PRRB appeals DSH Adjustment issues that, to some extent or another, were transferred to group appeals.[2] As in *Rhode Island Hospital*, the PRRB denied the Hospitals' request to add the DSH Adjustment issues to their respective individual appeals. As briefed *supra*, the PRRB explicitly denied the request of BMH-St. Joseph.

In light of the remand in *Rhode Island Hospital*, the undersigned legal counsel for the Hospitals asked legal counsel for the Secretary whether the Secretary would agree to a remand in

---

[2]   For BMH-DeSoto, the transfer to the group appeal was never perfected. See Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 19.

the instant case. The Secretary's legal counsel responded "that the procedural facts are distinguishable." (Exhibit 8.)

The Secretary's response contradicts its assertion to this Court that *Rhode Island Hospital* presents "factual and legal circumstances that are completely virtually identical to those presented here." Moreover, review of the *Rhode Island Hospital* procedural facts belies the Secretary's response.

That the Secretary takes diametrically opposed positions in two cases which, by the Secretary's own admission, are "virtually identical" should itself be sufficient to persuade this Court to find that the Secretary's action in the instant case is arbitrary and capricious, an abuse of discretion or otherwise not supported by substantial evidence.

## III. CONCLUSION

For the reasons set forth above, and in Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment, the Hospitals respectfully request that this Court: (1) grant their Motion for Summary Judgment; (2) reverse the PRRB's decisions disallowing the Hospitals' right to pursue their DSH Adjustment appeals either in their pending individual appeals or in group appeals; (3) issue a writ of mandamus requiring Defendant to order the Intermediary to reopen the Hospitals' FY 1998 Medicare cost reports and recalculate the Hospitals' Medicare disproportionate share hospital adjustment determinations for the fiscal year ending in 1998; (4) award the Hospitals their costs and attorneys' fees incurred in bringing this Motion; and (5) grant the Hospitals any further relief this Court deems just and necessary.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By:  Kenneth R. Marcus
Kenneth R. Marcus (DC Bar No MI 0016)
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Phone: 313 465 7470
Fax: 313 465 7471
kmarcus@honigman.com

and

ALDERMAN & DEVORSETZ, PLLC
/s/ Leslie D. Alderman III (DC Bar No 477750)
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@a-dlaw.com
COUNSEL FOR PLAINTIFFS

Date: June 8, 2007

DETROIT.2654876.1