# EXHIBIT 2

Case 1:06-cv-01413-CKK    Document 27-3    Filed 06/08/2007    Page 1 of 8



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671  FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

01-3359
CERTIFIED MAIL

MAY 1 6 2007

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

RE: Baptist Memorial Hospital-St. Joseph
Provider No. 44-0071
FYE 12/10/98
PRRB Case No. 01-3359

Dear Mr. Pitler:

The Provider Reimbursement Review Board (Board) has reviewed your letters of May 3, 2007 seeking to add issues to the above-referenced appeal and requesting expedited judicial review (EJR) over the § 1115 waiver issue. The decision of the Board is set forth below.

Addition of Issues

The Provider requested that the following issues be added to this case:

- Medicaid Proxy Percentage: Expanded Section 115 [sic] Waiver Days
- Medicaid Proxy Percentage: Medicaid Eligible Paid and Unpaid days
- SSI Proxy

Medicaid Eligible Days and SSI Proxy

On July 18, 2006 and again on September 5, 2006, the Board denied the Provider's request to add the Medicaid Eligible Paid and Unpaid Days and SSI issues to case number 01-3359 because the Provider had participated in mandatory common issue related party group appeals required by 42 C.F.R. § 405.1841(b). The group appeals in which the Provider was a participant had been dismissed for failure to file position papers. In both letters, the Board advised the Provider that they could not have a second opportunity to appeal those issues and the request to add the issues was dismissed. In addition, the Provider was asked to cease requesting to add these issues to the appeal. The Board's decision on this matter remains unchanged.

### § 1115 Waiver Days

The Board hereby denies the Providers request to add the § 1115 waiver days issue to the appeal because the Board has already issued a final determination for the Baptist Memorial Hospital system providers with respect to this issue in case number 05-0545G. See, decision enclosed. Since the Board has rendered a final determination for the § 1115 waiver days issue with respect to providers which are commonly owned by the Baptist Memorial Hospital system, the Board also denies the Provider's request for EJR.

The regulation, 42 C.F.R. § 405.1841(b) requires that:

> ... any appeal filed by providers that are under common ownership or control must be brought by the providers as a group appeal in accordance with the provisions of paragraph (a) of this section with respect to any matter involving an issue common to the providers and for which the aggregate amount in controversy is $50,000 or more .... (emphasis added)

The Baptist Memorial Hospital system established case number 05-0545G for the § 1115 waiver issue for fiscal year ends 1997 and 1998 on January 13, 2005 because the issue involves a single question of law: whether the § 1115 expanded waiver days should be included in the disproportionate share calculation prior to January 20, 2000. Since all of the providers in the group were commonly owned the formation of a group appeal for this issue was mandatory. The Group Representative voluntarily advised the Board on December 9, 2005 that there were no additional providers to add to the group and requested that the Board grant EJR over the § 1115 issue. The Board granted the providers' request for EJR on January 4, 2006. This was a final determination with regard to the § 1115 waiver issue for this corporate entity for the fiscal years in question. See, 42 C.F.R. § 405.1842(h)(1). Further, pursuant to 42 C.F.R. § 405.1842(h)(2), once EJR is granted providers are not entitled to a hearing on the issue.

The District Court for the District of Columbia considered this matter in Memorial Hospital v. Sullivan, 779 F. Supp 1406 (D.C. Dist. 1991) (Memorial). The Court in Memorial found that it was plain from the language of the regulation that providers that are commonly owned bear the responsibility for merging their respective appeals. Neither the statute nor the regulation places any obligation on the agency in this regard. Id. at 1407. It was the Group Representative's responsibility to assure that all of the Baptist Memorial Health System providers had been incorporated into case number 05-0545G. As the Court pointed out in Memorial, the provider is in a better position to ascertain the litigation strategy of the parent company. Id. at 1408. The Board will not issue a second determination for the § 1115 waiver days issue for the fiscal years 1997 and 1998 because it has already rendered a final determination with regard to this matter for the providers owned by the Baptist Memorial Hospital system..

Provider Reimbursement Review Board
Page 3 Sanford E. Pitler

CN01-3359G

The Board's decision concerning EJR is not subject review under 42 C.F.R. § 405.1875.

