# EXHIBIT 5

Westlaw.

Slip Copy                                                                    Page 1

Slip Copy, 2007 WL 294026 (D.R.I.)
**(Cite as: Slip Copy)**

Rhode Island Hosp. v. LeavittD.R.I.,2007.Only the
Westlaw citation is currently available.
United States District Court,D. Rhode Island.
RHODE ISLAND HOSPITAL
v.
Michael O. LEAVITT, Secretary of Health and
Human Services.
**C.A. No. 06-260ML.**

Jan. 26, 2007.

Mitchell R. Edwards, Robert G. Flanders, Jr.,
Hinckley, Allen & Snyder LLP, Providence, RI, for
Rhode Island Hospital.
Anthony C. Digioia, U.S. Attorney's Office,
Providence, RI, for Michael O. Leavitt.

**MEMORANDUM AND ORDER**
LINCOLN D. ALMOND, United States Magistrate
Judge.

**Background**

**\*1** In this action, Plaintiff Rhode Island Hospital
(the "Hospital") is challenging a decision of the
Provider Reimbursement Review Board (the "
**PRRB**"). The **PRRB** adjudicates appeals from
health care providers as to the level of
Medicare/Medicaid reimbursement. 42 U.S.C. §
1395oo. The dispute in this case involves the
Hospital's reimbursement level for fiscal year 1999.
Pursuant to 42 U.S.C. § 1395oo(f)(1), this Court
has jurisdiction over the Hospital's challenge and its
review is governed by the Administrative Procedure
Act (the "APA"), 5 U.S.C. § 702, *et seq.*

Although the underlying dispute is complex, the
challenged **PRRB** decision was made on fairly
simple procedural grounds. *See* Administrative
Record ("AR") at pp. 2-6 and 47-48. The crux of
the dispute is whether the dismissal of an appeal by
the **PRRB** for failure to file a timely position paper

has preclusive effect on the issue raised in that
appeal. The **PRRB** held that it did and refused to
allow the Hospital to litigate the issue by adding or
transferring it to another pending appeal. The
Hospital contends that the **PRRB** erred because,
prior to the dismissal for failure to file a position
paper, the Hospital exercised its right under 42 C.F
.R. § 405.1841(a)(1) to transfer or add the issue
back into its initial appeal. *See also* **PRRB**
Instructions, Part I(C)(VI) at p. 10.

**Discussion**

Before the Court for determination (28 U.S.C. §
636(b)(1)(a); LR Cv 72(a)) is Defendant's Motion
for Protective Order filed pursuant to Fed.R.Civ.P.
26(c)(1). (Document No. 12). A hearing was held
on January 24, 2007. The Motion is directed at a
Request for Production of Documents served on
Defendant by the Hospital on or about November
24, 2006. The Request broadly seeks **discovery**
regarding certain **PRRB** "policies or rules" and
prior decisions of the **PRRB** on certain issues.
Defendant argues that the Request should be
stricken for three reasons: (1) under the APA, 5
U.S.C. § 706, this Court's review is limited to the
administrative record making extrinsic **discovery**
inappropriate; (2) the procedural issue in this case
is one of regulatory and statutory interpretation that
can be resolved without the need for **discovery**; and
(3) responding to the Hospital's Requests
(particularly No. 2) would be unduly burdensome
and expensive.

Under Fed.R.Civ.P. 26(c), the Court may, for "good
cause shown" by the moving party, "make any order
which justice requires to protect a party or person
from annoyance, embarrassment, oppression, or
undue burden or expense." This includes an order,
as requested by Defendant in this case, "that certain
items not be inquired into, or that the scope of the
disclosure or **discovery** be limited to certain matters.
" *See* Fed.R.Civ.P. 26(c)(4). For the reasons

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy

Page 2

Slip Copy, 2007 WL 294026 (D.R.I.)
**(Cite as: Slip Copy)**

discussed below, Defendant has established good cause for the issuance of a protective order and thus its Motion for Protective Order (Document No. 12) is GRANTED.

