UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL - GOLDEN TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST. JOSEPH HOSPITAL, AND BAPTIST MEMORIAL HOSPITAL-DESOTO HOSPITAL<br><br>                    Plaintiffs,<br><br>         v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of Health and Human Services,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:06CV01413 (CKK)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Defendant Michael O. Leavitt, the Secretary of Health and Human Services, submits the following statement of material facts as to which there is no genuine issue in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h).

**Individual Appeals**

1. BMH-St. Joseph initiated an individual appeal of its Notice of Program Reimbursement for its fiscal year ending in 1998. Pls' Statement of Material Facts ("Pls' Stmt") (Docket No. 21), Ex. 11.

2. BMH-Golden Triangle initiated an individual appeal of its Notice of Program Reimbursement for its fiscal year ending in 1998. A.R. 404-07.

3. BMH-Desoto initiated an individual appeal of its Notice of Program Reimbursement

for its fiscal year ending in 1998.  A.R. 181-84.

    4.  The Board acknowledged BMH-St. Joseph's individual appeal and assigned it case number 01-3359.  A.R. 494.

    5.  The Board acknowledged BMH-Golden Triangle's individual appeal and assigned it case number 02-0958.  A.R. 402.

    6. The Board assigned BMH-Desoto's individual appeal case number 02-0304.  A.R. 169.

### Eligible Days Appeals: 02-1735G and 04-0554G

    **7.**  On April 11, 2002, BMH-St. Joseph requested that the Board establish a group appeal titled "BMHCC 1998 Medicaid-Eligible Days Group Appeal".  A.R. 496.  According to the request, the common issue presented in the group appeal was that the intermediary "did not determine the [DSH reimbursement] in accordance with ... 42 USC 1395ww(d)(5)(C)(i)."  A.R. 496.  "Specifically", BMH-St. Joseph contended, the intermediary "erred in its calculation of the second computation of the disproportionate patient percentage, set forth at 42 CFR 412.106(b)(4)" by "fail[ing] to include as Medicaid eligible days services to patients eligible for Medicaid as well as patients eligible for general assistance."  Id.

    8.  On April 17, 2002 BMH-Desoto requested that the same issue be transferred from its individual case, 02-0304, to "BMHCC 1998 Medicaid -Eligible Days Group Appeal."  A.R. 203-04.

    9.  In a letter to the group representative dated May 21, 2002, the Board acknowledged the eligible days group appeal and assigned it case number 02-1735G.  A.R. 373-74.

    10.  On March 5, 2003, BMH-Golden Triangle requested that the Board transfer the "DSH Medicaid Eligible Days issue" from its individual case, 02-0958, to group appeal 02-1735G.  A.R. 408-09.  The transfer request referred to its original request for an individual

hearing, A.R. 404-07, which presented the issue for the group appeal in the same terms as had BMH-St. Joseph and BMH-Desoto, namely that the intermediary had purportedly "failed to include as Medicaid-eligible days services to patients eligible for Medicaid, as well as patients for general assistance." A.R. 405

11. On July 30, 2003 the Board dismissed group appeal 02-1735G because the group representative had neither filed a preliminary position paper with the fiscal intermediary nor submitted the required information to the Board. A.R. 378.

12. On January 23, 2004, BMH-St. Joseph and BMH-Golden Triangle requested that the Board add an issue to their respective individual appeals and that the issue then be transferred to a new group appeal titled "BMHCC 1998 Medicare DSH Medicaid Proxy Group Appeal." A.R. 379-80. The request presented the same issue as the now-dismissed group appeal 02-1735G, namely that the intermediary "failed to include as Medicaid-Eligible days services to patients for Medicaid, as well as patients eligible for general assistance." A.R. 379 .

13. On February 23, 2004, the Board acknowledged the group appeal and assigned it a case number of 04-0554G. A.R. at 381-82.

14. On January 12, 2005, BMH-St. Joseph and BMH-Golden Triangle again requested that the Board add the eligible days issue to their pending individual cases and transfer it to group appeal 04-0554G and BMH-Desoto made the same request for the first time. A.R. 467-68.

15. On January 19, 2005, BMH-Golden Triangle made another request to add the "[DSH] Medicaid Eligible Days" issue to its individual case, and transfer it to group appeal 04-0554G. A.R. 410

16. On April 6, 2005, intermediary Riverbend GBA challenged the Board's jurisdiction over the Hospitals in 04-0554G, arguing that the providers who had been affected by the

dismissal of ... 02-1735G "should not be granted a new opportunity to appeal the same issue" in 04-0554G. A.R. 193.

17. By letter dated May 5, 2005, the Providers responded to the jurisdictional challenge by stating that "[t]hese providers were included in the original requests for group appeal dated February 23, 2004, when the individual appeals on the original NPR were opened." A.R. 194-95.

