UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL - GOLDEN TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST. JOSEPH HOSPITAL, AND BAPTIST MEMORIAL HOSPITAL-DESOTO HOSPITAL<br><br>         Plaintiffs,<br><br>    v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of Health and Human Services,<br><br>         Defendant. | Case No. 1:06CV01413 (CKK) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services, hereby responds to Plaintiffs' Statement of Material Facts ("Plaintiffs' Statement") in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h).

Defendant avers that, to the extent that the parties disagree as to the facts underlying the present action, those disagreements are not material. Instead, all material facts are those found in the administrative record. See 42 U.S.C. 1395oo(f)(1); 5 U.S.C. § 706(2). Nevertheless, responding specifically to the numbered paragraphs of Plaintiffs' Statement and using the same paragraph numbering, Defendant responds to the following specific assertions in Plaintiffs' Statement:

19. Defendant disputes that the January 19, 2005 letter cited relates to the so-called SSI% component in group appeal 04-0553G. In this letter Golden Triangle instead requested that the

"Disproportionate Share-Medicaid Eligible Days" issue be added to its individual appeal, 02-0958, and transferred to group appeal 04-0554G. A.R. 410-11.

24.  Defendant disputes that in the April 17, 2002 letter BMH-Desoto requested to transfer its appeal of the eligible days component to case number 02-1736G.  Rather, BMH-Desoto requested to transfer the "DSH-SSI Proxy issue" to BMHCC 98 Medicare DSH SSI Proxy Group Appeal, Plaintiffs' Statement, Ex. 9, which was later assigned group appeal number 02-1736G.

31.  Defendant disputes that the letter cited is dated March 31, 2004.  The letter is dated February 23, 2004. A.R. 465.

50.  Defendant disputes that the pages of the record cited in Plaintiffs' Statement have to do with the furnishing of SSI data.  Rather, A.R. 167-170 is a March 14, 2006 PRRB decision.  In any event, whether and when SSI data was furnished to Plaintiffs is not material to the issues before this Court.

60.  Defendant disputes that the Provider's April 2006 letter sought reconsideration of a March 28, 2006 Board decision.  Rather, the letter asked the Board to reconsider its March 14, 2006 decision.  A.R. 92.

68-69.  Defendant disputes that BMH-St. Joseph's August 14, 2006 letters requested to withdraw previous requests to transfer issues.  Rather, the letters requested that the Board withdraw the following "issues" from its individual case, 01-3359:

> Disproportionate Share Payment-Medicaid Percentage: Whether one or more of the following types of patient days for which patients were eligible for medical assistance under the State Medicaid plan were erroneously excluded from the Provider's DSH calculation: charity care, state general assistance, state medical assistance, county general assistance, county medical assistance, state-only or county-only health program, low

> income care, indigent care, uncompensated care, bad debt, Medicaid DSH and/or Section 1115 waiver/demonstration project or population days.
>
> Whether Medicaid Eligible days were in accordance with the Provider's underlying records since it did not include claims adjudicated after the cut-off date used by the Fiscal Intermediary and all out-of-state paid and eligible days.

A.R. 54, 43

> Whether the SSI percentage (proxy) used to compute Medicare [DSH] payments has been determined in accordance with the Medicare statutes ....Specifically the Provider disagrees with the Intermediary's calculation of the disproportionate patient percentage set forth at 42 CFR § 412.106(b)(2)(i).
>
> Specifically, the Intermediary has not reflected the recalculated SSI percentage for the Provider's fiscal period in accordance with 42 CFR § 412.106(b)(3).

A.R. 41

76. Defendant seeks to clarify that the February 6, 2007 letter cited by the Plaintiffs is on behalf of BMH-Union City, a provider that is not a party to this case. Plaintiffs' Statement, Ex. 22.

77. Defendant seeks to clarify that the February 7, 2007 letter cited by the Plaintiffs is on behalf of BMH-Union City, a provider that is not a party to this case. Plaintiffs' Statement, Ex. 23.

81. Defendant disputes that the PRRB formally closed "the case" on March 13, 2007. Rather, the Board on that date granted the Providers' request to withdraw and close group appeal 04-0554G. Plaintiffs' Statement, Ex. 27.

        Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX:(202) 514-8780


BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872/FAX: (202) 260-0490


OF COUNSEL:

DANIEL MERON
General Counsel

JANICE L. HOFFMAN
Acting Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

United States Department of

Health and Human Services