UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LITTLE COMPANY OF MARY HOSPITAL AND HEALTH CARE CENTERS, an Illinois not-for-profit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DONNA SHALALA, as Secretary of the U.S. Dept. of Health and Human Services, <br><br> Defendant. | Case No. 98 C 8232 <br> Judge Andersen |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Little Company of Mary Hospital and Health Care Centers ("Little Company"), challenges the Provider Reimbursement Review Board's ("PRRB") dismissal of its cost appeal for the 1991 fiscal year. Pending before the Court is the Secretary's motion to dismiss, or in the alternative, for summary judgment. For the following reasons, we grant the Secretary's motion for summary judgment.

## BACKGROUND

I. Statutory and Regulatory Framework

This action arises under Title XVIII of the Social Security Act, 42 U.S.C. §1395 et seq., which establishes the federally funded health insurance program known as Medicare. Part A of Medicare provides insurance for inpatient hospital and related post-hospital services. A hospital may participate in the Medicare program as a provider by entering into a "provider agreement" with the Secretary. 42 U.S.C. §1395cc. Little Company provides Medicare services as described in Part A of Medicare.

1

To receive reimbursement for these services, a provider must file an annual cost report with its fiscal intermediary, typically an insurance company, which acts as a paying agent under contract with the Secretary. 42 C.F.R. §413.20; 42 U.S.C. §1395h. The fiscal intermediary reviews cost reports, determines reasonable costs, and oversees payment of claims. Id. For each cost report period, the intermediary issues to the provider a Notice of Program Reimbursement ("NPR"), which reflects the intermediary's determination of the total amount of reimbursement due to the provider. 42 C.F.R. §405.1803.

If a provider disputes the fiscal intermediary's determination, it may file an appeal before the Medicare administrative tribunal, the PRRB. 42 U.S.C. §1395oo(a). The Medicare statute requires that a provider satisfy three jurisdictional requirements to receive a PRRB hearing: (1) there must be a final payment determination; (2) the amount in controversy must be $10,000 or more; and (3) the provider must file its request for a hearing within 180 days after receiving notice of the intermediary's final determination. 42 U.S.C. § 1395oo(a)(1) – 1395oo(a)(3). If the provider satisfies the jurisdictional requirements and the PRRB has the authority to decide the matter at issue, see 42 C.F.R. §405.1867, then the PRRB may hold a hearing and issue a decision. 42 U.S.C. §1395oo(f)(1); 42 C.F.R. §405.1875. The Secretary's delegate, the HCFA Administrator, may then review that decision. Id. The Administrator's decision, or that of the PRRB if the Administrator declines review, becomes the Secretary's final decision. 42 C.F.R § 405.1877. The provider may therefore request judicial review in an appropriate federal district court within sixty days of receipt of the Secretary's final decision. 42 U.S.C. § 139500(f)(1); 42 C.F.R. § 405.1877(a).

Under 42 U.S.C. § 1395oo(e), Congress delegated to the PRRB the authority to make rules and establish procedures that facilitate the activities of the PRRB. Pursuant to this delegation, the PRRB created the Provider Reimbursement Manual ("PRM") which establishes procedures for

managing the PRRB's case load, including dismissal of an appeal for the failure of the provider to comply with a PRRB order or request. 42 C.F.R. §§ 405.1835-1873. Specifically, the PRM includes a section entitled Notice of Dismissal of Board Hearing, providing that:

> [T]he Board may, at its discretion, dismiss a request for hearing when you fail to submit requested information within the period of time directed by the Board...., and do not prior to the dismissal provide an acceptable reason for your failure. Following such dismissals the Board hears requests for reinstatement submitted by the provider. The Board may also dismiss an appeal or an issue from an appeal when acceptable position papers are not submitted.

PRM § 2924.4B. The PRRB, under PRM, may also reinstate a dismissed request at its discretion.

## II. Procedural History

The relevant facts are not in dispute. Little Company received its NPR from the fiscal intermediary for its 6/30/91 cost reporting period on September 30, 1993. Little Company filed a formal appeal ("6/30/91 appeal") of the NPR on March 22, 1994. On March 7, 1995, Little Company and the intermediary submitted a list of issues for appeal. On March 28, 1995, the PRRB informed Little Company that its hearing had been set for December 1998, and the PRRB would dismiss the case if Little Company failed to file its final position paper on August 1, 1998. One year before the hearing, the PRRB sent a second letter, dated July 28, 1997, reminding Little Company of the hearing date and that a failure to file its final position papers on August 1, 1998 would result in a dismissal. Little Company's Manager of Budget and Reimbursement ("Budget Manager") went on medical leave from July 11, 1998 through August 23, 1998. On August 24, 1998, Little Company had yet to file its final position papers and the PRRB dismissed the 6/30/91 appeal request.

