# EXHIBIT 1

**CMS-RUL, MED-GUIDE, ¶45,105, Interpretation of Medicaid Days in Medicare DSH Adjustment Calculation., HCFA Ruling No. 97-2, (February 27, 1997)**

© 2007, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**Interpretation of Medicaid Days in Medicare DSH Adjustment Calculation.**

**HCFA Ruling** No. 97-2 February 27, 1997

### Medicare and Medicaid: Determination of Disproportionate Patient Percentage

**Prospective payment systems --Disproportionate share hospitals --Determination of disproportionate patient percentage --Treatment of Medicaid days. --**
Acquiescing to the holdings of federal courts of appeals in four circuits, HCFA has issued the following *Ruling* changing its interpretation of statutory and regulatory provisions concerning the treatment of Medicaid days in calculating the Medicare disproportionate share adjustment under the prospective payment system. Effective February 27, 1997, the ruling states that the DSH adjustment should be determined by including as part of the calculation all inpatient hospital days of service for which a patient was eligible for assistance under a state Medicaid plan, whether ot not the hospital actually received payment for those days.

See ¶4269.18, ¶14,725.13.

### [Text of Ruling]

HCFA Rulings are decisions of the Administrator that serve as precedent final opinions and orders and statements of policy and interpretation. They provide clarification and interpretation of complex or ambiguous statutory or regulatory provisions relating to Medicare, Medicaid, Utilization and Quality Control Peer Review, and related matters.

HCFA Rulings are binding on all HCFA components, Medicare contractors, the Provider Reimbursement Review Board, the Medicare Geographic Classification Review Board, the Departmental Appeals Board, and Administrative Law Judges who hear Medicare appeals. These decisions promote consistency in interpretation of policy and adjudication of disputes.

This Ruling states the policy of the Health Care Financing Administration concerning the determination to change its interpretation of section 1886(d)(5)(F)(vi)(II) of the Social Security Act (the Act) and 42 CFR 412.106 (B)(4) to follow the holdings of the United States Courts of Appeals for the Fourth, Sixth, Eighth, and Ninth Circuits. Under the new interpretation, the Medicare disproportionate share adjustment under the hospital inpatient prospective payment system will be calculated to include all inpatient hospital days of service for patients who were eligible on that day for medical assistance under a State Medicaid plan in the Medicaid fraction, whether or not the hospital received payment for those inpatient hospital services.

### MEDICARE PROGRAM

Hospital Insurance (Part A).

### INTERPRETATION OF MEDICAID DAYS INCLUDED IN THE MEDICARE DISPROPORTIONATE SHARE ADJUSTMENT CALCULATION

**PURPOSE:** This Ruling announces the Health Care Financing Administration's (HCFA) determination to change its interpretation of section 1886(d)(5)(F)(vi)(II) of the Social Security Act (the Act) and 42 CFR 412.106(B)(4) to follow the holdings of the United States Courts of Appeals for the Fourth, Sixth, Eighth, and Ninth Circuits. Under the new interpretation, the Medicare disproportionate share adjustment under the hospital inpatient prospective payment system will be calculated to include all inpatient hospital days of service for patients who were eligible on that day for medical assistance under a State Medicaid plan in the Medicaid fraction, whether or not the hospital received payment for those inpatient hospital services.

**CITATIONS:** Section 1886(d)(5)(F) of the Social Security Act and 42 CFR 412.106(b)(4).

**PERTINENT HISTORY:** The Medicare disproportionate share hospital (DSH) adjustment calculation, which is set forth in section 1886(d)(5)(F) of the Act, has been the subject of a substantial amount of litigation. The adjustment is calculated by determining a hospital's disproportionate patient percentage, which is the sum of two fractions, the Medicare fraction and the Medicaid fraction. In the Medicare fraction, the number of patient days for patients who (for those days) were entitled to both Medicare Part A and Supplemental Security Income (SSI) under Title XVI of the Act is divided by the total number of patient days for patients entitled to Medicare Part A for that same period. The Medicaid fraction consists of the number of patient days for patients who for those days "were eligible for medical assistance under a State plan approved under title XIX [Medicaid] but who were not entitled to benefits under Medicare Part A" (section 1886(d)(5)(F)(vi)(II) of the Act), divided by the total number of patient days for that same period. The Medicaid fraction is the subject of this ruling.

In implementing the calculation of the Medicaid fraction, HCFA interpreted the statutory language to include as Medicaid patient days only those days for which the hospital received Medicaid payment for inpatient hospital services. This interpretation has been considered by the courts of appeals in four judicial circuits. The initial issue in the litigation was whether HCFA should have counted days for patients who had been found to be Medicaid eligible, but who had exceeded Medicaid coverage limitations on inpatient hospital days of service (and, consequently, no Medicaid payment was made for those days). In later cases, plaintiffs challenged HCFA's exclusion of any days of inpatient hospital services for patients who met Medicaid eligibility requirements, regardless of the reason for which no Medicaid payment was made. In each of the cases, the court declined to uphold HCFA's interpretation, reasoning that the statutory language "eligible for medical assistance" would include days on which the patient meets Medicaid eligibility criteria regardless of whether payment is made.

Although HCFA believes that its longstanding interpretation of the statutory language was a permissible reading of the statutory language, HCFA recognizes that, as a result of the adverse court rulings, this interpretation is contrary to the applicable law in four judicial circuits.

In order to ensure national uniformity in calculation of DSH adjustments, HCFA has determined that, on a prospective basis, HCFA will count in the Medicaid fraction the number of days of inpatient hospital services for patients eligible for Medicaid on that day, whether or not the hospital received payment for those inpatient hospital services. This would not include days for which no Medicaid payment was made because of the patient's spenddown liability, because an individual was not eligible for Medicaid at that point.

Pursuant to this Ruling, Medicare fiscal intermediaries will determine the amounts due and make appropriate payments through normal procedures. Claims must, of course, meet all other applicable requirements. This includes the requirement for data that are adequate to document the claimed days. The hospitals bear the burden of proof and must verify with the State that a patient was eligible for Medicaid (for some covered services) during each day of the patient's inpatient hospital stay. As the intermediaries may require, hospitals are responsible for and must furnish appropriate documentation to substantiate the number of patient days claimed. Days for patients that cannot be verified by State records to have fallen within a period wherein the patient was eligible for Medicaid cannot be counted.

We will not reopen settled cost reports based on this issue. For hospital cost reports that are settled by fiscal intermediaries on or after the effective date of this ruling, these days may be included. For hospital cost reports which have been settled prior to the effective date of this ruling, but for which the hospital has a jurisdictionally proper appeal pending on this issue pursuant to either 42 CFR 405.1811 or 42 CFR 405.1835, these days may be included for purposes of resolving the appeal.

