

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671        FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to: 00-1137; 01-1272

MAR 0 7 2007

J.C. Ravindran, President
Quality Reimbursement Services
150 North Santa Anita Avenue
Suite 570A
Arcadia, CA 91006

Terry Gouger, Appeals Supervisor
Mutual of Omaha Insurance Company
Medicare Division
PO Box 1604
Omaha, NE 68101

FILE
Client 98

David L. Cohan
Quality Reimbursement Services
Santa Anita Avenue
Suite 570A
Arcadia, CA 91006

    Case Name: Lester E. Cox Medical Center
    Case No:    00-1137
    Pro. No :   26-0040
    FYE      :  12/31/98

    Case Name: Cox Health Systems
    Case No:    01-1272
    Pro. No :   26-0040
    FYE      :  12/31/98

Dear Mr. Ravindran, Mr. Cohan and Mr. Gouger:

The Board has reviewed the Provider's February 23, 2007 and March 1, 2007 correspondence requesting a 60 day extension and representing that the Intermediary joins in the request. The Board reluctantly grants your request and has rescheduled these cases for a hearing on May 14, 2007. We are urging the parties to actively work on these cases immediately, as these cases will not be rescheduled if they remain unresolved on the rescheduled hearing date. Any issues remaining in these two cases on May 14, including those that have not been properly transferred to a group as discussed more fully below, will be heard or dismissed.

These cases epitomize the problems that the Board has been focusing on trying to eliminate, both under its "old case initiative" and under its general operations. In these cases, now six and seven years old, the parties have waited until a few days just prior to the hearing date to conduct significant activities that should have been addressed well before the hearing date. These last minute activities include an ambulance cost reconciliation which is still unresolved, requests to transfer issues (SSI proxy, Medicaid proxy, and the General Assistance days) to existing group appeals and a jurisdiction challenge.

We are cognizant that a jurisdiction challenge can be raised at any stage, but addressing this fundamental issue so late in the process can cause the Intermediary as well as the Provider and the Board to devote time and resources unnecessarily if jurisdiction is found not to exist. The Intermediary's brief on jurisdiction was received by the Board on March 1; the Provider's response is due April 1.

With regard to the transfers to groups, we emphasize that the statute, regulations and Board instructions limit group cases to a single issue. The Board will agree to a transfer request of the SSI proxy issue once the provider identifies the group appeal to which the issue should be transferred. Regarding the Medicaid proxy and General Assistance issues, these are two areas in which the Board is finding consistent problems. Therefore, the Board will only consider transfer requests that contain detailed explanations supporting the appropriateness of including the issue for these Providers in the existing group. To assure conformity with the single issue requirement, the Provider group must clearly and specifically identify the issue and the transfer request must demonstrate that the issue to be transferred is identical to that of the existing providers in the prospective group. By way of example only, medical assistance programs under Title XIX are unique to each state; therefore, providers from multiple states should not be combined.

Please be advised, too, that the Board is in the process of reviewing group cases, particularly those involving any issue pertaining to the DSH Medicaid proxy, to ascertain that the single issue has been squarely identified and that the position papers address the specific dispute. We will be looking to see if the position paper, including the exhibits, fairly puts the Intermediary on notice of the specific data or facts that it must defend against. For example, if the issue is whether eligible as well as paid Medicaid days were included, the legal issue was resolved years ago when CMS acquiesced to several Federal Circuit Court decisions. We expect the data in dispute to be furnished and the fact issue briefed. (See 42 C.F.R. §405.1853). We, therefore, urge both parties to promptly review all cases to assure conformity with the law and the Board's procedural rules and cure those problems before being confronted again with a hearing date.

For the Board:

Suzanne Cochran, Esq.
Chairperson

cc: Erling Hansen, Esq.