

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
P. O. Box 31712, Baltimore, Maryland 21207-8712
Courier: 7500 Security Blvd., Room C1-09-13, Baltimore MD 21244-1850
Phone: 410-786-2671          FAX: 410-786-5298

Irvin W. Kues, Chairman
Henry C. Wessman, Esq.
Martin W. Hoover, Jr., Esq.
Charles R. Barker

Refer to: 98-2694G, 98-2692G, 99-3222G
CERTIFIED MAIL

FEB - 9 2000

J.C. Ravindran, President
Quality Reimbursement Services
150 North Santa Anita Ave.
Suite 570A
Arcadia, CA 91006


Copy → 98-2692G

RE: Quality Reimbursement Services 88, 94 DSH Payments, Provider Nos. Various, FYEs Various, PRRB Case No. 98-2694G
Quality Reimbursement Services, 88, 94-95 DSH/SSI Payments Group, Provider Nos. Various, FYEs Various, PRRB Case No. 98-2694G
Quality Reimbursement Services 90-96 SSI Group Appeal, Provider Nos. Various, FYEs Various, PRRB Case No. 98-2695G

Dear Mr. Ravindran:

The Provider Reimbursement Review Board (Board) has reviewed the records in the above-referenced cases and needs additional information from you. The Board requests that you more clearly define the issues under appeal so that it can distinguish the specific disproportionate share (DSH) issues under appeal in each case.

The issue identified by you in the cases are as follows:

<u>98-2694G</u>- Whether the Medicaid percentage used to compute the Medicare Disproportionate Share (DSH) payments has been determined in accordance with the Medicare statutes?

<u>98-2692G</u>- Whether the SSI percentage (proxy) used to compute Medicare Disproportionate Share (DSH) Payments has been determined in accordance with the Medicare statutes?

<u>99-3222G</u>- Whether HCFA and the Social Security Administration are precluded by the Privacy Act from furnishing access to SSI enrollment information in order to verify the number of SSI days used by the individual providers to determine the SSI ratio used to compute Medicare Disproportionate Share Payments?

Pursuant to 42 C.F.R. § 405.1841(a)(1). requires that a request for Board hearing must identify the aspects of the determination with which the providers are dissatisfied, explain why the providers believe the determination is incorrect in such particulars and be accompanied by any documenting evidence the provider considers necessary to support its position. (Section 405.1841(a)(2) applies this requirement to providers participating in a group appeal.) Further, the Board's <u>Group Appeal Instructions</u> state that initial group appeal requests must contain an explanation of the common issue that is the basis of the appeal in sufficient detail to understand

the complete substance of the issue.

The Board notes that the initial hearing requests did not explain the application of the statutory, regulatory or manual provisions with which the Providers were dissatisfied, why they are dissatisfied with their current treatment nor what type of remedy the Providers were seeking. Further, the Board questions whether the issue in case number 99-3222G (release of SSI enrollment information) is not an evidentiary problem related to whether the SSI proxy is correctly computed (would the Providers use the SSI enrollment information to establish whether each Provider's particular SSI percentage was correctly computed and then the Board would determine whether the Providers' evidence met the burden of proof regarding the correctness of the SSI calulcation). Further, the Board questions whether the issue in case number 98-2692G is suitable for a group appeal because the question of whether the SSI percentage was correctly calculated would be unique for each Provider and would involve a reconciliation of the records from HCFA/SSA and the Provider.

The requested information is to be received in the Board's offices within 30 days of the date of this letter. Failure to file a timely response will result in dismissal of the appeals.

Sincerely,

Charles R. Barker
Board Member

cc: Wilson Leong, BCBSA
    Tom Bruce, Mutual of Omaha