IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL-GOLDEN
TRIANGLE, BAPTIST MEMORIAL HOSPITAL-ST.
JOSEPH HOSPITAL, AND BAPTIST MEMORIAL
HOSPITAL-DESOTO HOSPITAL
350 N. HUMPHREY'S BLVD.
MEMPHIS, TN 38120

CIVIL ACTION NO.1:06CV01413
Hon. Colleen Kollar-Kotelly

      Plaintiffs,

VS.

MICHAEL O. LEAVITT, IN HIS
OFFICIAL CAPACITY AS SECRETARY
OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      Defendant.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

    Plaintiffs Baptist Memorial Hospital–Golden Triangle, Baptist Memorial Hospital–St. Joseph Hospital and Baptist Memorial Hospital–Desoto Hospital (collectively, the "Hospitals") hereby respond to Defendant's Statement of Material Facts As To Which There Is No Genuine Issue ("Defendant's Statement") in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h).

    By this Response, the Plaintiffs seek to demonstrate that certain of Defendant's statements of material facts alleged to be without genuine issue are instead incorrect, unclear or very much in dispute. Therefore, replying specifically to the numbered paragraphs cited in Defendant's Statement, Plaintiffs respond as follows:

1

7. Defendant incorrectly cites from BMH-St. Joseph Hospital's April 11, 2002 request to the Board to establish the group appeal titled "BMHCC 1998 Medicaid Eligible Days Group Appeal". A.R. 496. As the reason for the appeal, the letter stated: "Specifically, *the provider disagrees with* the calculation of the second computation of the disproportionate patient percentage…." Id. The Defendant quotes the letter as stating "*the intermediary erred in its* calculation of the second computation…." (emphasis supplied.) The Defendant's description adds an element of interpretation not found in the document itself.

24. The undisputed fact is that BMH-St. Joseph Hospital's letter of July 18, 2006 requested that the Board transfer the eligible days issue from group appeal 04-0554G back to its individual appeal, 01-3359. A.R. 36. Defendant's further characterization of that letter is not a material fact but rather an interpretation better left to his argument rather than a statement of facts not in dispute.

35. Defendant incorrectly asserts that the April 11, 2002 letter included a request by BMH-St. Joseph Hospital to add the SSI% issue to its individual appeal. Such a request was made in the letter but for a different provider.

38. Defendant cites to the Board's decision of May 2, 2006 to support his assertion that two of the Hospitals added the SSI% issue to their respective individual appeals before transferring the issue to group appeal 02-1736G. A.R. 17. The Board's decision asserts these facts but is not evidence of the requests. In fact, BMH-Desoto Hospital's requests to the Board dated April 17, 2002 (Plaintiffs' Statement of Material Facts ("Pls' Stmt"), Ex. 9) do

not support Defendant's assertion that the issues were transferred "to group appeal 02-1736G." No specific group appeal number is cited in the letter.

40.     Referring to the Board's dismissal of group appeal 02-1736G (Pls' Stmt, Ex. 3, described in Defendant's Statement paragraph 39), Defendant asserts that the providers did not request reinstatement before the Board or appeal the decision in federal district court. Defendant failed to note that the Board's decision was an interlocutory order arising from a jurisdictional challenge by the intermediary and as such there as not a final determination suitable for appeal under the Board's rules.

42.     Defendant again cites to the Board's decision of May 2, 2006 to support his assertion that all the Hospitals added the SSI% issue to their respective individual appeals before transferring the issue to new group appeal 04-0553G. A.R. 17 - 18. The Board's decision asserts these facts but is not evidence of these events as facts to which there is no genuine issue.

45.     The Defendant refers to a May 5, 2006 decision of the Board. A.R. 19 – 20. This is the same document earlier referred to as a May 2, 2006 Board decision. The document in the Administrative Record carries both dates, presumably because it was originally date-stamped on the earlier date.

46.     The undisputed fact is that BMH-St. Joseph Hospital's letter of July 18, 2006 requested that the Board transfer the SSI proxy issue from group appeal 04-0554G back to its individual appeal, 01-3359. A.R. 36. Defendant's further characterization of that letter is not

a material fact but rather an inappropriate interpretation better saved for his argument rather than a statement of facts not in dispute.

48.    Defendant cites to the Board's decision of September 5, 2006 to support his assertion that the Board "inadvertently granted" BMH-St. Joseph Hospital's July 18, 2006 request to transfer its eligible days and SSI% issues from group appeal 04-0553G to its individual appeal, 01-3359 due to filing problems. The Board's decision asserts these facts but is not evidence of them as facts as to which there is no genuine issue.

      Respectfully submitted,

      HONIGMAN MILLER SCHWARTZ AND COHN LLP

      By:    Kenneth R. Marcus

      Kenneth R. Marcus (DC Bar No MI 0016)
      660 Woodward Avenue
      2290 First National Building
      Detroit, Michigan 48226
      Phone:  313 465 7470
      Fax:  313 465 7471
      kmarcus@honigman.com

      and

      ALDERMAN, DEVORSETZ & HORA, PLLC

      By:    _____

      Leslie D. Alderman III
      1025 Connecticut Avenue NW
      Suite 615
      The Blake Building
      Washington, DC 20036
      Phone: 202 969 8220
      Fax: 202 969 8224
      lalderman@adhlawfirm.com

                                          COUNSEL FOR PLAINTIFFS

Date: August 17, 2007