## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BAPTIST MEMORIAL HOSPITAL-      )
GOLDEN TRIANGLE; BAPTIST        )
MEMORIAL HOSPITAL-ST. JOSEPH    )
HOSPITAL, AND BAPTIST           )
MEMORIAL HOSPITAL-              )
DESOTO HOSPITAL,                )
                                )
        Plaintiffs,        )       Civil No. 06-1413 (CKK)
                                )
     v.                     )
                                )
MICHAEL O. LEAVITT,             )
Secretary of Health and Human Services,   )
                                )
        Defendant.         )
                                )
_____)

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

In Plaintiffs' Opposition[1] the Plaintiffs continue to try to obscure the basis for the

Provider Reimbursement Review Board's ("Board"'s or "PRRB"'s) decisions–namely, that

Plaintiffs had an opportunity to pursue their claims before the Board but failed to file preliminary

position papers.  Plaintiffs have since tried to evade the Board's dismissals by: attempting to file

new group appeals for the same issues (all three providers); transferring the same issues from a

second set of dismissed group appeals to an individual case (BMH-St. Joseph); and adding the

_____

[1]Plaintiffs' Memorandum of Points and Authorities In Opposition to Defendant's Motion
for Summary Judgment, In Reply to Defendant's Opposition to Plaintiffs' Motion for Summary
Judgment and In Support of Plaintiffs' Renewed Motion for Summary Judgment ("Pls'
Opp'n")(Docket No. 33).

same issues to an individual case directly (BMH-St. Joseph).  The Board reasonably refused to

honor any of these end runs around its dismissal of Plaintiffs' appeals for failure to comply with

its deadlines.

In their Opposition, Plaintiffs again attempt to shift the blame for their own inaction onto

the Board and make additional irrelevant allegations about the Board's actions in unrelated cases.

For the reasons already discussed in the Defendant's Memorandum,[2] and for the reasons herein,

the Court should ignore these proffered diversions and affirm the Board's decisions:  (1)

dismissing BMH-St. Joseph and BMH-Golden Triangle from group appeal 04-0554G (regarding

disproportionate share eligible days); (2) refusing to permit BMH-St. Joseph to transfer the

eligible days and SSI % issues from group appeals 04-0554G and 04-0553G to its individual

case; and (3) refusing to permit BMH-St. Joseph to add these same issues to its individual case

directly.

## ARGUMENT

**I.      When the Board Dismisses a Group Appeal on the Basis of Missed Deadlines It is
         Not Required to First Scrutinize the Appeal Request or Consider Any Other Facts.**

Plaintiffs argue that none of the group appeals they formed were proper group appeals.

(Pls' Opp'n at 10.)  The Providers claim that because they formed group appeals which "violated

the Board's policy of a single common issue to constitute a group appeal . . .  [t]he Board should

have dissolved these cases and instructed the Provider to pursue these issues through individual

appeal."  (Id.)  But it would be strange indeed if Plaintiffs' failure to properly conduct their group

---

[2]Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion
for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment ("Def's
Mem.") (Docket No. 29).

appeals were to save them from the consequences of failing to comply with filing deadlines in prosecuting those appeals.

First, the PRRB's Instructions make it plain that providers, not the Board, are responsible for managing their appeals in accordance with its rules and procedures, and that noncompliance may result in dismissal of an appeal.  See e.g. PRRB Instructions, Part I.A.I., (Def's Mem. Ex. 1, Part I at 1) ("The Board requires its procedures to be followed during the course of an appeal. Failure by a provider to follow Board procedures may result in dismissal of the appeal.") Plaintiffs cite no authority for the proposition that it is the Board's responsibility to dissolve improperly formed group appeals before it dismisses them for procedural default.  Instead, they rely on unrelated cases which do not involve the failure to file a position paper.  (Pls' Opp'n at 20) (citing Pls' Opp'n Exs. 2, 3 and 4).  These other Board cases are irrelevant.  In none of the letters relied upon by Plaintiffs does the Board dissolve a group appeal instead of dismissing it for procedural default.  Indeed, two of the letters warn the providers that failure to timely respond to a Board request will result in dismissal of the appeal.  See (Pls' Opp'n Ex. 2 at 2; Pls' Opp'n Ex. 3 at 2.)

