# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL-<br>GOLDEN TRIANGLE, BAPTIST<br>MEMORIAL HOSPITAL-ST. JOSEPH<br>HOSPITAL, AND BAPTIST<br>MEMORIAL HOSPITAL-DESOTO<br>HOSPITAL,<br>          Plaintiffs,<br><br>          v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of Health and Human Services,<br><br>          Defendant. | Case No. 1:06-CV-01413(CKK) |

## DEFENDANT'S SUPPLEMENTAL FILING IN RESPONSE TO THIS COURT'S
## JANUARY 29, 2008 ORDER

### INTRODUCTION

This dispute concerns four group appeals filed with the Provider Reimbursement Review Board ("PRRB" or "the Board"). In 2002, Plaintiffs participated in two group appeals (02-1735G and 02-1736G) that were later dismissed for failure to meet Board deadlines. In 2004, the Plaintiffs participated in two new group appeals (04-0553G and 04-0554G). The Board dismissed Plaintiffs from these 2004 group appeals on the basis that Plaintiffs had raised the same issues in the earlier, dismissed group appeals.[1] In this case, Plaintiffs argue, inter alia, that: (1) Board rules do not explicitly forbid the filing of group appeals that raise the same issues as

---

[1] The 2004 group appeals were not dismissed in their entirety as Plaintiffs were not the only participants in those appeals. A.R. 15, 20.

were already presented in dismissed group appeals, Pls.' Mem.[2] at 25-29; and (2) group appeal 04-0554G presented different issues than group appeal 02-1735G, id. at 31.[3]

On January 29, 2008, this Court ordered supplemental briefing concerning which issues were raised in each of the four appeals.

## DISCUSSION

### Group Appeals 02-1736G and 04-0553G

Plaintiffs concede that group appeals 02-1736G and 04-0553G presented the same issue. Pls.' Suppl. Br. in Resp. to Order of the Ct. at 2 n.2.  On April 11, 2002, BMH-St. Joseph requested that the Board form a group appeal concerning the so-called "SSI Percentage" issue. Pls.' Stmt of Material Facts, Ex. 14 at 1.  This request led to the formation of group appeal 02-1736G.  In its request, BMH-St. Joseph described the issue common to the group as follows:

> [T]he provider disagrees with the calculation of the disproportionate patient percentage set forth at 42 CFR 412.106(b)(2)(i) . . . [and] contends that the intermediary did not furnish the matching data from which the SSI proxy had been derived, and that this validation information has been withheld on the basis of a statement in the commentary to the 1995 final rule for Inpatient Prospective Payment System (PPS) . . . .  The statement indicates that the SSI eligibility data used for this DSH calculation is not available to verify provider's disproportionate patient percentage because it is protected by the Privacy Act.  The intermediary cannot support its reliance on a statement that occurs in the preamble of a published rule but is not supported by the regulatory text or by the authorizing statute.

---

[2]Mem. of Points & Auth. in Supp. of Pls.' Mot. for S.J.

[3]Properly formed group appeals present a single issue for a single fiscal year.  See Def.'s Mem. of Points & Auth. in Supp. of Def.'s Mot. for S.J. ("Def.'s Mem.") at 6.  Because group appeal 02-1735G was procedurally defaulted, the Board did not have occasion to address whether it may have improperly presented more than one issue.  Thus, throughout this brief, Defendant will refer to the alleged issue in group appeal 02-1735G as "issue(s)."

<u>Id.</u>  A 2004 BMH-St. Joseph and BMH-Golden Triangle request for a new group appeal described the common issue in virtually identical terms.  <u>See</u> Pls.' Stmt of Material Facts, Ex. 4 at 1.  This request led to the formation of group appeal 04-0553G.

### Group Appeals 02-1735G and 04-0554G

On April 11, 2002, BMH-St. Joseph requested that the Board establish a group appeal titled "BMHCC 1998 Medicaid-Eligible Days Group Appeal."  A.R. 496.  According to the request, the common issue(s) presented in the group appeal were premised on the assertion that the intermediary "did not determine the [DSH reimbursement] in accordance with . . . 42 USC 1395ww(d)(5)(C)(i)."  A.R. 496.  "Specifically," BMH-St. Joseph "disagree[d] with the calculation of the second computation of the disproportionate patient percentage, set forth at 42 CFR 412.106(b)(4)," because the intermediary purportedly "failed to include as Medicaid eligible days services to patients eligible for Medicaid as well as patients eligible for general assistance."  <u>Id.</u>[4]  In a letter to the group representative dated May 21, 2002, the Board acknowledged the group appeal and assigned it case number 02-1735G.  A.R. 373-74.  Thus, 02-1735G presented the issue(s) of Medicaid eligible days and general assistance days.  On July 30,

---

[4]On April 17, 2002, BMH-Desoto requested that the same issue(s) be transferred from its individual case, 02-0304, to "BMHCC 1998 Medicaid-Eligible Days Group Appeal."  A.R. 203-04.