<u>Board Members Participating</u>

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine Crews Powell, CPA
    Anjali Mulchandani-West
    Yvette C. Hayes

FOR THE BOARD:

*[signature]*

Suzanne Cochran, Esq.
Chairman

Enclosure: EJR dec. in CN05-0545G

cc: Mike Shaver, Riverbend GBS (TN)
    Wilson Leong, BCBSA



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to:

05-0545G
CERTIFIED MAIL

JAN - 4, 2006

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

RE: Baptist Memorial 97-98 § 1115 Waiver Days Grp
Provider Nos. various
FYE 1997-1998
PRRB Case No. 05-0545G

Dear Mr. Pitler:

This is in response to the Providers' request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Providers are seeking to have section 1115 expansion waiver days included in the DSH calculation for periods prior to January 20, 2000.

The Providers believe that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

(1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

(2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Providers believe that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

Provider Reimbursement Review Board
Page 2 Sanford E. Pitler

CN 05-0545G

The Board has reviewed the submissions of the Providers pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $50,000, as required for a group appeal. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Providers are entitled to a hearing before the Board;

2) based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Providers' request for expedited judicial review for the issue and the subject years. The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating

Suzanne Cochran, Esq.
Gary B. Blodgett, DDS
Elaine C. Powell, CPA

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1), Schedule of Providers

cc: Mike Shaver, Riverbend GBA (TN) (w/Schedule of Providers)
Wilson Leong, BCBSA (w/Schedule of Providers)

BMH FYs 97-98 SECTION 1115 WAIVER DAYS GROUP APPEAL, CASE NO. 05-0545G

SCHEDULE OF PROVIDERS ON APPEAL (SCHEDULE A)

Date Prepared: December 9, 2005

| | Provider Number | Provider Name (City, County, State) | Cost Report Period | Fiscal Intermediary | A Date of NPR | B Date of Hearing Request | C Number of Days | D Audit Adj. No. | E Approx. Recovery Amt. | F Orig. Case No. | G Date of Add/Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/97 | Riverbend Government Benefits Administrator | 9/19/00 | 3/19/01 | 181 (1) | 13, 69 | $1,473,383 | 01-2410 | 9/21/04 1/13/05 |
| 2. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/98 | Riverbend Government Benefits Administrator | 9/27/01 | 3/26/02 | 180 | 10 | $1,966,877 | 02-1656 | 1/13/05 |
| 3. | 44-0131 | Baptist Memorial Hospital—Tipton (Covington, Tipton County, Tennessee) | 9/30/97 | Riverbend Government Benefits Administrator | 9/26/00 | 3/26/01 | 181 (1) | 4, 48 | $168,938 | 01-2728 | 1/11/05 1/13/05 |
| 4. | 25-0141 | Baptist Memorial Hospital-DeSoto (Southaven, DeSoto County, Mississippi) | 9/30/97 | Riverbend Government Benefits Administrator | 8/23/00 | 2/19/01 | 180 | 2 | $57,677 | 01-1413 | 11/8/05 |

ATTACHMENT B

w:\wdclient\1789\00086\mm529776.doc

| | | | | | | |
|---|---|---|---|---|---|---|
| 5. | 44-0130 | Baptist Memorial Hospital-- Union City (Union City, Obion County, Tennessee) | 9/30/98 | Riverbend Government Benefits Administrator | 9/28/01 | 3/26/02 | 179 | N/A (2) | $256,319 | 02-1655 | 11/8/05 |

(1) Per the Provider Reimbursement Review Board Instructions, Part I, Section B.I.a.2. (page 4), Requests for Hearings must be mailed within 180 days after receipt of the final determination; and Part I, Section B.I.c. (page 5) states that the Board presumes the notice of final determination has been received within five (5) days of its issuance

(2) Because the decision in *Bethesda Hospital Association et. al. v. Bowen*, 108 S.Ct. 1255 (1988) applies to this challenge, the legality of the Secretary's regulation as statutory interpretation, the hospital fiscal years without audit adjustments do not require audit adjustment reports.

ATTACHMENT B

w:\wdclient\1789\00086\mm529776.doc