Since administrative review is confined to the record, "broad-ranging **discovery** aimed at matters not included in the administrative record is inappropriate." *Harvard Pilgrim Health Care of N.E. v. Thompson,* 318 F.Supp.2d 1, 8-9 (D.R.I.2004). Here, the Hospital challenges decisions issued by the **PRRB** on March 28, 2006 (AR at pp. 47-48) and on June 14, 2006 (AR at pp. 2-6). Both decisions contain the **PRRB's** position as to the relevant background and a brief narrative as to the basis for its decision and its reliance on certain sections of the **PRRB** Instructions issued under the authority of 42 U.S.C. § 1395oo(e).

*2 The Hospital contends that the requested documents are relevant to the issue of whether the **PRRB** acted arbitrarily or capriciously, abused its discretion, or otherwise did not act in accordance with the law. While the Hospital correctly identifies the issue in this APA review, it has not convinced the Court that the **discovery** requested is necessary or even relevant to this administrative appeal. The Hospital contends, relying on *Esch v. Yeutter,* 876 F.2d 976, 991 (D.C.Cir.1989), that **discovery** is required because the **PRRB** did not adequately explain its decision. While the Hospital may disagree with the **PRRB's** decision and may well be correct in that opinion, the procedural issue decided by the **PRRB** was relatively simple and its decisions each contain a short and plain explanation of the reasons for such decisions. *See* AR at pp. 3, 5 and 48.

The Hospital also argues that **discovery** is warranted because it has not been able to identify " any publicly-available policies or decisions from the **PRRB** that substantiate [its] position." Document No. 14 at p. 7. Again, however, this is not a reason to permit **discovery** in an administrative appeal. The Court must ultimately determine if the **PRRB's** decision is supported by substantial evidence in the record and the applicable law. The applicable law is contained in the U.S.Code, Code of Federal Regulations, the **PRRB** Instructions and any

applicable case law. Prior **PRRB** decisions are apparently available to the public as the Hospital's attorney cited to "several **PRRB** decisions" in his April 3, 2006 request to reopen submitted to the **PRRB**. (AR at p. 13). This administrative appeal has yet to be briefed on the merits. When it is, it will be incumbent on Defendant to identify the legal support for the challenged decision. If it fails to identify such support, the Hospital will surely point that out in its argument to vacate the challenged **PRRB** decisions. If it does identify such support, the Hospital will surely analyze the legal support offered by Defendant and present any available argument(s) as to the applicability or weight to be provided to it.

Finally, the Hospital argues that the **discovery** sought may reveal that the **PRRB** has taken a different position in the past in similar cases. It contends that if the **PRRB** has taken inconsistent positions, it would be a "classic case" of a decision that is arbitrary, capricious and an abuse of discretion. However, the Hospital offers absolutely no factual support for the existence of inconsistent decisions and it is plainly on a fishing expedition. If this Court allowed the Hospital to go on this fishing expedition, then it would have to allow all plaintiffs in administrative appeals to do so based solely on a speculative accusation of possible disparate enforcement. Such a result would place the burden on administrative agencies to research all of their prior decisions for plaintiffs in administrative appeals in an attempt to locate any past inconsistent decisions. There is no support under the APA to place such a burden on the agency.

### Conclusion

*3 Under Fed.R.Civ.P. 26(b)(1), **discovery** must be relevant to a claim or defense, or reasonably calculated to lead to the **discovery** of admissible evidence. Since this Court's review under the APA is confined to the administrative record, the **discovery** sought by the Hospital is neither relevant nor reasonably calculated to lead to admissible evidence. *See Harvard Pilgrim,* 318 F.Supp.2d at 13 . Accordingly, Defendant's Motion for Protective Order (Document No. 12) is GRANTED and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 3

Slip Copy, 2007 WL 294026 (D.R.I.)
**(Cite as: Slip Copy)**


Plaintiff's Request for Production of Documents is
stricken.

D.R.I.,2007.
Rhode Island Hosp. v. Leavitt
Slip Copy, 2007 WL 294026 (D.R.I.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.