18. With respect to BMH-Desoto specifically, the providers stated in the May 5, 2005 letter that its request to transfer the eligible days issue from its individual case to then-pending group appeal 02-1735G had not specified the case number. A.R. 195.

19. The Board subsequently requested a more detailed jurisdictional challenge from the intermediary, which it provided on January 12, 2006. A.R. 14.

20. On February 13, 2006, the providers responded that BMH-St. Joseph's and BMH-Golden Triangle's appeals were properly before the Board because their individual appeals were "active when the issue was added and transferred to" 04-0554G. A.R. 171. They also reiterated that "[t]he transfer of the appeal of BMH Desoto to the group appeal did not specify the group appeal number at the time of the transfer. Consequently, this issue if [sic] properly before the Board" in 04-0554G. A.R. 172.

21. In a March 14, 2006 decision, the PRRB concluded that it did not have jurisdiction over Plaintiffs for the Medicaid eligible days issue for the fiscal year ending in 1998. A.R. 13-15.

22. On April 17, 2006 BMH-Golden Triangle and BMH-St. Joseph (but not BMH-Desoto) sought reconsideration of the March 14, 2006 Board decision, arguing for the first time that the issue in 04-0554G was "significantly different" than the issue in 02-1735G. A.R. 28.

23. In a June 14, 2006 decision, the Board declined to reconsider its March 14, 2006

decision, reiterating that these providers "cannot now rely on adding the same issue again to their individual appeal to get a second opportunity to join a group." A.R. 33.

24. On July 18, 2006 BMH-St. Joseph requested that the Board transfer the eligible days issue from group appeal 04-0554G back to its individual appeal, 01-3359. A.R. 36. The request did not mention that the Board had already dismissed BMH-St. Joseph from 04-0554G.

25. On July 31, 2006 the Board "inadvertently granted" the request because, as it would later explain, "the previous letters and documentation pertaining to the Board's denial of jurisdiction ... was filed in the group appeal files and was overlooked." A.R. 6.

26. The intermediary challenged the Board's jurisdiction over the eligible days issue for BMH-St. Joseph, arguing that "the Provider's attempt to add th[is] issue to its individual appeal disregard[ed] the Board's jurisdictional ruling." A.R. 52.

27. In a September 5, 2006 decision, the Board again concluded that it did not have jurisdiction over the eligible days issue raised in 02-1735G and 04-0554G for BMH-St. Joseph and dismissed that issue from its individual case. A.R. 51-53.

28. By letter dated September 11, 2006, BMH-St. Joseph requested that the Board withdraw its September 5, 2006 decision. A.R. 2-3. The provider representatives for BMH-St. Joseph's individual appeal stated that, until they received the intermediary's jurisdictional challenge, they had no knowledge of the Board's March 14th, 2006 ruling (denying jurisdiction over Plaintiffs in 04-0554G) or its June 14, 2006 ruling (declining to reconsider the March 14th, 2006 decision). The letter stated that, had they known about these decisions, they "would not have requested that the ... DSH Medicaid eligible days [issue] be transferred from the group appeal[] and added to the ... individual appeal." A.R. 2-3.

29. The September 11, 2006 letter attached as an exhibit another letter, dated August 14, 2006, to the Board from BMH-St. Joseph which requested the withdrawal of the eligible days issue from its individual case. A.R. 43-44.

30. On September 20, 2006, the Board declined to withdraw its September 5, 2006 jurisdiction decision. A.R. 1.

31. On March 7, 2007 the Board issued a decision holding, inter alia, that 04-0554G did not include the issue of "§1115 waiver days." Pls' Stmt, Ex. 24 at 2-3.

32. On May 03, 2007, BMH-St. Joseph requested that the Board add three issues into its individual appeal: section 1115 waiver days, "Medicaid Proxy Percentage: eligible paid and unpaid days", and "SSI Proxy." Pls' Suppl. Mem. (Docket No. 27), Ex. 1 at 2.

33. On May 16, 2007, the Board noted that the BMH-St. Joseph had been directed to "cease requesting to add these issues to the appeal" and stated that its decision concerning the eligible days issue remained unchanged from September 5, 2006. Pls' Suppl. Mem., Ex. 2 at 1.[1]

34. The May 16, 2007 decision also denied BMH-St. Joseph's request to add section 1115 waiver days to its individual appeal. Id. at 2.

**SSI Percentage Appeals: 02-1736G and 04-0553G**

35. On April 11, 2002, BMH-St. Joseph added to its individual appeal an issue that came to be called the supplemental security income percentage ("SSI %") or "SSI Proxy" issue.

---

[1] In its May 16, 2007 letter, the Board also denied BMH-St. Joseph's request to add § 1115 waiver days to its appeal on the ground that the Board had already issued a final determination for the Baptist Memorial Hospital system on that issue. "Since all of the providers in the group were commonly owned the formation of a group appeal was mandatory." Pls' Suppl. Mem., Ex. 2 at 2. Since a final determination had been made for the Baptist corporate entity for 1998, BMH-St. Joseph could not pursue this issue in its individual case. Id.