3

On September 1, 1998, Little Company submitted a request for reinstatement of the 6/30/91 appeal and filed the final position papers. Little Company argued that it had "good cause" due to the medical leave of its Budget Manager and that it did not know what issues to include in the position paper due to settlements between Little Company and the intermediary. Little Company also notified the PRRB that it would lose in excess of one million dollars ($1,000,000.00) if the PRRB did not reinstate its appeal. On October 23, 1998, the PRRB denied Little Company's request to reinstate. In its decision, the PRRB disregarded Little Company's rationale, stating that "Administrative oversight is not sufficient basis upon which to reinstate an appeal. It is the Provider's responsibility to maintain its records and assign personnel to meet the Board's deadlines on a timely basis." Subsequently, Little Company filed its Complaint with this Court on December 22, 1998.

## DISCUSSION

The Secretary has filed its motion as a motion to dismiss or, in the alternative, for summary judgment. Since the inception of this case, both parties have filed exhibits for this Court's consideration that were outside of the pleadings. Under Fed.R.Civ.P. 12(b), "if matters outside the pleadings are presented to and not excluded from the Court" in a motion to dismiss under subsection (6), the motion "shall be treated as one for summary judgment" and disposed of as provided in Rule 56. In order to avoid unfair surprise through conversion of a motion to dismiss into a motion for summary judgment, "all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." See Fed.R.Civ.P. 12(b) and advisory committee note; Burick v. Edward Rose & Sons, 18 F.3d 514, 516 (7th Cir. 1994). In this case, the parties were given an opportunity to present additional materials after the Court notified them that it would treat the motion as one for summary judgment. Since the Court's review is limited to a previously

4

established administrative record, there is no particular need for Rule 12(m) or 12(n) statements. The Court, therefore, will treat the motion as one for summary judgment.

Summary judgment will be granted only when it appears on the basis of all of the filings, viewed in a light most favorable to the nonmoving party, that there is no genuine issue of material fact and that the moving party is entitled to a judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). A motion for summary judgment shifts the burden to the nonmovant to show that a triable issue of fact remains on issues for which the nonmovant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Moreover, the Court must draw only reasonable inferences based on the evidence in plaintiff's favor and not all conceivable inferences. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

The Secretary raises two principal arguments in her motion for summary judgment. First, the Secretary claims that this Court lacks jurisdiction because the PRRB decision to dismiss the case does not constitute a "final decision" as required for judicial review. Alternatively, the Secretary argues that, even if this Court has jurisdiction over the PRRB decision, it should grant summary judgment because the PRRB decision is not arbitrary or capricious and is supported by substantial evidence.

I. Jurisdiction is Proper in This Court

Under the Medicare Act, the sole route for a provider to obtain judicial review of disputed claims is found in section 1395oo(f)(1). This provision states that "[p]roviders shall have the right to obtain judicial review of any final decision of the Board." The Act further provides that a "decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms or modifies the Board's decision." Thus, the issue before us is whether the PRRB's decision to dismiss Little

5

Company's appeal due to its failure to timely file its position papers without holding a hearing constitutes a "final decision of the Board."

We find that the PRRB's actions do constitute a "final decision." See, e.g., Kidney Center of Hollywood v. Shalala, 63 F.Supp.2d 51, 54 (D.D.C. 1999). Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by dismissing the appeals prior to hearing. Such actions would clearly thwart the statutory purposes of the Act as well as public policy. See St. Joseph's Hospital of Kansas City v. Heckler, 786 F.2d 848, 851 (8th Cir. 1986) (citations omitted). For these reasons, we find that we have jurisdiction to review Little Company's claims.

II. The Secretary's Decision is not Arbitrary and Capricious

The statute providing for judicial review of Medicare provider reimbursement decisions, 42 U.S.C. §139500(f)(1), incorporates the review standards under the APA. See Hinsdale Hospital Corp. v. Shalala, 50 F.3d 1395, 1399 (7th Cir. 1995). Under the APA, 5 U.S.C. § 706(2)(A) and (E), agency actions, findings and conclusions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-415 (1971). In determining whether the Secretary's decision is arbitrary and capricious based upon the record compiled before the agency:

> A Court lacks the power to substitute its judgment for that of the administrative agency. If the agency's findings are supported by substantial evidence and are not arbitrary or capricious, the reviewing Court cannot reverse the findings of the agency on the basis that it would have decided the case differently.