**RULING:** For all cost reporting periods beginning on or after February 27, 1997, the Medicare disproportionate share adjustment will be determined by including in the calculation of the Medicaid fraction set forth in section 1886(d)(5)(F)(vi)(II) of the Act the additional days as set forth above.

## IV. EFFECTIVE DATE

This Ruling is effective February 27, 1997.

/s/Bruce C. Vladeck

Administrator,

Health Care Financing Administration

© 2007, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

.

# EXHIBIT 2



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:
04-0554G

**received**
6/16/06

JUN 1 4 2006

<u>CERTIFIED MAIL</u>

J.C. Ravindran, President                Mike Shaver, Appeals Coordinator
Quality Reimbursement Services           Riverbend GBA
150 N. Santa Anita Avenue, Suite 570A    730 Chestnut Street
Arcadia, CA 91006                        Chattanooga, TN 37402-1790

RE:   BMHCC 98 Medicare DSH Medicaid Proxy
      Provider Nos.: various
      FYEs: 1998
      Case No. 04-0554G

Dear Mr. Ravindran and Mr. Shaver:

The Provider Reimbursement Review Board (the "Board") has reviewed the Provider's request to reconsider its decision deny jurisdiction over Baptist Memorial Hospital (BMH) Golden Triangle and BMH St. Joseph's.

<u>Background</u>

<u>02-1735G</u>

On April 11, 2002, two providers, BMH Union County and BMH St. Joseph's, requested a group appeal for disproportionate share (DSH) Medicaid eligible days. By letter both providers added the Medicaid eligible days issue to their pending individual appeals and transferred them to the new group appeal. On April 17, 2002, BMH Desoto added the Medicaid eligible days issue to its individual appeal and transferred it to the group appeal. On May 5, 2003, BMH Golden Triangle added the Medicaid eligible days issue to its individual appeal and transferred it to the group appeal. On April 24, 2003, these providers again requested to add the Medicaid eligible days issue to their respective individual appeals and transfer them to the group appeal. On July 30, 2003, the group appeal was closed for failure to comply with the Board's due dates.

<u>04-0554G</u>

On January 23, 2004, BMH Union County, provider number 25-0006, BMH Golden Triangle and BMH St. Joseph's requested to form a group appeal to resolve the DSH Medicaid proxy. On January 4, 2005, BMH Blytheville requested to join the group. On January 20, 2005, BMH Union City provider number 44-0130, BMH Golden Triangle, BMH St. Joseph's, BMH Desoto, and BMH Blytheville all added the Medicaid eligible days issue to their individual appeals and transferred the issue to the group appeal. On April 6, 2005, the intermediary briefly disputed the Board's jurisdiction over BMH Golden Triangle,

1

)                                    )

Provider Reimbursement Review Board
Page 2 of 3                      Ravindran and Shaver                    04-0554G

BMH Desoto, BMH St. Joseph's, BMH Blytheville, and BMH Union City provider number 44-0130 in its preliminary position paper as well as in the Schedule of Providers. On May 5, 2005, the providers responded to the jurisdiction challenge. On January 12, 2006, the Intermediary submitted a more detailed jurisdiction challenge per the Board's request. On March 14, 2006, the Board determined that it does have jurisdiction over BMH Blytheville and BMH Union City and that it does not have jurisdiction over BMH St. Joseph's, BMH Desoto, BMH Golden Triangle, and BMH Union County. On April 17, 2006, the Provider requested that the Board reconsider its decision to deny jurisdiction over BMH St. Joseph's and BMH Golden Triangle.

## Provider's Argument in favor of reconsideration

The providers argue that the Board erred in concluding that BMH-St. Joseph's and BMH-Golden Triangle may not join case number (CN) 04-0554G to resolve the Medicaid eligible days issue.

The providers state that the DSH adjustment appealed in CN: 04-0554G is significantly different than the DSH adjustment appealed in CN: 02-1735G. The providers contend that CN: 02-1735G appealed Medicaid eligible days only while CN: 04-0554G appeals Medicaid eligible days as well as waiver days, Medi-Medi days, general assistance days and the application of the hold harmless provision.

Alternatively, the providers argue that an issue can be added to an appeal at any time prior to the commencement of a hearing, thus the DSH Medicaid eligible days issue may be added to the individual appeal and thereafter transferred to CN: 04-0554G.

## Intermediary's argument against reconsideration

The Intermediary did not respond to the providers' request for reconsideration.

## Board's Decision

The Board declines to reconsider its March 14, 2006 decision. The Board concluded that BMH-St. Joseph's and BMH-Golden Triangle may not join CN: 04-0554G to resolve the Medicaid eligible days issue. These providers chose to become part of a group appeal (CN: 02-1735G) to resolve the Medicaid eligible days issue but then failed follow the Board's Instructions, which resulted in dismissal of the group appeal. The dismissal disposed of the Medicaid eligible days issue. The providers cannot now rely on adding the same issue again to their individual appeals to get a second opportunity to join a group.

Provider Reimbursement Review Board
Page 3 of 3                    Ravindran and Shaver                    04-0554G

Board Members Participating:                    For the Board:
Suzanne Cochran, Esquire
Gary Blodgett, DDS
Elaine Crews Powell, CPA                    Suzanne Cochran, Esq.
Anjali Mulchandani-West                    Chairperson
Yvette Hayes

cc:     Wilson Leong, Blue Cross & Blue Shield Association
        Arthur Peabody, Jr., Esq., Blue Cross & Blue Shield Association

3

# EXHIBIT 3

Case 1:06-cv-01413-CKK    Document 1-6    Filed 08/10/2006    Page 10 of 39

DEPARTMENT OF HEALTH AND HUMAN SERVICES    Suzanne Cochran, Esq., Chairperson
PROVIDER REIMBURSEMENT REVIEW BOARD    Gary B. Blodgett, D.D.S.
2520 Lord Baltimore Drive, Suite L    Elaine Crews Powell, CPA
Baltimore MD 21244-2670    Anjali Mulchandani-West
Phone: 410-786-2671    FAX: 410-786-5298    Yvette C. Hayes

COPY RECEIVED
DATE _____
TIME _____
By _____

SEP 0 7 2006

Refer to:
01-3359

**CERTIFIED MAIL**

BENNETT BIGELOW
& LEEDOM

SEP 0 5 2006

Linda M. Coleman                    Mike Shaver, Appeals Coordinator
Bennett Bigelow & Leedom, P.S.      Riverbend GBA
1700 Seventh Avenue, Suite 1900     730 Chestnut Street
Seattle, WA 98101-1397              Chattanooga, TN 37402-1790

RE:    BMH-St. Joseph Hospital
       Provider No.: 44-0071
       FYE: 12/10/98
       Case No. 01-3359

Dear Ms. Coleman and Mr. Shaver:

The Provider Reimbursement Review Board (the "Board") has reviewed the jurisdiction documentation submitted in the above-captioned case. The Board's jurisdiction decision is set forth below.