Further, even if the Board could have questioned whether the Hospitals' appeals were properly formed, it was under no obligation to do so before dismissing them.  Had the Providers timely filed position papers, the initial appeals may have eventually been split into two group appeals or perhaps even rejected as raising issues not properly pursued in group appeals. However, by failing to comply with deadlines,  Plaintiffs forfeited their right to pursue the issues raised in their group appeal requests and the Board was not "under any obligation to consider any other facts."  Saint Joseph Hospital v. Shalala, 2000 WL 1847976, *4 ( N.D. Ill. December 15,

3

2000) (upholding Board dismissal of appeal, and refusal to reinstate, where Hospital missed final

position paper deadline); see also High Country Home Health, Inc. v. Thompson, 359 F.3d 1307

(10th Cir. 2004) (same). In High Country Health, the provider argued that the final position paper

was "unnecessary because its arguments could be gleaned from other reimbursement appeals

dealing with similar issues and from the preliminary list of issues for its appeal." Id. at 1313.

The court of appeals held that the PRRB "was under no duty to hunt around in the record . . . in

an attempt to discern the nature of" the provider's claims. Id. Similarly here, the PRRB was

under no duty to investigate the nature of the issues underlying the Providers' appeals before

dismissing them for missing its deadlines.

The fact that the Plaintiffs may have failed to follow Board instructions regarding limiting

group appeal requests to a single issue does nothing to excuse their non-compliance with the

Board's other requirements. Plaintiffs' belated complaint that the PRRB's instructions are not

"clear . . . as to what constitutes a single issue that should be included in a group appeal," (Pls'

Opp'n at 20), also does not explain why they did not submit preliminary position papers in the

initial appeals and is completely irrelevant to the legal question of whether a provider may

relitigate a previously dismissed claim or if, instead, the Board has the authority to dismiss such

claims.

**II.    Group Appeals 02-1735G and 04-0554G Were the Same**.

Defendant's Memorandum explained that the issues appealed in the "eligible days" group

appeal 02-1735G, which was dismissed for missing a Board deadline, and group appeal 04-

0554G were the same.[3] (Def's Mem. at 27-29).  The Board was therefore justified in dismissing BMH-Golden Triangle and BMH-St. Joseph from 04-0554G, and in refusing to permit BMH-St. Joseph to transfer the eligible days issue from 04-0554G to its individual case, or to add the issue to its individual case directly.

Plaintiffs reiterate their claim that the group appeals were not identical.  (Pls' Opp'n at 10).  However, they do not dispute that the group appeal requests giving rise to both eligible days group appeals described the issue in the same terms, nor that Plaintiffs themselves continue to use the same descriptions for both appeals throughout their papers before this Court. (Def's Mem. at 28).

### III.    Plaintiffs Have Challenged the Board's Authority to Control Its Docket.

Plaintiffs insist that the Board's authority to control its docket is not at issue in this case. (Pls' Opp'n at 15).  They even claim that, by forming new group appeals instead of seeking reinstatement of their defaulted claims pursuant to the Board's Instructions, they pursued "the least invasive approach with respect to the PRRB's authority."  (Id. at 16).  Plaintiffs appear not to grasp that the very purpose of dismissing defaulted claims would be defeated if Providers could simply raise them in new group appeals or add them to other pending cases.  Providers will have little incentive to meet Board deadlines if they know that the only consequence of default will be the need to re-file.  "If litigants know that they may be able to keep their claims alive despite missing a deadline, the procrastinators and the perfectionists may well decide to accept a chance of procedural default in return for another few days to improve their substantive

---

[3]Plaintiffs do not argue that the SSI % issue presented in 02-1736G, which was also dismissed for missing a Board deadline, is different from that in 04-0553G and they do not challenge the Board's May 5, 2006 dismissal of the providers from 04-0553G.  (Pls' Opp'n at 8).

argument." <u>High Country Home Health</u> 359 F.3d at 1311.  It is not disputed that the Board's

preliminary position paper requirement is reasonable.  This Court should not "invalidate that

requirement indirectly by excusing its violation."  <u>Id.</u> at 1313 (upholding PRRB dismissal for

failure to file final position paper).