On March 5, 2003, BMH-Golden Triangle requested that the Board transfer the "DSH Medicaid Eligible Days issue" from its individual case, 02-0958, to group appeal 02-1735G.  A.R. 408-09.  The transfer request referred the Board to BMH-Golden Triangle's original request for an individual hearing for a description of the issue(s) to be transferred.  A.R. 404-07.  This original request also presented the issue(s) in the same terms as had BMH-St. Joseph, namely that the intermediary had purportedly "failed to include as Medicaid-eligible days services to patients eligible for Medicaid, as well as patients for general assistance."  A.R. 405

2003, the Board dismissed group appeal 02-1735G because the group representative had neither filed a preliminary position paper with the fiscal intermediary nor submitted related information to the Board. A.R. 378.

In 2004, BMH-St. Joseph and BMH-Golden Triangle still had individual appeals pending before the Board. On January 23, 2004, BMH-St. Joseph and BMH-Golden Triangle requested that the Board add issue(s) to their respective individual appeals and that the issue(s) then be transferred to a new group appeal. A.R. 379-80. The request presented the same issue(s), in the same terms, as the then-dismissed group appeal 02-1735G, namely that the Plaintiffs "disagree[d] with the calculation of the second computation of the [DSH] patient percentage, set forth at 42 CFR 412.106(b)(4)," and that the intermediary had "failed to include as Medicaid-Eligible days services to patients for Medicaid, as well as patients eligible for general assistance." A.R. 379. On February 23, 2004, the Board acknowledged the group appeal and assigned it a case number of 04-0554G. A.R. 381-82. By letter dated January 12, 2005, Plaintiffs reiterated the common issue(s) raised in 04-0554G in the same terms. A.R. 467-68. Thus, 04-0554G presented the very issue(s) as had been raised in 02-1735G, namely Medicaid Eligible days[5] and general assistance days.[6]

Plaintiffs concede that their formulations of the issue(s) in group appeals 02-1735G and 04-0554G were "similar," but nonetheless claim that they raised additional issues in 04-0554G. Pls.' Suppl. Br. in Resp. to Order of the Ct. at 3. Before this Court, Plaintiffs initially identified

---

[5] See generally Monmouth Med. Ctr. v. Thompson, 257 F.3d 807, 809-810 (D.C. Cir. 2001) (describing history of the eligible days issue).

[6] See Def.'s Mem. at 8 n.2 (describing "general assistance" days).

three issues that they claim were appealed in 04-0554G that were not present in 02-1735G: charity care days, Section 1115 Waiver Days, and "Medi-Medi" days. Pls.' Mem. at 32. They now describe the purportedly additional issues differently. See Pls.' Suppl. Br. in Resp. to Order of the Ct. at 3.

In support of their argument that 04-0554G raised additional issues not present in 02-1735G, Plaintiffs rely on: (1) Plaintiffs' final position paper in 04-0554G (A.R. 150-63); (2) the intermediary's position paper in 04-0554G (A.R. 206-17); and (3) BMH-St. Joseph's and BMH-Golden Triangle's April 17, 2006 request to the Board for reconsideration of its March 14, 2006 jurisdictional decision (A.R. 28-30). See Pls.' Suppl. Br. in Resp. to Order of the Ct. at 3-4. As explained below, none of these sources demonstrates that group appeal 04-0554G raised new issues.