Plaintiffs' Statement, Ex. 14.

    36. The request stated that the common issue before the Board would be that:

> the provider disagrees with the calculation of the disproportionate patient percentage set forth at 42 CFR 412.106(b)(2)(i) . . . . [and] contends that the intermediary did not furnish the matching data from which the SSI proxy had been derived, and that this validation information has been withheld on the basis of a statement in the commentary to the 1995 final rule for Inpatient Prospective Payment System (PPS) . . . .The statement indicates that the SSI eligibility data used for this DSH calculation is not available to verify provider's disproportionate patient percentage because it is protected by the Privacy Act. The Intermediary cannot support its reliance on a statement that occurs in the preamble of a published rule but is not supported by the regulatory text or by the authorizing statute.

Pls' Stmt, Ex. 14 at 1.

    37. Along with another provider, BMH-St. Joseph requested a group appeal to resolve the SSI percentage issue and transferred it from its pending individual appeal to the new group appeal. The group appeal was assigned case number 02-1736G. A.R. 51.

    38. BMH-Desoto and BMH-Golden Triangle each added the SSI % issue to its individual appeal and transferred it to group appeal 02-1736G. A.R. 17.

    39. On July 30, 2003 the Board dismissed 02-1736G for failure to comply with the Board's deadlines for submitting a preliminary position paper with the fiscal intermediary and required paperwork with the Board. Pls' Stmt, Ex. 3.

    40. None of the providers requested reinstatement of 02-1736G before the Board. Id. None of them appealed the Board's decision in federal district court.

    41. On January 23, 2004, BMH-St. Joseph and BMH- Golden Triangle requested the Board form another group appeal to resolve the SSI percentage issue for 1998. A.R. 17. The group appeal was assigned case number 04-0553G. A.R. 51.

    42. On January 12, 2005, each of the three providers added the SSI percentage issue to its

individual appeal and transferred it to the group appeal. A.R. 17-18.

43. On April 6, 2005, intermediary Riverbend GBA challenged the Board's jurisdiction over the Hospitals as part of 04-0553G. A.R. 65.

44. On May 5, 2005 the Providers responded to the jurisdictional challenge, arguing that they were properly included in 04-0553G because their individual appeals were open when they joined 04-0553G. Id.

45. In a May 5, 2006 decision, the Board dismissed the members of group appeal 02-1736G, including Plaintiffs, from group appeal 04-0553G. A.R. 19-20.

46. On July 18, 2006 BMH-St. Joseph requested that the SSI % issue be transferred from group appeal 04-0553G back to its individual appeal, 01-3359. A.R. 38. The request did not mention that BMH-St. Joseph had been dismissed from that appeal.

47. The intermediary challenged the Board's jurisdiction over the SSI% and eligible days issues for BMH-St. Joseph. A.R. 57-58.

48. On July 31, 2006 the Board inadvertently granted the Provider's request because, as it would later explain, "the previous letter and documentation pertaining to the Board's denial jurisdiction" over this issue "was filed in the group file[] and was overlooked." A.R. 6.

49. On September 5, 2006, the Board again concluded that it did not have jurisdiction over the SSI percentage issue for BMH-St. Joseph for fiscal year ending December 10, 1998. A.R. 6.[2]

50. On September 11, 2006, BMH-St. Joseph requested that the Board withdraw its

---

[2] This finding was set forth in the same decision that addressed BMH-St. Joseph's request to transfer the eligible days issue from 04-0554G back to its individual appeal.

September 5, 2006 decision.  A.R. 2-3.

51. The provider representatives for BMH-St. Joseph's individual appeal stated that, until the intermediary's challenge, they had no knowledge of the Board's May 2006 ruling denying jurisdiction over BMH-St. Joseph in 04-0553G.  A.R. 2.

52. BMH-St. Joseph's September 11, 2006 request attached as an exhibit a letter dated August 14, 2006 to the Board from BMH-St. Joseph's representative which requested the withdrawal of the SSI Proxy issue.  A.R. 41-42.

53. On September 20, 2006, the Board declined to withdraw its September 5, 2006 jurisdiction decision.  A.R. 1.

54. On May 3, 2007, BMH-St. Joseph sought to add the SSI % issue into its individual appeal.  Pls' Suppl. Mem., Ex. 1 at 4.  T

55. On May 16, 2007, the Board refused to add the issue, stating that its September 5, 2006 decision remained unchanged.  Pls' Suppl. Mem., Ex. 2 at 1.

    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

                /s/
_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX:(202) 514-8780


BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872/FAX: (202) 260-0490


OF COUNSEL:

DANIEL MERON
General Counsel

JANICE L. HOFFMAN
Acting Associate General Counsel

MARK D. POLSTON
Deputy Associate General
 Counsel for Litigation

United States Department of
Health and Human Services