Home Health Service of the U.S., Inc. v. Schweiker, 683 F.2d 353, 356-57 (11th Cir. 1982).

Under this standard, the reviewing Court cannot reweigh the evidence, make credibility determinations, conduct a *de novo* review, or substitute its own judgment for that

of the Secretary. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Rather the Court must determine simply whether the evidence is such that a reasonable mind might accept as adequate to support the conclusion reached. Richardson v. Perales, 402 U.S. 389, 401 (1971). Moreover, a Court must "give substantial deference to the agency's interpretations of its own regulations." Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994). Congress has additionally given the Secretary discretion to create regulations governing procedures and to adopt reasonable rules to carry out her administrative responsibilities. See 42 U.S.C. § 405(a).

Little Company first argues that the PRRB's policy of dismissing cases for the late filing of position papers violates the providers's due process rights. Specifically, Little Company argues that the PRRB's policy is "inequitable and seems to be one-sided in its application and enforcement because intermediaries routinely miss position paper filing due dates and nothing happens." We find that Little Company's due process rights have not been violated.

First, Little Company admits that the PRRB has treated it the same as hundreds of other late-filing providers by dismissing its appeal. Second, the fact that the PRRB may treat providers and intermediaries differently does not implicate due process concerns. While the provider and the intermediary may have different interests in an appeal before the PRRB, only the provider has a direct financial interest. If the PRRB agrees that the provider is entitled to additional reimbursement, the intermediary does not pay the difference or suffer any financial harm. Only the provider initiates and drives the appeal. The intermediary merely provides additional information to the PRRB to aid the PRRB in making its decision. There is nothing arbitrary in allowing a case to proceed without the benefit of a position

7

paper arguing the intermediary's position. Thus, Little Company has failed to show that its due process rights have been violated.

Little Company next argues that it did not receive the proper notice of dismissal required by the Secretary's own guidelines. Although the PRM previously required the PRRB to give notice that it was going to dismiss the appeal prior to dismissal, the Secretary removed this requirement before Little Company filed its appeal in 1994. The PRM currently in existence and in existence when Little Company filed its appeal to the PRRB, allows for dismissal if a provider does not timely file its position paper by the due date and does not require the PRRB to give a warning that it is going to dismiss the appeal prior to actually doing it. See PRM §§ 2921.4E, 2921.5. Furthermore, the PRM §2924.4B stresses that if a provider will not be able to comply with procedural rules, time exists to provide "an acceptable reason for your failure." If the provider does not submit such a reason, the PRRB may dismiss. Thus, Little Company's argument that the PRRB did not comply with the proper notice guidelines is without merit.

Finally, Little Company argues that it had "good cause" for its failure to file timely position papers because its Budget Manager was on leave when the papers were due and because it was unsure which issues to include in the papers. We find that the PRRB's decision fully complied with its own rules and is not arbitrary or capricious.

In this case, the Secretary provided not one, but two notices to Little Company. By letter dated March 28, 1995, the PRRB advised Little Company of the hearing in December 1998, and ordered that Little Company file its position papers with the PRRB by August 1, 1998. Additionally, the PRRB sent a second letter on July 28, 1997 reminding Little

Company of the pending hearing and due date for the position papers. This letter stated that it would grant no extensions for the "due date for submissions of position papers or for the scheduled month of hearing." The PRRB also expressly warned Little Company, "if the provider fails to submit its position paper by the deadline, its case will be dismissed." Little Company admits receiving both of these notices. The Court finds that the Secretary acted within its boundaries governed by law, and thus did not act in any manner that was arbitrary or capricious.

In making our decision we are mindful of the notion that an agency, like any tribunal, must be allowed to set up its own rules and guidelines. In addition, it must be allocated the right to maintain its own internal calendar. As the Secretary points out, such systems would dissipate if claimants could ignore procedural rules. Therefore, we find that the PRRB's decision is supported by substantial evidence, and we grant the Secretary's motion for summary judgment.

## CONCLUSION

The Court concludes that it has jurisdiction to review the PRRB's dismissal of Little Company's appeal due to its failure to file timely position papers. We find that the PRRB's decision was neither capricious nor arbitrary, nor was it an abuse of the agency's discretion. Thus, we find that the material facts of this case are undisputed, and the Secretary's motion for summary judgment is granted. This case is hereby terminated. This is a final and appealable order.

It is so ordered.

Dated: _____

Judge Wayne R. Andersen

9