**Background**

On August 16, 2001, BMH-St. Joseph Hospital (the "Provider") requested an appeal for fiscal year ending December 10, 1998. The appeal was assigned case number (CN) 01-3359. On April 11, 2002, the Provider added the disproportionate share (DSH) Medicaid proxy issue and the DSH supplemental security income (SSI) issue to its pending individual appeal, CN: 01-3359. On the same date, the Provider requested to form a group appeal with other providers to resolve the DSH Medicaid proxy issue The same providers made a separate request to form a group appeal to resolve the DSH SSI issue. The group appeals were assigned CN: 02-1735G (DSH Medicaid proxy) and CN: 02-1736G (DSH SSI). On July 30, 2003, the Board dismissed CN: 02-1735G and CN: 02-1736G for failure to comply with the Board's due dates. The providers never requested reinstatement for these group appeals and the appeals remain closed.   On January 23, 2004, the Provider and other providers requested to form a group appeal to resolve the DSH Medicaid proxy issue. The same providers made a separate request to form a group appeal to resolve the DSH SSI issue. The group appeals were assigned CN: 04-0553G (DSH SSI) and CN: 04-0554G (DSH Medicaid proxy). On April 6, 2005, the Intermediary challenged the Board's jurisdiction over the Provider as part of CN: 04-0553G and CN: 04-0553G. On May 5, 2005, the Provider responded to the jurisdiction challenge. On March 28, 2006, the Board concluded that it does not have jurisdiction over the Provider as part of CN: 04-0554G because the Provider chose to become part of a group appeal, CN: 02-1735G, to resolve the Medicaid proxy issue, but then failed to follow the Board's Instructions, which resulted in dismissal of the group appeal. The dismissal disposed of the Medicaid proxy issue.  The Provider cannot now rely on adding the same issue to its individual appeal to get a second opportunity to join a group. On April 17, 2006, the Provider requested that the Board reconsider its decision to deny jurisdiction over the Provider as part of CN: 04-0554G. On May 5,

Provider Reimbursement Review Board
Page 2 of 3                     Coleman and Shaver                          01-3359

2006, the Board concluded that it does not have jurisdiction over the Provider as part of CN: 04-0553G because the Provider chose to become part of a group appeal, 02-1736G, to resolve the SSI issue, but then failed to follow the Board's Instructions, which resulted in dismissal of the group appeal. The dismissal disposed of the SSI issue. The Provider cannot now rely on adding the same issue to its individual appeal to get a second opportunity to join a group. On June 14, 2006, in response to the Provider's April 17, 2006, reconsideration request, the Board declined to reconsider its decision to deny jurisdiction over the Provider as part of CN: 04-0554G. On July 18, 2006, the Provider requested to transfer the DSH Medicaid proxy and DSH SSI issues from CN: 04-0554G and CN: 04-0553G to its pending individual appeal, CN: 01-3359. On July 31, 2006, the Board granted the Provider's transfer requests. On July 31, 2006, the Intermediary challenged the Board's jurisdiction over the DSH Medicaid proxy and DSH SSI issues as part of CN: 01-3359.

**Intermediary's Position**

The Intermediary contends that the Board does not have jurisdiction over the Medicaid proxy and the SSI issues for the Provider as part of CN: 01-3359. The Intermediary states that the Board denied jurisdiction over these issues for this Provider as part of group appeals 04-0554G and 04-0553G because the Provider was part of previous groups for the same issues that had been dismissed for failure to comply with the Board's Instructions. The Intermediary points out that the Provider requested reconsideration of the Board's jurisdiction ruling and the Board declined to reconsider. The Intermediary argues that the Provider should not be permitted to add these two issues back into its individual appeal because the Board has already determined that it does not have jurisdiction over these two issues for this Provider. The Intermediary states that the Provider's attempt to add these issue to its individual appeal disregards the Board's jurisdictional ruling.

**Board's Decision**

The Board concludes that it does not have jurisdiction over the DSH Medicaid proxy and DSH SSI issues for this provider for the fiscal year ending December 10, 1998. These issues are hereby dismissed from CN: 01-3359.

On July 31, 2006, the Board inadvertently granted the Provider's request to transfer the DSH Medicaid proxy and DSH SSI issues from CN: 04-0554G and CN: 04-0553G to the individual appeal, CN: 01-3359 because the previous letters and documentation pertaining to the Board's denial of jurisdiction over these issues was filed in the group appeal files and was overlooked when the Provider's request was granted.

The Provider was originally a member of group appeals 02-1736G and 02-1735G to resolve the SSI and Medicaid proxy issues respectively. Both of these appeals were dismissed by the Board on July 30, 2003 for failure to follow the Board's Instructions. On January 23, 2004, the Provider requested to become part of group appeals to resolve the Medicaid proxy and SSI issues. These appeals were assigned case

2

Provider Reimbursement Review Board
Page 3 of 3          Coleman and Shaver                    01-3359

numbers 04-0554G and 04-0553G respectively. The Intermediary challenged the Board's jurisdiction over the Provider as part of these groups. The Board decided that it did not have jurisdiction over the Provider as part of CN: 04-0554G and CN: 04-0553G. The Board stated,

> "Pursuant to the Board's Instructions, issues may be added to a pending individual appeal at any time prior to the commencement of a hearing. Per a written request providers may be transferred into group appeals from individual appeals. A group appeal is limited to a single issue. Each of the four providers chose to become part of a group to resolve the Medicaid eligible days issue but then failed follow the Board's Instructions, which resulted dismissal of the group appeal. The dismissal disposed of the Medicaid eligible day's issue. **The providers cannot now rely on adding the same issue again to their individual appeals to get a second opportunity to join a group."**

The Provider requested reconsideration which the Board denied on June 14, 2006. On July 18, 2006, the Provider's representative requested that these two issues be added to the individual appeal despite the Board's decision that it does not have jurisdiction over these issues for this Provider for fiscal year ending December 10, 1998.

The Provider is directed to stop wasting the Board's time with its multiple requests to add or transfer these issues to any appeal for this fiscal year end. This is the Board's **final decision** regarding these issues for this Provider for this fiscal year end. No further requests will be considered. If any such requests are filed in the future, they will be summarily dismissed. If the Provider is dissatisfied with the decision, its recourse is appeal.

Please note the hearing for this appeal is scheduled for November 9, 2006 at 9 a.m. The issues to be heard are contingency costs and 5.8% outpatient payment reduction.

Review of this jurisdiction decision is available under the provisions of 42 U.S.C. § 1395oo (f) (1) and 42 C.F.R. §§ 405.1875, 405.1877 and 405.1889.