Plaintiffs reiterate their argument that issues from defaulted group appeals may properly

be added to an individual appeal because 42 C.F.R. § 405.1841(a)[4] does not explicitly exclude

them.  (Pls' Opp'n at 17).  By Plaintiffs' logic, even providers who have lost a group appeal on

the merits could simply add the issue to their pending individual cases, since section 405.1841(a)

is silent on this topic as well.  Of course, this result is absurd and contrary to the legal doctrine of

*res judicata*.  The far more sensible interpretation of the regulation and the Board's Instructions

is that only otherwise unresolved issues may be added, not issues already raised in group appeals

that the Board has dismissed.  (Def's Mem. 23-26).

**IV.    BMH-Desoto Has No Claim Before This Court**.

Plaintiffs have challenged three PRRB decisions.  <u>See</u> (Pls' Renewed Motion at 2).[5]

<u>None</u> of these decisions resolved a request made to the Board by BMH-Desoto.  As explained in

Defendant's Memorandum, this provider (unlike the other two) did not seek reconsideration of

---

[4]The regulation provides in relevant part that a provider may, after filing its hearing request, but prior to its hearing, "identify in writing additional aspects of the intermediary's determination with which it is dissatisfied." 42 C.F.R. § 405.1841(a)

[5]The decisions challenged are: (1) the June 14, 2006 decision denying BMH-Golden Triangle and BMH-St. Joseph's request for reconsideration of the March 14, 2006 order dismissing the Providers from 04-0554G (eligible days), A.R. 32-34; (2) the September 5, 2006 decision refusing to permit BMH-St. Joseph to <u>transfer</u> the eligible days and SSI % issues from dismissed group appeals 04-0554G and 04-0553G into its individual appeal, A.R. 51-53; and (3) the May 16, 2007 decision refusing to permit BMH-St. Joseph to <u>add</u> these same issues directly into its individual appeal, (Pls' Suppl. Mem., Ex. 2).

the March 14, 2006 decision dismissing the Plaintiffs from eligible days group appeal 04-0554G.

(Def's Mem. at 21).  Because BMH-Desoto was not a party to the challenged decisions, it has no

claim before this Court.  Plaintiffs' statute of limitations argument is a non-sequitur.  See (Pls'

Opp'n at 5-6).

It is unnecessary for this Court to reach the issue of whether BMH-Desoto was ever

properly a part of 02-1735G.  Plaintiffs argue that BMH-Desoto was never a part of this group

and that therefore the Board's rationale for dismissing the Providers from 04-0554G, their default

in 02-1735G, does not apply to BMH-Desoto.  (Pls' Opp'n at 6).  Even if true, this is irrelevant

in light of BMH-DeSoto's failure to seek review of that issue.[6]  Similarly irrelevant is Plaintiffs'

argument that BMH-Desoto *should not* have joined 02-1735G.  See (Pls' Opp'n at 7-8).

**V.    BMH-St. Joseph Lost Track of Its Own Appeals and Sought to Withdraw the Issues it Now Seeks to Add**.

BMH-St. Joseph appeals, inter alia, the Board's decisions refusing to permit it to add the

SSI % and eligible days issues to its individual case, either directly or via transfer from a

dismissed group appeal.  As Defendant's Memorandum explained, this provider insisted, as late

as September 11, 2006 that these issues had been underlined withdrawn from its individual case.  (Def's

Mem. at 30) (discussing BMH-St. Joseph's September 11, 2006 request that the Board withdraw

---

[6]In any event,  BMH-Desoto did join the initial eligible days group appeal 02-1735G.  As explained in Defendant's Memorandum, on April 17, 2002 BMH-Desoto requested that the eligible days issue be transferred from its individual case to "BMHCC 1998 Medicaid-Eligible Days Group Appeal,"A.R. 203-04.  This was the title of the group established by BMH-St. Joseph on April 11, 2002, A.R. 496,  and later assigned case number 02-1735G on May 21, 2002. A.R. 373-74.  See (Def's Mem. at 8).