Plaintiffs' reliance on their own position paper in 04-0554G is misplaced for at least two reasons. First, the fact that Plaintiffs briefed issues in group appeal 04-0554G in no way demonstrates that those issues were properly presented in 04-0554G. The Board's rules do not contemplate that providers will add issues to group appeals by raising them in position papers. Rather, providers are instructed to file group appeal requests that set forth the single issue raised in the proposed group appeal. See Def.'s Mem. at 6.[7] Group appeals present a single issue for a single fiscal year and providers are instructed to request separate group hearings for each separate issue. See id. Here, Plaintiffs first raised all of their alleged additional issues after the Board had already formed 04-0554G for resolution of the issue(s) identified in Plaintiffs'

---

[7]It is irrelevant that there are "many categories of days that potentially may be included in the DSH Adjustment." Pl's. Suppl. Br. in Resp. to Order of the Ct. at 4. At issue here is which of those categories were properly raised in the four disputed group appeals.

requests. Second, Plaintiffs failed to file a position paper in 02-1735G—indeed, 02-1735G was dismissed precisely because Plaintiffs failed to file a preliminary position paper. Thus, it is impossible to compare the position papers in 04-0554G and 02-1735G. Moreover, had Plaintiffs filed a position paper in 02-1735G, then the same issues would almost certainly have been briefed in 02-1735G and 04-0554G because the group appeal requests for both appeals set forth the same issue(s).

Plaintiffs' reliance on the intermediary's position paper in 04-0554G is similarly misguided. The intermediary certainly acknowledged that Plaintiffs raised numerous issues in their preliminary position paper. See, e.g., A.R. 215 (stating that Plaintiffs disputed "Medi-Medi" days in their position paper). But that is irrelevant to the question of whether Plaintiffs properly raised those issues as part of group appeal 04-554G. In fact, the intermediary challenged the Board's jurisdiction over Plaintiffs in group appeal 04-0554G on the basis of their participation in the 02-1735G group appeal. A.R. 193.[8]

Plaintiffs' reliance on their own April 17, 2006 reconsideration letter is simply bootstrapping. In this letter BMH-St. Joseph and BMH-Golden Triangle argued to the Board that it was "evident from the . . . position paper[s]" that the DSH adjustments appealed in 02-1735G and 04-0554G were "significantly different." A.R. 28. The letter itself neither serves as independent support for Plaintiffs' position nor cites to any such independent support.

## CONCLUSION

Plaintiffs seek to reverse three Board decisions, each of which should be upheld. First,

---

[8] Parties are required to meet all Board deadlines, including the filing of position papers, regardless of outstanding jurisdictional challenges. PRRB Instructions (Mar. 1, 2002), Part I.C.XIV. (Def.'s Mem., Ex. 1, Part I at 16).

they seek to reverse the Board's June 14, 2006 decision declining to reconsider its March 14, 2006 decision denying jurisdicition over BMH-St. Joseph and BMH-Golden Triangle in group appeal 04-0554G. Def.'s Mem. at 17 (citing Pls.' Mot. for S.J. at 1). The Board properly dismissed these two Plaintiffs from group appeal 04-0554G because they participated in group appeal 02-1735G, which presented the very same issue(s).

Second, they seek to reverse the Board's September 5, 2006 decision refusing to permit BMH-St. Joseph to transfer the issue(s) dismissed in 04-0554G and 04-0553G back into its individual appeal. Id. at 17-18. The Board properly refused to transfer any issue from 04-0553G and 04-0554G because, with respect to BMH-St. Joseph, any issue presented in these appeals had been disposed of with the dismissal of 02-1735G and 02-1736G.

Finally, Plaintiffs seek to reverse the Board's May 16, 2007 refusal to permit BMH-St. Joseph to add these same issue(s) to its individual case. Id. at 18. The Board properly refused to allow BMH-St. Joseph to add the Medicaid eligible days and SSI issues to its individual case because they were raised in 02-1735G (and 04-0554G) and 02-1736G (and 04-0553G).[9]

                                    Respectfully submitted,

                                    _____/s/_____
                                    JEFFREY A. TAYLOR
                                    United States Attorney
                                    D.C. Bar No. 498610

---

[9] In its May 16, 2007 letter, the Board also denied BMH-St. Joseph's May 3, 2007 request to add the "section 1115 waiver days" issue to its individual appeal on a separate basis. See Def.'s Mem. at 14 n.6. Neither 04-0553G and 04-0554G presented this issue.

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
N.Y. Reg. No. 4202982
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372

/s/
BRIDGETTE L. KAISER
(D.C. Bar No. 492406)
U.S. Department of Health and Human Services
Office of the General Counsel/CMS Division
330 Independence Avenue, SW
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-5872 FAX: (202) 260-0490

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
Counsel for Litigation

United States Department of
Health and Human Services