Board Members Participating:                              For the Board:
Suzanne Cochran, Esquire
Gary Blodgett, DDS
Anjali Mulchandani-West
Yvette Hayes                                             Suzanne Cochran
Elaine Crews Powell                                      Chairperson

cc:      Wilson Leong, Blue Cross & Blue Shield Association

# EXHIBIT 4



Bennett Bigelow & Leedom, P.S.

Sanford E. Pitler
Attorney
pitler@bbllaw.com

Law Offices

May 3, 2007

**VIA FEDERAL EXPRESS**

Suzanne Cochran
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD  21244-2670

Re:     Baptist Memorial Hospital-St. Joseph
        Provider No. 44-0071
        FPE: 12/10/1998
        PRRB Case No.  01-3359
        **Request To Add Issues**

Dear Chairperson Cochran:

Bennett Bigelow & Leedom, P.S., serves as the Provider Representative for the above-referenced appeal for Baptist Memorial Hospital – St. Joseph (the "Provider").  With the hearing in the above-referenced appeal scheduled for May 31, 2007, the Provider retains the right to add one or more issues to the appeal prior to the hearing under 42 C.F.R. § 405.1841(a) and Board Instruction II.C.VI (page 10).   The Provider hereby requests to add to its appeal two issues (described in more detail below) regarding the Intermediary's computation of the Medicare disproportionate share hospital ("DSH") adjustment.  The Provider advises the Board that issues inherent in the Intermediary's computation of the Medicare DSH adjustment have been the subject of previous correspondence with the Board in the context of a request to transfer certain DSH issues to group appeals, such requests the Board denied by letter dated September 5, 2006.  Although we acknowledge the Board's admonition in that letter to "stop wasting the Board's time," the Provider makes its requests herein to clarify the record for the purposes of the upcoming hearing and/or for the purpose of protecting the Provider's right to judicial review of the entire situation.

Suzanne Cochran, Chairperson
May 3, 2007
Page 2

## Background

By letter dated September 5, 2006, the Board previously denied the request of the Provider to transfer the Medicaid Proxy issue from the above-referenced appeal to Group Appeal Case No. 04-0554G and the Medicare Proxy to Group Appeal Case No. 04-0553G. The Board reasoned that the Provider waived the right to transfer these issues because these issues had been included in two earlier group appeals which had been dismissed.[1] The Board characterized the issues being transferred as the same as previously dismissed, and found that the Provider could not appeal these "identical issues" by seeking to transfer them into a different set of group appeals (Group Appeal Case No. 04-0554G  and Group Appeal Case No. 04-0553G). With the Board characterizing its September 5, 2006 letter as its "**final decision** regarding these issues for this Provider for this fiscal year end" (emphasis in original), and noting that the Provider's only recourse was to appeal, the Provider commenced an action in the United States District Court for the District of Columbia entitled: *Baptist Memorial Hospital-Golden Triangle, Baptist Memorial Hospital-DeSoto and Baptist Memorial Hospital-St. Joseph v. Michael O. Leavitt, Secretary of Health and Human Services* (Case No. 06-1413).

The Provider notes, however, under the Board's Instructions, a Provider has the right to appeal a "final" Board decision "**that disposes of an entire appeal for a particular cost year.**" Instructions, II.B.1.b. (page 4) (emphasis added). The Board's September 5, 2006 letter, however, only addressed the transfer issue and the above-referenced case continues to exist with a hearing set for May 31, 2007. Thus, the Board's September 5, 2006, letter may not be viewed as a final decision for the purpose of an appeal because it did not constitute a final decision that "disposes of an entire appeal for a particular cost year." This letter clarifies that the Provider believes it has the right to *add* the DSH adjustment issues to the captioned appeal, and the purpose of this letter is to present that request to the PRRB. We make this request knowing that the Board's prior statements in the context of the group appeal proceedings strongly suggest that the Board will deny the Provider's request to add the DSH adjustment issues to the captioned appeal. Nevertheless, it is important for the administrative record to clearly and unambiguously reflect that the Provider has made a request to add the DSH adjustment issues and that the Board considered and issued a final decision regarding that request.

---

[1]    BMHCC 98 Medicare DSH SSI Proxy Group Appeal, Case No. 02-1736G and BMHCC 98 Medicaid Eligible Days Group, Case No. 02-1735G.

Suzanne Cochran, Chairperson
May 3, 2007
Page 3

## Request To Add Issues

The Provider requests addition of the following DSH adjustment components to this appeal:

1.  **Medicaid Proxy Percentage: Expanded Section 115 Waiver Days**

    Audit Adjustment #24
    Reimbursement Amount: $749,356

    Whether the regulation at 42 C.F.R. § 412.106(b)(4)(ii) promulgated by the Secretary of Health and Human Services violates the Medicare Disproportionate Share ("DSH") statute, 42 U.S.C. § 1395ww(d), in that the challenged regulation required the Intermediary to exclude the Provider's 2,353 Section 1115 expanded waiver days from the Medicaid days portion of the DSH calculation for the Provider's FPE 12/10/98 Medicare cost report.

    Please note, if the Board authorizes the addition of this issue, the Provider has enclosed a Request for Expedited Judicial Review.

2.  **Medicaid Proxy Percentage: Medicaid eligible paid and unpaid days**

    Audit Adjustment #24
    Reimbursement Amount: $380,840

    Whether the finalized cost report accurately reflected the Provider's Medicaid paid and unpaid but eligible days, when the information obtained from the respective state agencies did not reconcile with the Provider's underlying records, the finalized Medicaid day total did not include paid and eligible days adjudicated and processed after the cut-off date used by the Fiscal Intermediary, and did not include all out-of-state paid and eligible days. The result being that the finalized Medicaid day total should be increased by 1,196 Medicaid eligible paid and unpaid days.

3.  **SSI Proxy**

    Audit Adjustment #24
    Reimbursement Amount: $50,800

    Whether the SSI percentage (proxy) used to compute Medicare Disproportionate Share (DSH) payments has been determined in accordance with the Medicare statutes, 42 U.S.C. Section 1395(d)(5)(F)(vi)(I). Specifically, the Intermediary has not reflected the

Suzanne Cochran, Chairperson
May 3, 2007
Page 4

recalculated SSI percentage for the Provider's fiscal period ending December 10, 1998, in accordance with 42 CFR §412.106(b)(3). The Provider's reconciliation of the MEDPAR data obtained from CMS reflects Medicare SSI days of 8,011 and covered Medicare days of 27,966, resulting in a revised SSI percentage of .286455 for the fiscal period 12/01/97 to 12/10/98. The Intermediary has not reflected the adjustment requested by the Provider in its letter dated 1/13/05 to Mr. Don Romano, Office of General Counsel, Department of Health & Human Services, which included a detailed reconciliation.

### Points For The Board's Consideration

The Provider requests that the Board consider this request as soon as possible given that the hearing has been scheduled for May 31, 2007. As the Board considers this request, the Provider offers the following points for the Board to weigh.