The fact that the provider representative later neglected to include BMH-Desoto in a schedule of providers, A.R. 459-461, did not constitute  an affirmative withdrawal of BMH-Desoto from the group.

its September 5, 2006 decision on the basis that the eligible days and SSI% issues were already

withdrawn from its individual case by letters dated August 14, 2006).

Plaintiffs object to Defendant's statement that BMH-St. Joseph has "lost track of its own

multiple appeals for fiscal year 1998." (Pls' Opp'n at 3) (quoting Def's Mem. at 29-30).

However, BMH-St. Joseph's representative admitted that when it filed requests to transfer these

issues from their respective group appeals on July 18, 2006, A.R. 36, it was unaware that those

group appeals had been dismissed. A.R. 2-3. ("Had our office known about the Board's 2006

decisions (especially the June 14, 2006 Decision), we would not have requested that the DSH-

SSI and DSH-Medicaid Eligible Days be transferred from the group appeals and added to the

above individual appeal.").[7]   The Board acted reasonably in refusing to permit BMH-St. Joseph

to add or transfer[8] these dismissed issues into its individual case.  Indeed, by the time the Board

issued its September 5, 2006 decision it had already been presented with BMH-St Joseph's

appeal of the eligible days issue for fiscal year end 1998 three times[9] and the SSI % issue twice.[10]

_____

[7]The September 11, 2006 letter concluded that "we will assume that ...the Board will not
entertain a request ...to add (and resolve) any aspect of the DSH-SSI or DSH-Medicaid Eligible
Days issues to this individual appeal." A.R. 3.  Nonetheless, on May 3, 2007 BMH-St. Joseph
requested that these issues be added to its individual case.  (Pls' Suppl. Mem., Ex. 1).

[8]Plaintiffs complain that the PRRB's May 16, 2007 decision failed to address the fact that
BMH-St. Joseph's prior request had been to *transfer* issues from the second set of group appeals,
04-0553G and 04-0554G, to its individual appeal whereas it now sought to *add* these same
issues to its individual appeal directly.  (Pls' Opp'n at 19).  This distinction is legally irrelevant.
As the Board had made perfectly clear, both the eligible days and SSI% issues were finally
decided as to all three providers for fiscal year 1998 when 02-1735G and 02-1736G were
dismissed.  That is why the Board instructed BMH-St. Joseph on September 5, 2006 to "stop
wasting [its] time with its multiple requests to add **or** transfer these issues to any appeal for this
fiscal year end".  A.R. 53 (emphasis added).

[9]See A.R. 378 (June 30, 2003 PRRB dismissal of group appeal 02-1735G for failure to
file preliminary position paper); A.R. 13-16 (March 14, 2006 PRRB decision dismissing the
Providers from group appeal 04-0554G (eligible days)); A.R. 32-4 (June 14, 2006 PRRB

**VI**.    **The Rhode Island Hospital Case is Irrelevant**.

Plaintiffs reiterate their argument that, because the Secretary agreed to remand <u>Rhode Island Hospital v. Leavitt</u>, No. 06-260 ML (D. R.I) they are somehow entitled to the same relief and that the Secretary has acted arbitrarily and capriciously in refusing to settle their case on the same terms. (Pls' Opp'n at 12-15). As Defendant has explained, the provider in <u>Rhode Island Hospital</u> argued that it had made its request to add or transfer an issue from a group appeal to its individual case *before the group appeal was dismissed* for failure to file a position paper, distinguishing it from the instant case. (Def's Opp'n at 31) (citing <u>Rhode Island Hospital v. Leavitt</u>, 2007 WL 294026 Jan. 25, 2007)(Pls' Supp. Mem. Ex 5 at 1).[11]

Plaintiffs claim that they are in the same position as the providers in <u>Rhode Island</u> because BMH-Golden Triangle and BMH-St. Joseph discussed (unspecified) "DSH Adjustment issues" in their *individual* appeals before their *group appeal* was dismissed. This is not comparable to <u>Rhode Island Hospital</u>.

In any event, Plaintiffs' argument is based on the mistaken premise that, if the Secretary settles a case with another provider on certain terms, then other providers are entitled to the same relief, either by settlement or via mandamus. Plaintiffs cites no authority for this principle.