A.    The Board Instructions recognize that the DSH adjustment consists of several components, and expressly notes that "if you are appealing an aspect of the disproportionate share (DSH) adjustment factor or calculation, do not define the issue as "DSH." You must precisely identify the component of the DSH issue that is in dispute." Instructions, II.a. (page 6). The Board Instructions also expressly state that "[a] **group appeal consists of one issue only,** which involves a question of fact or an interpretation of law, regulation, or CMS ruling, which is common to all providers in the appeal." Instructions, A.II.B.1.d. (page 5) (emphasis added). Where factual differences exist among the providers, "the issue is not a valid group appeal issue." *Id.*

B.    The Medicaid Section 1115 waiver day issue (Issue No. 1), as described above relates to the Provider's 2,353 expanded waiver days attributable to this Provider, and is an issue for which we have requested expedited judicial review (EJR), as we have successfully done in the past for a number of different hospitals. Should you decide to grant our request to add the waiver day issue to this appeal, we have enclosed an EJR request that we would request you grant as soon as possible.

C.    The Medicaid eligible paid and unpaid day issue (Issue No. 2) and the SSI percentage calculation issue (Issue No. 3) explained above, clearly set forth facts that would make the specific issues unqualified for treatment in a group appeal according to the Board's own instructions. For example, Issue No. 2, Medicaid eligible paid and unpaid days, relates to facts that concern this Provider and this Provider only. Likewise, the SSI issue, set forth above as Issue No. 3, concerns individualized facts related solely to this Provider as demonstrated by correspondence dated January 13, 2005 to Mr. Donald Romano, Office of General Counsel of

Suzanne Cochran, Chairperson
May 3, 2007
Page 5

the Department of Health and Human Services, in which the Provider submitted the accurate SSI% data.

D.    Although the Provider contests the Board's September 5, 2006, ruling on the transfer issues, the Provider has not and did not waive its right to *add* issues to a jurisdictionally proper individual appeal under 42 CFR § 405.1841(a). The Board's own instructions recognize the Provider's right to add issues prior to the hearing. Instructions, II.C.VI (page 10).

E.    Although the hearing on the above-referenced appeal has been scheduled for May 31, 2007, the Provider and the Fiscal Intermediary expect to resolve all issues currently in the appeal. Should the Board deny this request, resolution of all other issues will lead the Board to close the case, thereby making the Board's decision on our attempt to the DSH issues to this individual appeal a "final" Board decision "that disposes of an entire appeal for a particular cost year." A jurisdictionally proper appeal could then be pursued. Should the Board grant this request, we believe it likely that the Provider can settle all added issues in an Administrative Resolution with the Intermediary, which would make the Board hearing unnecessary.

## Conclusion

For the reasons described above, the Provider requests that the Board add to the Provider's individual appeal, PRRB Case No. 01-3359, the DSH Adjustment issues expressly articulated above. In light of the hearing scheduled for May 31, 2007, the Provider requests that the Board please notify the Provider of the Board's decision regarding this request as soon as possible before the hearing date.

Please feel free to contact us should the Board have any questions regarding this letter or require any further information or documentation.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Sanford E. Pitler
Linda M. Coleman

SEP:jkl
Enclosures

Suzanne Cochran, Chairperson
May 3, 2007
Page 6


cc (w/encls.):

        Mr. Jeff Miller (via facsimile)
        Provider Reimbursement Review Board

        Mr. Michael Shaver
        Riverbend Government Benefits Administrator

        Mr. Wilson Leong
        Blue Cross Blue Shield Association

        Mr. Paul Trower
        Memorial Health Care Corporation


w:\wdclient\1789\00037\mm710717.doc

Suzanne Cochran, Chairperson
May 3, 2007
Page 7


bcc:   Ken Marcus, Esq.
       Honigman Miller Schwartz and Cohn, LLP

       Mr. Jim Ravindran
       Quality Reimbursement Services


w:\wdclient\1789\00037\mm710740.doc

BAPTIST MEMORIAL HEALTH CARE CORPORATION
BMH-MEMPHIS DBA ST JOSEPH
PROVIDER # 44-0071
FYE 12/10/98
AMENDED CALCULATION OF DSH AMOUNT DUE - INCLUDES 2,353 WAIVER DAYS

|  | 12/1/97 - 9/30/98 | 10/1/98 - 12/10/98 |
|---|---|---|
| SSI RATIO | 28.2900% | 28.2900% |
| MEDICAID RATIO (9,092 original days plus 2,353 Waiver days) | | |
| MEDICAID DAYS 11445 | | |
| TOTAL DAYS 43903 | | |
|  | 26.0688% | 26.0688% |
| DSH PATIENT PERCENTAGE | 54.3588% | 54.3588% |
| LESS: THRESHOLD | 20.2000% | 20.2000% |
| NET OF THRESHOLD | 34.1588% | 34.1588% |
| MULTIPLY BY: | 82.5000% | 82.5000% |
| SUBTOTAL | 28.1810% | 28.1810% |
| ADD: ADJUSTMENT PERCENTAGE | 5.8800% | 5.8800% |
| DSH ADJUSTMENT FACTOR | 34.0610% | 34.0610% |
| FEDERAL PAYMENTS | $14,857,351 | $2,286,729 |
| GROSS DISPROPORTIONATE SHARE PAYMENT | $5,060,568 | $778,884 |
| BBA REDUCTION | $50,606 | $15,578 |
| DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $5,009,962 | $763,306 |

| | | |
|---|---|---|
| TOTAL DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $5,773,268 | |
| DISPROPORTIONATE SHARE AMOUNT PREVIOUSLY SETTLED | $5,023,912 | |
| TOTAL DSH AMOUNT DUE PROVIDER | $749,356 | |

**BAPTIST MEMORIAL HEALTH CARE CORPORATION**
**BMH-MEMPHIS DBA ST JOSEPH**
**PROVIDER # 44-0071**
**FYE 12/10/98**
**AMENDED CALCULATION OF DSH AMOUNT DUE - EXCLUDES WAIVER DAYS**

|  | 12/1/97 - 9/30/98 | 10/1/98 - 12/10/98 |
|---|---|---|
| SSI RATIO | 28.2900% | 28.2900% |
| MEDICAID RATIO (9,092 original days plus 1,196 added non-Waiver days) | | |
|     MEDICAID DAYS    10288 | | |
|     TOTAL DAYS    43903 | | |
|  | 23.4335% | 23.4335% |
| DSH PATIENT PERCENTAGE | 51.7235% | 51.7235% |
| LESS: THRESHOLD | 20.2000% | 20.2000% |
| NET OF THRESHOLD | 31.5235% | 31.5235% |
| MULTIPLY BY: | 82.5000% | 82.5000% |
| SUBTOTAL | 26.0069% | 26.0069% |
| ADD: ADJUSTMENT PERCENTAGE | 5.8800% | 5.8800% |
| DSH ADJUSTMENT FACTOR | 31.8869% | 31.8869% |
| FEDERAL PAYMENTS | $14,857,351 | $2,286,729 |
| GROSS DISPROPORTIONATE SHARE PAYMENT | $4,737,544 | $729,166 |
| BBA REDUCTION | $47,375 | $14,583 |
| DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $4,690,169 | $714,583 |

| | |
|---|---|
| TOTAL DISPROPORTIONATE SHARE AMOUNT DUE PROVIDER | $5,404,752 |
| DISPROPORTIONATE SHARE AMOUNT PREVIOUSLY SETTLED | $5,023,912 |
| TOTAL DSH AMOUNT DUE PROVIDER | $380,840 |