---

decision denying BMH-St. Joseph and BMH-Golden Triangle's request for reconsideration of the March 14, 2006 decision).

[10]<u>See</u> (Pls' Stmt, Ex. 3) (June 30, 2003 PRRB dismissal of group appeal 02-1736G for failure to file preliminary position paper); A.R. 17-20 (May 5, 2006 decision dismissing the Providers from group appeal 04-0553G).

[11]Plaintiffs complain that the Secretary "submitted no evidence supporting this purported distinction" and that the "Hospitals and the Court have no choice but to take the Secretary at his word." (Pls' Opp'n at 13). However, the Secretary quoted the same <u>Rhode Island</u> memorandum and order relied upon by Plaintiffs in their Supplemental Brief.

"[T]he mere fact that the Secretary has settled other cases does not make it arbitrary and capricious for him not to settle this one." High Country Home Health, 359 F.3d at *1315. Far from "extremely instructive", (Pls' Opp'n at 14), Rhode Island Hospital is irrelevant to the resolution of this case.[12]

## VII.  The Standard of Review under the Administrative Procedure Act is Highly Deferential.

Defendant will not repeat his discussion of the familiar deferential standard of review appropriate in this case pursuant to the Administrative Procedure Act. (Def's Mem. at 18-19). Plaintiffs are asking this Court to second-guess how an administrative tribunal manages its docket. But "[a]n agency is allowed to be master of its own house, lest effective agency decision making not occur in any proceeding," and the procedural rules promulgated by the agency, "cognizant of the many demands on it, its limited resources, and the most effective structuring and timing of proceedings to resolve those competing demands," generally fall well within the "sphere of discretion" preserved to the agency by a proper regard for the "division between the administrative and judicial provinces." Natural Res. Def. Council v. SEC, 606 F.2d 1031, 1055-56 (D.C. Cir. 1979); accord Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 524 (1978).

Plaintiffs are also mistaken in claiming that "[t]he instant case does not present the Court with a statutory interpretation issue, and thus *Chevron [USA v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 (1984)] does not apply." (Pls' Opp'n at 11). See (Def's Mem. at 23 (relying on the Board's authority under the Medicare statute to make rules and

---

[12]Because Defendant does not advance the purported "rule" that hospitals do not need to comply with PRRB requirements, (Pls' Opp'n at 15), he will not address it in this Reply.

establish procedures)).

Further, Plaintiffs distinguish other cases relied upon by Defendant on the basis of differences in specific legal issues presented.  See e.g. (Pl's Opp'n. at 11) (distinguishing Shalala v. Illinois Council on Long Term Care, 529 U.S. 1, 21 (2000) on the basis that it "addresses exhaustion of administrative remedies, which is not at issue in the instant case.")  However, Defendant relied upon these cases for generally applicable principles regarding the standard of review that do not turn on the specific merits issues presented in those cases.  See e.g. (Def's Mem. at 18) (relying on Illinois Council on Long Term Care for the proposition that the Secretary's interpretation of the Medicare statute must be upheld "so long as it represents a 'permissible construction." ) (internal quotation omitted).

## CONCLUSION

For the forgoing reasons, and all the reasons set forth in Defendant's Memorandum, the Secretary respectfully requests that this Court grant Defendant's motion, deny Plaintiffs' motion and enter judgment for the Secretary, affirming on the merits the Board's June 14, 2006 order refusing to reconsider its dismissal of BMH-St. Joseph and BMH-Golden Triangle from 04-0554G, the Board's September 5, 2006 decision refusing to permit BMH-St. Joseph to transfer the issues in the group appeals from which it had been dismissed into its individual case, and the Board's May 16, 2007 decision refusing to allow BMH-St. Joseph to add these issues (or the section 1115 Waiver days issue) directly to its individual appeal.

Respectfully submitted,

    s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

- 11 -

    s/Peter S. Smith

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372


BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872/FAX: (202) 260-0490


OF COUNSEL

DANIEL MERON
General Counsel

MARK D. POLSTON
Acting Associate General Counsel

MARCUS CHRIST
Acting Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services

- 12 -