# EXHIBIT 5



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
PROVIDER REIMBURSEMENT REVIEW BOARD
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

01-3359                                                      MAY 1 6 2007
CERTIFIED MAIL

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

RE: Baptist Memorial Hospital-St. Joseph
Provider No. 44-0071
FYE12/10/98
PRRB Case No. 01-3359

Dear Mr. Pitler:

The Provider Reimbursement Review Board (Board) has reviewed your letters of May 3, 2007 seeking to add issues to the above-referenced appeal and requesting expedited judicial review (EJR) over the § 1115 waiver issue. The decision of the Board is set forth below.

Addition of Issues

The Provider requested that the following issues be added to this case:

- Medicaid Proxy Percentage: Expanded Section 115 [sic] Waiver Days
- Medicaid Proxy Percentage: Medicaid Eligible Paid and Unpaid days
- SSI Proxy

Medicaid Eligible Days and SSI Proxy

On July 18, 2006 and again on September 5, 2006, the Board denied the Provider's request to add the Medicaid Eligible Paid and Unpaid Days and SSI issues to case number 01-3359 because the Provider had participated in mandatory common issue related party group appeals required by 42 C.F.R. § 405.1841(b). The group appeals in which the Provider was a participant had been dismissed for failure to file position papers. In both letters, the Board advised the Provider that they could not have a second opportunity to appeal those issues and the request to add the issues was dismissed. In addition, the Provider was asked to cease requesting to add these issues to the appeal. The Board's decision on this matter remains unchanged.

Provider Reimbursement Review Board
Page 2 Sanford E. Pitler

CN01-3359G

### § 1115 Waiver Days

The Board hereby denies the Providers request to add the § 1115 waiver days issue to the appeal because the Board has already issued a final determination for the Baptist Memorial Hospital system providers with respect to this issue in case number 05-0545G. See, decision enclosed. Since the Board has rendered a final determination for the § 1115 waiver days issue with respect to providers which are commonly owned by the Baptist Memorial Hospital system, the Board also denies the Provider's request for EJR.

The regulation, 42 C.F.R. § 405.1841(b) requires that:

> . . . any appeal filed by providers that are under common ownership or control must be brought by the providers as a group appeal in accordance with the provisions of paragraph (a) of this section with respect to any matter involving an issue common to the providers and for which the aggregate amount in controversy is $50,000 or more . . . . (emphasis added)

The Baptist Memorial Hospital system established case number 05-0545G for the § 1115 waiver issue for fiscal year ends 1997 and 1998 on January 13, 2005 because the issue involves a single question of law: whether the § 1115 expanded waiver days should be included in the disproportionate share calculation prior to January 20, 2000. Since all of the providers in the group were commonly owned the formation of a group appeal for this issue was mandatory. The Group Representative voluntarily advised the Board on December 9, 2005 that there were no additional providers to add to the group and requested that the Board grant EJR over the § 1115 issue. The Board granted the providers' request for EJR on January 4, 2006. This was a final determination with regard to the § 1115 waiver issue for this corporate entity for the fiscal years in question. See, 42 C.F.R. § 405.1842(h)(1). Further, pursuant to 42 C.F.R. § 405.1842(h)(2), once EJR is granted providers are not entitled to a hearing on the issue.

The District Court for the District of Columbia considered this matter in Memorial Hospital v. Sullivan, 779 F. Supp 1406 (D.C. Dist. 1991) (Memorial). The Court in Memorial found that it was plain from the language of the regulation that providers that are commonly owned bear the responsibility for merging their respective appeals. Neither the statute nor the regulation places any obligation on the agency in this regard. Id. at 1407. It was the Group Representative's responsibility to assure that all of the Baptist Memorial Health System providers had been incorporated into case number 05-0545G. As the Court pointed out in Memorial, the provider is in a better position to ascertain the litigation strategy of the parent company. Id. at 1408. The Board will not issue a second determination for the § 1115 waiver days issue for the fiscal years 1997 and 1998 because it has already rendered a final determination with regard to this matter for the providers owned by the Baptist Memorial Hospital system..

Provider Reimbursement Review Board
Page 3 Sanford E. Pitler

CN01-3359G

The Board's decision concerning EJR is not subject review under 42 C.F.R. § 405.1875.

Board Members Participating

    Suzanne Cochran, Esq.
    Gary B. Blodgett, DDS
    Elaine Crews Powell, CPA
    Anjali Mulchandani-West
    Yvette C. Hayes

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosure: EJR dec. in CN05-0545G

cc: Mike Shaver, Riverbend GBS (TN)
    Wilson Leong, BCBSA



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671            FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West

Refer to:

05-0545G

<u>CERTIFIED MAIL</u>

JAN 24 2006

Sanford E. Pitler, Esq.
Bennett, Bigelow and Leedom, PS
1700 Seventh Avenue
Suite 1700
Seattle, WA 98101-1397

RE:  Baptist Memorial 97-98 § 1115 Waiver Days Grp
Provider Nos. various
FYE 1997-1998
PRRB Case No. 05-0545G

Dear Mr. Pitler:

This is in response to the Providers' request that the Provider Reimbursement Review Board (Board), pursuant to 42 U.S.C. § 1395oo(f)(1), determine that it is without the authority to decide the question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share (DSH) adjustment prior to January 20, 2000, is valid. The Providers are seeking to have section 1115 expansion waiver days included in the DSH calculation for periods prior to January 20, 2000.

The Providers believe that this regulation conflicts with 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and (II), ( the DSH calculation) which provides for two proxies as measures of the volume of low-income patients served by a hospital:

(1) the percentage of the total Medicare inpatient days provided to low income Medicare patients (i.e., those patients entitled to supplemental security income under Title XVI of the Social Security Act); and

(2) the percentage of total hospital days provided to "patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid program]."

The Providers believe that the regulation, 42 C.F.R. § 412.106(b)(4)(ii) is inconsistent with the statutory language of §1395ww(d)(5)(F)(vi)(II). Section 1395oo(f)(1) permits providers that have requested and are entitled to a hearing before the Board under 42 U.S.C. § 1395oo(a), to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without the authority to decide such question.

Provider Reimbursement Review Board
Page 2 Sanford E. Pitler

CN 05-0545G

The Board has reviewed the submissions of the Providers pertaining to the requests for hearing and expedited judicial review. The documentation shows that the estimated amount in controversy for the appeal exceeds $50,000, as required for a group appeal. The estimated amount in controversy is subject to recalculation by the Intermediary for the actual final amount.

The Board finds that:

1) it has jurisdiction over the matter for the subject year and the Providers are entitled to a hearing before the Board;

2) based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board;

3) it is bound by the applicable existing Medicare law and regulation (42 C.F.R. § 405.1867); and

4) it is without the authority to decide the legal question of whether the regulation, 42 C.F.R. § 412.106(b)(4)(ii), which excludes section 1115 expansion waiver days from the calculation of the disproportionate share adjustment prior to January 20, 2000, is valid.

Accordingly, the Board finds that the section 1115 waiver issue properly falls within the provisions of 42 U.S.C. § 1395oo (f)(1) and hereby grants the Providers' request for expedited judicial review for the issue and the subject years. The Providers have 60 days from the receipt of this decision to institute the appropriate action for judicial review. Since this is the only issue under dispute, the Board hereby closes the case.

Board Members Participating

Suzanne Cochran, Esq.
Gary B. Blodgett, DDS
Elaine C. Powell, CPA

FOR THE BOARD:

Suzanne Cochran, Esq.
Chairman

Enclosures: 42 U.S.C. § 1395oo (f)(1), Schedule of Providers

cc: Mike Shaver, Riverbend GBA (TN) (w/Schedule of Providers)
Wilson Leong, BCBSA (w/Schedule of Providers)

## BMH FYs 97-98 SECTION 1115 WAIVER DAYS GROUP APPEAL, CASE NO. 05-0545G

### SCHEDULE OF PROVIDERS ON APPEAL (SCHEDULE A)

Date Prepared: December 9, 2005

| | Provider Number | Provider Name (City, County, State) | Cost Report Period | Fiscal Intermediary | A Date of NPR | B Date of Hearing Request | C Number of Days | D Audit Adj. No. | E Approx. Recovery Amt. | F Orig. Case No. | G Date of Add/Transfer |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/97 | Riverbend Government Benefits Administrator | 9/19/00 | 3/19/01 | 181 (1) | 13, 69 | $1,473,383 | 01-2410 | 9/21/04 1/13/05 |
| 2. | 44-0048 | Baptist Memorial Hospital Memphis--East Medical Center (Memphis, Shelby County, Tennessee) | 9/30/98 | Riverbend Government Benefits Administrator | 9/27/01 | 3/26/02 | 180 | 10 | $1,966,877 | 02-1656 | 1/13/05 |
| 3. | 44-0131 | Baptist Memorial Hospital--Tipton (Covington, Tipton County, Tennessee) | 9/30/97 | Riverbend Government Benefits Administrator | 9/26/00 | 3/26/01 | 181 (1) | 4, 48 | $168,938 | 01-2728 | 1/11/05 1/13/05 |
| 4. | 25-0141 | Baptist Memorial Hospital--DeSoto (Southaven, DeSoto County, Mississippi) | 9/30/97 | Riverbend Government Benefits Administrator | 8/23/00 | 2/19/01 | 180 | 2 | $57,677 | 01-1413 | 11/8/05 |

ATTACHMENT B

| 5. | 44-0130 | Baptist Memorial Hospital-- Union City (Union City, Obion County, Tennessee) | 9/30/98 | Riverbend Government Benefits Administrator | 9/28/01 | 3/26/02 | 179 | N/A (2) | $256,319 | 02-1655 | 11/8/05 |

(1) Per the Provider Reimbursement Review Board Instructions, Part I, Section B.1.a.2. (page 4), Requests for Hearings must be mailed within 180 days after receipt of the final determination; and Part I, Section B.1.c. (page 5) states that the Board presumes the notice of final determination has been received within five (5) days of its issuance

(2) Because the decision in *Bethesda Hospital Association et. al. v. Bowen*, 108 S.Ct. 1255 (1988) applies to this challenge, the legality of the Secretary's regulation as statutory interpretation, the hospital fiscal years without audit adjustments do not require audit adjustment reports.

**ATTACHMENT B**

# EXHIBIT 6

# BB&L

Bennett Bigelow & Leedom, P.S.

Law Offices

Sanford E. Pitler
Attorney
pitler@bbllaw.com

May 24, 2007

**Via Fax and Federal Express**

Suzanne Cochran, Esq.
Chairperson
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

      Re:    Baptist Memorial Hospital – St. Joseph Hospital
              Provider No. 44-0071
              FYE 12/10/98
              PRRB Case No. 01-3359
              Intermediary: Riverbend Government Benefits Administrator
              **Notice of Administrative Resolution**

Dear Ms. Cochran:

        This letter serves to advise the Provider Reimbursement Review Board (the "Board" or "PRRB") that Baptist Memorial Hospital – St. Joseph Hospital (the "Provider") and the fiscal intermediary, Riverbend Government Benefits Administrator, have agreed to administratively resolve the issues remaining in the above-referenced appeal. As explained below, however, this letter does not withdraw the appeal.

        Enclosed is a copy of the Full Administrative Resolution signed by the parties, reflecting their mutual agreement to administratively resolve this appeal. On May 3, 2007, the Provider submitted to the Board a request to add issues to the appeal. On May 16, 2007, the Board issued its decision denying the Provider's request to add the issues. The Provider does not seek to withdraw the appeal. Rather, this case should be considered finally decided by the Board for the purposes of the Provider seeking judicial review under 42 CFR 405.1877 regarding the Board's decision to deny the request to add issues and any other jurisdictional decisions issued by the Board regarding this appeal. As a result, the Board should close the case as it does for all cases for which the Board has issued a final decision. The Provider reserves the right to request reinstatement of the appeal pursuant to Board Instructions.

■

■

Suzanne Cochran, Esq.
May 24, 2007
Page 2

    Please note that hearing was scheduled in this matter on Thursday, May 31, 2007, but we notified Mr. Jeff Miller that the hearing could be removed from the Board's docket.

    If you have any questions, please do not hesitate to contact us at (206) 622-5511.

        Very truly yours,

        BENNETT BIGELOW & LEEDOM, P.S.

        Sanford E. Pitler

SEP:ae
Enclosure

cc:    Mr. Paul Trower
       Baptist Memorial Health Care Corporation

       Mr. Mike Shaver
       Riverbend Government Benefits Administrator

       Ms. Marsha Roane
       Blue Cross Blue Shield Association

       Linda M. Coleman, Esq.
       Ms. Anne Ebbighausen
       Bennett Bigelow & Leedom, P.S.

w:\wdclient\1789\00037\mm713598.doc

Suzanne Cochran, Esq.
May 24, 2007
Page 3

Bcc:✓ Ken Marcus, Esq.

      Mr. Jim Ravindran
      QRS

BEFORE THE PROVIDER REIMBURSEMENT REVIEW BOARD

| | |
|---|---|
| Provider Name BMH St. Joseph Hospital | ) |
| | ) |
| Provider No. 44-0071 | ) |
| | ) PRRB Case No. 01-3359 |
| (Provider) | ) |
| | ) |
| vs. | ) |
| | ) FPE 12/10/98 |
| | ) |
| Blue Cross Blue Shield Tennessee-Riverbend | ) |
| GBA, a Member of the Blue Cross and Blue | ) |
| Shield Association, an Association of | ) |
| Independent Blue Cross and Blue Shield Plans/ | ) |
| Blue Cross and Blue Shield Association | ) |
| | ) |
| (Intermediary) | ) |

## FULL ADMINISTRATIVE RESOLUTION

The Intermediary and the Provider ("parties") in the above-captioned appeal are entering into this Administrative Resolution ("AR") for the purpose of resolving the issues that remain pending before the Provider Reimbursement Review Board ("PRRB").

Based on a mutual review of the respective parties' position papers, other available documentation and authorities and further discussions, the parties agree to resolve the issues remaining in the case as follows:

### Issue 1: Contingency Costs

Adjustment Number 11
Estimated Reimbursement Effect approx. $458,000

In its terminating cost report, the provider claimed certain expenses that were reported in a contingency account. This contingency account represented the accrual of anticipated closing costs of the hospital. Included in that account were various administrative costs and other ending of operation costs. The Intermediary disallowed the contingency costs in audit adjustment number 11, due to a lack of documentation. The Provider filed a jurisdictionally valid appeal on this issue. The parties agree to resolve this issue. The Intermediary will modify the original audit adjustment to include documented contingency costs. The Provider also appealed the

Intermediary's final determination of allowable Medicare bad debts. Hospital and rehabilitation bad debts claimed by the Provider were adjusted by the Intermediary in audit adjustment 27. The provider has submitted a revised bad debt listing, which the Intermediary reviewed and tested. The Intermediary agrees to modify its original adjustments to the Provider's hospital and rehabilitation bad debts. This administrative resolution is in accordance with 42 CFR 413.89 and CMS Pub. 15-I, Section 2176. (Revised Adjustments 1001, 1003 & 1004)

**Issue 2: 5.8% Outpatient Payment Reduction**

Adjustment Number 15
Adjustment Amount various
Estimated Reimbursement Effect approx. $2,000

The Intermediary adjusted the Inpatient Ancillary Part B charges at audit by way of the Intermediary's cost report software system that applied the 5.8% operating cost reduction to the Inpatient Part B charges. The Provider filed a jurisdictionally valid appeal on this issue. The parties agree to resolve this issue. The Intermediary will calculate the reimbursement impact of the 5.8% operating cost reduction that was applied to Inpatient Part B charges at audit and make an adjustment accordingly. BCBSA approved the resolution of this issue in a letter dated May 3, 2002. This administrative resolution is in accordance with CMS 15-II, 3620. (Revised Adjustment 1002)

**Issue 3:  Disproportionate Share Payment (DSH) Medicaid Proxy Percentage: Medicaid Eligible Paid and Unpaid Days**

Audit Adjustment #24
Adjustment Amount various
Reimbursement Amount:  $380,840

On May 3, 2007, the Provider submitted to the Board a request to add the issue to the appeal. In a certified letter dated May 16, 2007, the Board denied the Provider's request to add this issue to the appeal.

**Issue 4: DSH SSI Percentage**

Adjustment Number 24
Adjustment Amount various
Estimated Reimbursement Effect approx. $75,000

On May 3, 2007, the Provider submitted to the Board a request to add the issue to the appeal. a certified letter dated May 16, 2007, the Board denied the Provider's request to add the issue to the appeal.

**Issue No. 5: DSH Medicaid Proxy Percentage: Expanded Section 1115 Waiver Days**

Audit Adjustment #24
Adjustment Amount various
Estimated Reimbursement Effect $749,356

On May 3, 2007, the Provider submitted to the Board a request to add the issue to the appeal. a certified letter dated May 16, 2007, the Board denied the Provider's request to add the issue to the appeal.

Within five (5) days from the date of the execution of this AR, the Provider will notify the PRRB in writing that all remaining issues have been settled and will attach a copy of the executed Administrative Resolution. The Provider will inform the PRRB that with all remaining issues settled and with the Board having denied the request to add issues, this case may be closed and can be considered final for the purposes of the Provider seeking judicial review under 42 CFR 405.1877 regarding the PRRB's decision to deny the request to add issues and any other jurisdictional decisions issued by the PRRB regarding this appeal. The provider reserves all reinstatement rights pursuant to PRRB instructions. Part I, Subsection C.XIII.a. PRRB procedures and instructions for case reinstatement can be accessed at http://www.cms.hhs.gov/PRRBreview.

The intermediary will issue a revised Notice of Program Reimbursement with respect to Issue 1 and Issue 2 above to implement this administrative resolution within 90 days of the date the Intermediary receives a fully executed copy of this AR.

| For Bennett-Bigelow & Leedom, P.S. Provider Representative | For Blue Cross and Blue Shield Association | For Tennessee-Riverbend GBA |
|---|---|---|
| 5/23/07 | May 24, 2007 | May 24, 2007 |
| Date | Date | Date |

w:\wdclient\1789\00037\mm713059.doc

Full Administrative Resolution
BMH St. Joseph Hospital
PRRB Case No. 01-3359
Page 3 of 3

# EXHIBIT 7



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

JUN 0 1 2007

CERTIFIED MAIL

Bennett Bigelow & Leedom, P.S.
Sanford E. Pitler
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1397

*TIME* COPY RECEIVED
BY
JUN - 4 2007
BENNETT BIGELOW
& LEEDOM

RE: Baptist Memorial Hospital – St. Joseph Hospital
     Provider No. 44-0071
     FYE 12/10/1998
     PRRB Case No. 01-3359

Dear Mr. Pitler:

In accordance with your request and the Administrative Resolution which you submitted on May 24, 2007, the Provider Reimbursement Review Board (the Board) hereby closes this case. Please refer to the Board's instructions which are located on the Board's website at http://www.cms.gov/providers/prrb/prrb.asp regarding the closure of cases and deadlines for reinstatement where appropriate.

For the Board:

*Yvette C. Hayes*

Board Member

cc:  Mike Shaver, Riverbend Government Benefits Administrator
     Wilson C. Leong, BCBSA